**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LEONEL VALDÉS, Individually and On Behalf of All Others Similarly Situated, <br><br>            Plaintiff, <br><br>     v. <br><br> KANDI TECHNOLOGIES GROUP, INC., HU XIAOMING, JEHN MING LIM, and ZHU XIAOYING, <br><br>            Defendants. | Case No: 2:20-cv-06042-LDH-AYS <br><br> <u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN SUPPORT OF THE KANDI**
**INVESTOR GROUP'S MOTION FOR APPOINTMENT AS**
<u>**LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**</u>

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................. 1

FACTUAL BACKGROUND ................................................................................................. 2

ARGUMENT ......................................................................................................................... 3

I.      THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF .......................... 3

        A.      The PSLRA's Provisions Concerning the Appointment of Lead Plaintiff ............. 3

        B.      Movant Satisfies the Lead Plaintiff Provisions of the PSLRA .............................. 5

                1.      Movant Filed a Timely Motion.................................................................. 5

                2.      Movant Has the Largest Financial Interest in the Relief Sought ................ 5

                3.      Movant Meets Rule 23's Typicality and Adequacy Requirements ........... 7

                        a.      Movant's Claims Are Typical of the Claims of the Class ............. 8

                        b.      Movant Is an Adequate Representative ......................................... 9

II.     MOVANT'S CHOICE OF COUNSEL SHOULD BE APPROVED.............................. 10

CONCLUSION ................................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Aude v. Kobe Steel, Ltd.*,
  No. 17-CV-10085 (VSB), 2018 U.S. Dist. LEXIS 57591 (S.D.N.Y. Apr. 4, 2018) .................. 7

*Batter v. Hecla Mining Co.*,
  No. 19-cv-4883 (ALC), 2020 U.S. Dist. LEXIS 51665 (S.D.N.Y. Mar. 25, 2020).................... 5

*Brady v. Top Ships Inc.*,
  324 F. Supp. 3d 335 (E.D.N.Y. 2018)..................................................................................... 5

*Chahal v. Credit Suisse Grp. AG*,
  No. 18-CV-02268 (AT) (SN), 2018 U.S. Dist. LEXIS 104185 (S.D.N.Y. June 21, 2018) .... 5, 6

*In re Comverse Tech., Inc. Sec. Litig.*,
  No. 06-CV-1825 (NGG) (RER), 2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007) ....... 6

*Dookeran v. Xunlei Ltd.*,
  No. 18-cv-467 (RJS), 2018 U.S. Dist. LEXIS 62575 (S.D.N.Y. Apr. 12, 2018).............. 8, 9, 10

*In re eSpeed, Inc. Sec. Litig.*,
  232 F.R.D. 95 (S.D.N.Y. 2005)......................................................................................... 1, 6

*Faig v. BioScrip, Inc.*,
  No. 13 Civ. 06922 (AJN), 2013 U.S. Dist. LEXIS 178754 (S.D.N.Y. Dec. 19, 2013) .............. 8

*Foley v. Transocean Ltd.*,
  272 F.R.D. 126 (S.D.N.Y. 2011). ...................................................................................... 3, 6

*Ford v. VOXX Int'l Corp.*,
  No. CV 14-4183 (JS) (AYS), 2015 U.S. Dist. LEXIS 92705 (E.D.N.Y. Apr. 13, 2015)........... 7

*In re GE Sec. Litig.*,
  No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133 (S.D.N.Y. July 29, 2009).................... 9

*In re Gentiva Sec. Litig.*,
  281 F.R.D. 108 (E.D.N.Y. 2012) ........................................................................................... 7

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
  311 F.R.D. 373 (S.D.N.Y. 2015) ......................................................................................... 10

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp. 2d 286 (E.D.N.Y. 1998).......................................................................................... 6

*Omdahl v. Farfetch Ltd.*,
  No. 19-cv-8657 (AJN), 2020 U.S. Dist. LEXIS 103935(S.D.N.Y. June 10, 2020).................... 4

*In re Orion Secs. Litig.*,
   No. 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368 (S.D.N.Y. July 7, 2008)...................... 8

*Plumbers, Pipefitters & MES Local Union No. 392 Pension Fund v.
   Fairfax Fin. Holdings Ltd.*,
   No. 11-cv-5097 (JFK), 2011 U.S. Dist. LEXIS 117545 (S.D.N.Y. Oct. 12, 2011)................... 8

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
   No. 10-CV-00864 (SLT) (RER), 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011) ..... 8

*Weiss v. Friedman, Billings, Ramsey Grp., Inc.*,
   No. 05-cv-04617 (RJH), 2006 U.S. Dist. LEXIS 3028 (S.D.N.Y. Jan. 24, 2006)...................... 6

**Statutes**

15 U.S.C. § 78u-4 ......................................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 23 ......................................................................................................... *passim*

Movants Joseph Yenovkian, Kenneth Gardner, Christopher Brown, and Barry Challis (collectively, the "Kandi Investor Group" or "Movant") hereby respectfully submit this Memorandum of Law in Support of Movant's Motion for Appointment as Lead Plaintiff and Approval of Selection of Bragar Eagel & Squire, P.C. ("BES") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

## PRELIMINARY STATEMENT

Presently pending before the Court is a securities class action lawsuit (the "Action") brought on behalf of a "Class" consisting of all persons and entities other than Defendants (defined below) that purchased or otherwise acquired Kandi Technologies Group, Inc. ("Kandi" or the "Company") securities between March 15, 2019 and November 27, 2020, both dates inclusive (the "Class Period"). The Action alleges violations of Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), as well as U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, against Kandi and certain of its senior officers ("Defendants").

The PSLRA, as amended, 15 U.S.C. § 78u-4(a)(3)(B), provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005) ("At the lead plaintiff stage of the litigation, the party moving for lead plaintiff of the consolidated action need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23.") (internal quotations omitted). Movant has lost $49,530.73 as

1

a result of the alleged fraud during the Class Period.[1]  Movant believes that it has the largest financial interest in the outcome of the Action.  Moreover, Movant satisfies the requirements of Rule 23 in that its claims are typical of the claims of the Class, and in that it will fairly and adequately represent the interests of the Class.

Accordingly, the Court should grant Movant's Motion in its entirety.

## FACTUAL BACKGROUND

Kandi, through its subsidiaries, designs, develops, manufactures, and commercializes electric vehicle ("EV") products and parts and off-road vehicles in China and internationally.  ¶¶ 2, 19.[2]  The Company was founded in 2002 and is headquartered in Jinhua, the People's Republic of China.  *Id*.

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational, and compliance policies.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose that:  (i) Kandi artificially inflated its reported revenues through undisclosed related party transactions, or otherwise had relationships with key customers that indicated those customers did not have an arm's length relationship with Kandi; (ii) the majority of Kandi's sales in the past year had been to undisclosed related parties and/or parties with such a close relationship and history with Kandi that it cast doubt on the arm's length nature of their relationship; (iii) all the foregoing, once revealed, was foreseeably likely to cast doubt on the validity of Kandi's reported revenues and, in turn, have a

---

[1]  Signed certifications identifying Joseph Yenovkian, Kenneth Gardner, Christopher Brown, and Barry Challis's transactions in Kandi, as well as a chart calculating their losses, and a joint declaration executed by them evidencing their intention to pursue the Action in a cohesive and collaborative manner, are attached to the Declaration of Melissa A. Fortunato, dated February 9, 2021 ("Fortunato Decl."), as Exhibits 1, 2, and 3, respectively.

[2]  Citations to "¶ __" are to paragraphs of the Class Action Complaint filed on December 11, 2020 in the Action (the "Complaint").  ECF No. 1.  The facts set forth in the Complaint are incorporated herein by reference.

foreseeable negative impact on the Company's reputation and valuation; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times.  ¶¶ 3, 33.

On November 30, 2020, Hindenburg Research ("Hindenburg") published a report titled "Kandi: How This China-Based NASDAQ-Listed Company Used Fake Sales, EV Hype to Nab $160 Million From U.S. Investors."  ¶¶ 4, 34.  Citing "extensive on-the-ground inspection at Kandi's factories and customer locations in China, interviews with over a dozen former employees and business partners, and review of numerous litigation documents and international public records," the Hindenburg report asserted that almost 64% of Kandi's sales over the year have been to undisclosed related parties.  *Id.*  The report also alleged that "[Kandi] has consistently booked revenue it cannot collect, a classic hallmark of fake revenue[.]"  *Id.*

Following publication of the Hindenburg report, Kandi's stock price fell $3.86 per share, or 28.34%, to close at $9.76 per share on November 30, 2020.  ¶¶ 5, 38.

## ARGUMENT

## I.   THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF

### A.   The PSLRA's Provisions Concerning the Appointment of Lead Plaintiff

The PSLRA mandates that the Court decide the lead plaintiff issue "as soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii).  The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §§ 78u-4(a) and (a)(3)(B).

First, the PSLRA provides that (1) the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after the filing of the first complaint, and (2) any class member may move for appointment as Lead Plaintiff within 60 days after the date on which the notice is published.  15 U.S.C. § 78u-4(a)(3)(A); *see Foley v. Transocean Ltd.*, 272 F.R.D. 126, 127 (S.D.N.Y. 2011).

Under 15 U.S.C. § 78u-4(a)(3)(B)(i), the Court will, no later than 90 days after the date on which a notice is published, consider any motion filed by any purported class member in response to the notice and appoint as lead plaintiff the movant that the court determines to be "most capable of adequately representing the interests of class members." *Id*.   The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa)   has either filed the complaint or made a motion in response to a notice;
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Omdahl v. Farfetch Ltd.*, No. 19-cv-8657 (AJN), 2020 U.S. Dist. LEXIS 103935, at *6 (S.D.N.Y. June 10, 2020).   This presumption may be rebutted only upon proof by another class member that the presumptive most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."   15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa), (bb).

As set forth below, Movant has complied with the procedural prerequisites of the PSLRA and has, what is to the best of its knowledge, the largest financial interest in the litigation of any other Class member(s) seeking appointment as lead plaintiff.   Movant is also unaware of any unique defenses that Defendants could raise against it.   Therefore, the Kandi Investor Group is entitled to the presumption that it is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Action.

4

**B.**    **Movant Satisfies the Lead Plaintiff Provisions of the PSLRA**

As described in further detail below, the Kandi Investor Group should be appointed lead plaintiff because it satisfies all of the requirements of the PSLRA.  Movant filed a timely motion to be appointed lead plaintiff, holds the largest financial interest in the relief sought by the Class, and satisfies the typicality and adequacy requirements of Rule 23.

**1.**    **Movant Filed a Timely Motion**

Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in the Action published a notice on December 11, 2020, within 20 days of the filing of the first-filed complaint, through *PRNewswire*, a widely circulated national business-oriented wire service.  *See* Fortunato Decl., Ex. 4; *Batter v. Hecla Mining Co.*, No. 19-cv-4883(ALC), 2020 U.S. Dist. LEXIS 51665, at *7-8 (S.D.N.Y. Mar. 25, 2020) (finding that a notice published on *PRNewswire* satisfied Rule 23).  The notice informed members of the proposed Class of the 60-day deadline to seek appointment as lead plaintiff, which is February 9, 2021.  *See* Fortunato Decl., Ex. 4; 15 U.S.C. § 78u-4(a)(3)(A) and (B).  Pursuant to the PSLRA and within the requisite time frame after publication of the required notice, the Kandi Investor Group timely moves this Court to be appointed lead plaintiff on behalf of all members of the Class.

**2.**    **Movant Has the Largest Financial Interest in the Relief Sought**

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class.  *See* Fortunato Decl., Ex. 2. The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff.  *See Brady v. Top Ships Inc.*, 324 F. Supp. 3d 335, 344-45, 349-50 (E.D.N.Y. 2018); *Chahal v. Credit Suisse Grp. AG*, No. 18-

5

CV-02268 (AT)(SN), 2018 U.S. Dist. LEXIS 104185, at *5-6 (S.D.N.Y. June 21, 2018); ("In deciding which proposed lead plaintiff has 'the largest financial interest in the relief sought by the class,' courts in this district tend to consider four criteria, known as the Lax factors . . . Courts generally find the fourth factor, [net loss suffered], to be the most compelling.") (emphasis in original, citations omitted); *In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 U.S. Dist. LEXIS 14878, at *8 (E.D.N.Y. Mar. 2, 2007); *Weiss v. Friedman, Billings, Ramsey Grp., Inc.*, No. 05-cv-04617 (RJH), 2006 U.S. Dist. LEXIS 3028, at *13-14 (S.D.N.Y. Jan. 24, 2006) ("We believe that the best yardstick by which to judge 'largest financial interest' is the amount of loss, period."); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998).

Under the PSLRA, damages are calculated based on (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90-day period beginning on the date the information correcting the misstatement was disseminated, or (ii) the difference between the purchase price paid for the shares and the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold their shares, if they sold their shares before the end of the 90-day period. 15 U.S.C. § 78u-4(e).

Within the Class Period, Movant purchased Kandi securities in reliance upon the materially false and misleading statements issued by Defendants and was injured thereby. The Kandi Investor Group has suffered substantial losses of $49,530.73 under a last-in-first-out ("LIFO") analysis as a result of Defendants' alleged fraudulent statements. *See eSpeed*, 232 F.R.D. at 101 (noting that courts prefer losses to be calculated under LIFO); *Transocean Ltd.*, 272 F.R.D. at 129; *see also* Fortunato Decl., Ex. 2 (Loss Chart). Movant, thus, has a significant financial interest in the outcome of the Action. To the best of Movant's knowledge, there are no other applicants who

6

have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### 3. Movant Meets Rule 23's Typicality and Adequacy Requirements

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."   15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23(a) provides that a class may be certified only if the following four requirements are satisfied:   (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative party are typical of the claims or defenses of the class; and (4) the representative party will fairly and adequately protect the interests of the class.

Of these four prerequisites, only two—typicality and adequacy—directly address the personal characteristics of the lead plaintiff movant.  Consequently, in deciding a lead plaintiff motion, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until a class certification motion is filed.  *See Ford v. VOXX Int'l Corp.*, No. CV 14-4183 (JS)(AYS), 2015 U.S. Dist. LEXIS 92705, at *6 (E.D.N.Y. Apr. 13, 2015) (citing *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 112 (E.D.N.Y. 2012)); *Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB), 2018 U.S. Dist. LEXIS 57591, at *8 (S.D.N.Y. Apr. 4, 2018) ("The parties moving for lead plaintiff are only required to make a prima facie showing that they meet Rule 23, and courts need only consider the typicality and adequacy requirements.").

As detailed below, the Kandi Investor Group satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as lead plaintiff.

7

### a.   Movant's Claims Are Typical of the Claims of the Class

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class.  A plaintiff satisfies the typicality requirement if the plaintiff has:  (1) suffered the same injuries as the absent class members; (2) the injuries are as a result of the same course of conduct by defendants; and (3) the plaintiff's claims are based on the same legal issues that prove the defendant's liability.  *See Faig v. BioScrip, Inc.*, No. 13 Civ. 06922 (AJN), 2013 U.S. Dist. LEXIS 178754, at *9 (S.D.N.Y. Dec. 19, 2013).  "The lead plaintiff's claims, however, 'need not be identical' to the claims of the class to satisfy this requirement."  *Id.*; *see also In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368, at *12 (S.D.N.Y. July 7, 2008) ("Indeed, [t]he possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact.") (internal quotations omitted).

In this case, the typicality requirement is met because Movant's claims are identical to, and neither compete nor conflict with, the claims of the other Class members.  *See Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-CV-00864 (SLT) (RER), 2011 U.S. Dist. LEXIS 88552, at *12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"); *Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 U.S. Dist. LEXIS 62575, at *7 (S.D.N.Y. Apr. 12, 2018) (finding typicality requirement "easily met" when proposed lead plaintiff "asserted that it purchased [the company's] securities during the class period and was injured by false and misleading representations made by defendants") (quoting *Plumbers, Pipefitters & MES Local Union No. 392 Pension Fund v. Fairfax Fin. Holdings Ltd.*, No. 11-cv-5097(JFK), 2011 U.S. Dist. LEXIS 117545, at *5 (S.D.N.Y. Oct. 12, 2011)).  The members of the Kandi Investor Group, like the other members of the Class, acquired Kandi securities during the Class Period at prices

8

artificially inflated by Defendants' materially false and misleading statements, and its members were damaged thereby.  Thus, Movant's claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and its losses were a result of Defendants' common course of wrongful conduct.  Accordingly, the Kandi Investor Group satisfies the typicality requirement of Rule 23(a)(3).  *See Xunlei Ltd.*, 2018 U.S. Dist. LEXIS 62575, at *7.

Movant therefore satisfies the required *prima facie* showing of the typicality requirements of Rule 23 for purposes of this Motion.

### b.      Movant Is an Adequate Representative

The Kandi Investor Group is also an adequate representative for the Class.  Under Rule 23(a)(4), representative parties must "fairly and adequately protect the interests of the class."  Adequate representation will be found if:  "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy."  *Xunlei*, 2018 U.S. Dist. LEXIS 62575, at *6 (citation omitted); *see also In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133, at *15 (S.D.N.Y. July 29, 2009) (Movant "satisfies the adequacy requirement because its interests are aligned with those of the putative class, and [they] ha[ve] retained competent and experienced counsel.").  The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative class and whether there is evidence of any antagonism between the interests of a movant and other members of the class.  15 U.S.C. § 78u-4(a)(3)(B).

The Kandi Investor Group meets the requirements under Rule 23(a)(4) to fairly and adequately protect the interests of the putative Class.  Not only is there no evidence of conflict

9

between the interests of Movant and those of the other members of the putative Class, but Movant has a significant and compelling interest in prosecuting the Action based on the large financial loss it has incurred as a result of the wrongful conduct alleged therein. *See Xunlei*, 2018 U.S. Dist. LEXIS 62575, at \*7 (Movants' "substantial losses provide a sufficient incentive to vigorously litigate this case"). Indeed, the members of the Kandi Investor Group have already taken steps which demonstrate that they both recognize and will protect the interests of the Class, including: (1) executing certifications detailing their Class Period transactions and expressing their willingness to serve as Class representative; (2) moving this Court to be appointed lead plaintiff; (3) committing to providing fair and adequate representation, overseeing counsel, and obtaining the largest possible recovery against all culpable parties consistent with good faith and vigorous advocacy, among other things (*see* Fortunato Decl., Ex. 3); and (4) retaining competent and experienced counsel, who, as shown below, are experienced in class action litigation such as this involving allegations of securities fraud. Therefore, Movant will prosecute the Action vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, the Kandi Investor Group has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and therefore satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). In addition, because Movant sustained the largest amount of losses from Defendants' alleged wrongdoing, Movant is the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) and should be appointed as such to lead the Action.

## II. MOVANT'S CHOICE OF COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v); *Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA

'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'"").  The Court should interfere with the lead plaintiff's selection only when necessary to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  Here, Movant has selected and retained BES as proposed Lead Counsel for the Class.

As set forth in its accompanying firm résumé (Fortunato Decl., Ex. 5), BES is highly accomplished in, and is currently acting as lead counsel in, a number of federal securities actions and has achieved many multi-million-dollar recoveries for investors.  The members of BES have extensive experience in successfully prosecuting complex securities class actions such as this and are well-qualified to represent the Class.  Thus, this Court may be assured that if the instant Motion is granted, the members of the Class will receive the highest caliber of legal representation.

## CONCLUSION

For all the foregoing reasons, Movant respectfully requests that the Court:  (1) appoint Movant as Lead Plaintiff on behalf the Class; (2) approve Movant's selection of BES as Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

DATED: February 9, 2021                     Respectfully submitted,

**BRAGAR EAGEL & SQUIRE, P.C.**

By: */s/ Melissa A. Fortunato*
Melissa A. Fortunato
Marion C. Passmore
810 Seventh Avenue, Suite 620
New York, NY 10019
Telephone:  (212) 308-5858
Facsimile:  (212) 214-0506
Email: fortunato@bespc.com
Email: passmore@bespc.com

*Counsel for Movant and Proposed*

11

*Lead Counsel for the Class*

*Lead Counsel for the Class*

## <u>CERTIFICATE OF SERVICE</u>

I, Melissa A. Fortunato, hereby certify that this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on this 9th day of February, 2021.

*/s/ Melissa A. Fortunato*
Melissa A. Fortunato

13