UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEONEL VALDES, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>KANDI TECHNOLOGIES GROUP, INC., HU XIAOMING, JEHN MING LIM, and ZHU XIAOYING,<br><br>Defendants. | Case No. 2:20-cv-06042-LDH-AYS<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MIHAI ADRIAN CALUSERU FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br>Date of Service: February 9, 2021<br><br>CLASS ACTION |

010974-11/1430999 V1

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ........................................................................................................1

II.   FACTUAL BACKGROUND.....................................................................................3

III.  ARGUMENT..............................................................................................................4

      A.    Movant Should Be Appointed Lead Plaintiff ...............................................4

            1.    Movant's Motion is Timely ...............................................................5

            2.    Movant has the Largest Financial Interest in the Relief
                  Sought by the Class.............................................................................5

            3.    Movant Otherwise Satisfies the Requirements of Rule 23 ..........................6

      B.    The Court Should Approve Movant's Selection of Counsel ..................................7

IV.   CONCLUSION..........................................................................................................8

010974-11/1430999 V1

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*,
258 F.R.D. 260 (S.D.N.Y.2009) ........................................................................6

*In re eSpeed, Inc. Sec. Litig.*,
232 F.R.D. 95 (S.D.N.Y. 2005) .........................................................................5

*Francisco v. Abengoa, S.A.*,
2016 WL 3004664 (S.D.N.Y. May 24, 2016) ...................................................6

*Fries v. N. Oil & Gas, Inc.*,
2017 WL 1880819 (S.D.N.Y. May 8, 2017) .....................................................7

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
311 F.R.D. 373 (S.D.N.Y. 2015) ......................................................................7

*Moshell v. Sasol Ltd.*,
2020 WL 2115410 (S.D.N.Y. May 4, 2020) ..................................................3, 8

*In re Petrobras Sec. Litig.*,
104 F. Supp. 3d 618 (S.D.N.Y. 2015).................................................................7

*In re SLM Corp. Sec. Litig.*,
2009 WL 969934 (S.D.N.Y. Apr. 1, 2009)........................................................6

*Xu v. Gridsum Holding, LLC*,
2018 WL 4462363 (S.D.N.Y. Sept. 17, 2018)...................................................5

### STATUTES

15 U.S.C. § 78u-4(a)(3)(A).................................................................................5

15 U.S.C. § 78u-4(a)(3)(B).................................................................................1

15 U.S.C. § 78u-4(a)(3)(B)(i) ..........................................................................1, 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).....................................................................2, 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc)................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) .............................................................7

15 U.S.C. § 78u-4(a)(3)(B)(v) ...........................................................................7

- ii -

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23 ...............................................................................................................2, 5, 6

010974-11/1430999 V1

Movant Mihai Adrian Caluseru ("Mr. Caluseru" or "Movant") respectfully submits this Memorandum of Law in support of his Motion for: (1) appointment as Lead Plaintiff pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (2) approval of his selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Lead Counsel for the class; and (3) granting such other and further relief as the Court may deem just and proper.

## I.      INTRODUCTION

The above-captioned federal securities class action alleges that Defendants made materially false and misleading statements or omissions between March 15, 2019 and November 27, 2020 (the "Class Period") concerning the Company's business, operations and prospects. Specifically, the complaint alleges that, unbeknownst to investors, Defendants artificially inflated its reported revenues through undisclosed related party transactions, or otherwise had relationships with key customers that indicated those customers did not have an arms-length relationship with Kandi. These facts, when disclosed, caused the price of Kandi's shares to decline sharply, giving rise to claims against Defendants under the Securities Exchange Act of 1934, which are governed by the PSLRA.

The PSLRA directs the Court to appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the class in this litigation and whether that movant has made a *prima facie* showing that it is a typical

- 1 -

010974-11/1430999 V1

and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Mr. Caluseru respectfully submits that he is the "most adequate plaintiff" under the PSLRA's provisions and should be appointed Lead Plaintiff. First, Mr. Caluseru's motion is timely and he believes that he has the largest financial interest in this action by virtue of his substantial investments in Kandi Technologies Group, Inc. ("Kandi" or the "Company") throughout the Class Period. As described in the certification and loss chart attached to the Declaration of Lucas E. Gilmore in Support of Motion to Appoint Mr. Caluseru as Lead Plaintiff and to Approve Selection of Lead Counsel at Exs. A and B ("Gilmore Decl."), Mr. Caluseru expended $205,660 purchasing 14,000 Kandi securities on NASDAQ during the Class Period at artificially inflated prices and suffered losses of $87,494.64.

In addition to asserting the largest financial interest in this litigation, Mr. Caluseru also meets the applicable requirements of Rule 23 because his claims are typical of absent class members and because he will fairly and adequately represent the interests of the Class. Mr. Caluseru fully understands the Lead Plaintiff's obligations to the Class under the PSLRA, and is willing and able to undertake the responsibilities of the Lead Plaintiff to ensure the vigorous prosecution of this action. *See* Movant's Certification, Gilmore Decl., Ex. A.

Mr. Caluseru has also demonstrated his adequacy through his selection of Hagens Berman as proposed Lead Counsel for the Class. Hagens Berman is a nationally recognized class action firm that has successfully litigated numerous securities class actions leading to substantial recoveries benefitting harmed investors. Hagens Berman is qualified to prosecute this case and has extensive experience in similar securities fraud class actions, including in this District. *See*

- 2 -

Hagens Berman's Firm Résumé, Gilmore Decl., Ex. E; *Moshell v. Sasol Ltd.*, No. 1:20-cv-01008-JSR, 2020 WL 2115410, at *3 (S.D.N.Y. May 4, 2020).

Accordingly, based on Movant's significant financial interest and his commitment and ability to oversee this action, Mr. Caluseru respectfully requests the Court appoint him as Lead Plaintiff and otherwise grant his motion.

## II.     FACTUAL BACKGROUND

Founded in 2002 and headquartered in Jinhua, the People's Republic of China ("China"), Kandi, through its subsidiaries, designs, develops, manufactures, and commercializes electric vehicle ("EV") products and parts and off-road vehicles in China and internationally. The Company's common stock trades in an efficient market on the NASDAQ under the ticker symbol "KNDI."

The Complaint alleges that, throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational, and compliance policies. Specifically, Defendants misrepresented and concealed that: (i) Kandi artificially inflated its reported revenues through undisclosed related party transactions, or otherwise had relationships with key customers that indicated those customers did not have an arms-length relationship with Kandi; (ii) the majority of Kandi's sales in the past year had been to undisclosed related parties and/or parties with such a close relationship and history with Kandi that it cast doubt on the arms-length nature of their relationship; (iii) all the foregoing, once revealed, was foreseeably likely to cast doubt on the validity of Kandi's reported revenues and, in turn, have a foreseeable negative impact on the Company's reputation and valuation; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times.

- 3 -

According to the complaint, the truth about Kandi emerged on November 30, 2020, when *Hindenburg Research* published a scathing lengthy forensic report based on on-the-ground inspections at Kandi's factories and customer locations in China, interviews with over a dozen former employees, and review of numerous litigation documents and internal public records. *Hindenburg* reported Kandi engaged in a "brazen scheme" to "falsify revenue using fake sales to undisclosed affiliates." *Hindenburg* further reported (1) it unmasked Kandi's top customers and found that almost 64% of Kandi's last twelve months sales have been to undisclosed related parties, and (2) the Company's largest customer, representing about 55% of Kandi's last twelve months sales, shares a phone number with a Kandi subsidiary and a Kandi executive. *Hindenburg* further concluded Kandi's financials corroborate its concerns, noting that "[t]he company has consistently booked revenue it cannot collect, a classic hallmark of fake revenue."

On this news, Kandi's stock price fell $3.86 per share, or 28.34%, to close at $9.76 per share on November 30, 2020. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Movant and other Class members have suffered significant losses and damages.

### III.    ARGUMENT

**A.    Movant Should Be Appointed Lead Plaintiff**

Movant should be appointed Lead Plaintiff because he is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA sets forth the procedure for selecting the Lead Plaintiff in class actions arising under the federal securities laws and provides a presumption in favor of the movant with the "largest financial interest" in the relief sought by the Class and that satisfies the relevant requirements of

- 4 -

Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). As set forth below, Movant believes he is the "most adequate plaintiff" and should be appointed as Lead Plaintiff.

### 1.      Movant's Motion is Timely

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A). On December 11, 2020, the above-captioned action was filed in this District. The same day, a notice of pendency of the above-captioned action was published on *PR Newswire*, alerting investors that the deadline to seek Lead Plaintiff status is February 9, 2021. *See* Notice of Pendency, Gilmore Decl., Ex. D. Accordingly, Movant satisfies the PSLRA's 60-day requirement through the filing of this motion.

### 2.      Movant has the Largest Financial Interest in the Relief Sought by the Class

"In determining which plaintiff has the greatest financial interest in the outcome of a securities litigation, courts have looked to four factors: '(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered' . . . ." *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 100 (S.D.N.Y. 2005); *Xu v. Gridsum Holding, LLC*, No. 1:18-cv-03655-ER, 2018 WL 4462363, at *3 (S.D.N.Y. Sept. 17, 2018).

During the Class Period, Mr. Caluseru expended $205,660.00 purchasing 14,000 Kandi shares on NASDAQ during the Class Period at artificially inflated prices and suffered losses of $87,494.64. *See* Movant's Certification and Loss Chart, Gilmore Decl., Exs. A, B. To the best of Movant counsel's knowledge, there is no other plaintiff with a larger financial interest than Movant. Therefore, Movant satisfies the PSLRA's prerequisite of having the largest financial interest in the relief sought by the Class.

- 5 -

### 3.      Movant Otherwise Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, Movant otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). "When deciding competing motions to be appointed lead plaintiff under the PSLRA, however, a court need not conduct a full analysis of whether the requirements of Rule 23 have been met." *Francisco v. Abengoa, S.A.*, No. 1:15-cv-06279-ER, 2016 WL 3004664, at *6 (S.D.N.Y. May 24, 2016) (*quoting Faig v. BioScrip, Inc.*, No. 1:13-cv-06922-AJN, 2013 WL 6705045, at *3 (S.D.N.Y. Dec. 19, 2013)). "Rather, '[a]t this stage of the litigation, a moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.'" *Id.* (internal citations omitted).

"The typicality requirement is satisfied where a plaintiff has suffered the same injuries as other class members as a result of the same conduct by defendants and has claims based on the same legal issues. In considering the adequacy of a proposed lead plaintiff, a court must consider whether: (1) the lead plaintiff's claims conflict with those of the class; and (2) class counsel is qualified, experienced, and generally able to conduct the litigation." *In re SLM Corp. Sec. Litig.*, No. 1:08-cv-01029-WHP, 2009 WL 969934, at *3 (S.D.N.Y. Apr. 1, 2009). At the lead plaintiff stage of the litigation, in contrast to the class certification stage, a lead plaintiff movant need only "make a preliminary showing that it satisfies the typicality and adequacy requirements of [Rule 23]." *Id.*

Here, Movant satisfies the typicality requirement because Movant's claims arise from the same course of events and he makes similar legal arguments to prove Defendants' liability as the other putative class members. *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 269 (S.D.N.Y.2009). "Like the other members of the class, [Mr. Caluseru] seeks recovery for losses incurred as a result of defendants' alleged misrepresentations and omissions

- 6 -

with respect to the [problems at the Project], whose revelation resulted in declines in the price of [Kandi] securities." *In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 624 (S.D.N.Y. 2015).

Likewise, Mr. Caluseru satisfies the adequacy requirement. Mr. Caluseru has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action. *See* Gilmore Decl., Ex. E. There is no evidence of antagonism or conflict between Mr. Caluseru's interests and the interests of the Class. Additionally, Mr. Caluseru has submitted a declaration and a signed Certification demonstrating the significant losses he has incurred and his sufficient interest in the outcome of this litigation, which will ensure vigorous prosecution of the litigation. *See* Gilmore Decl., Exs. A, C.

**B.    The Court Should Approve Movant's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). "The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" *Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) (*quoting Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008)); *see also Fries v. N. Oil & Gas, Inc.*, No. 1:16-cv-06543-ER, 2017 WL 1880819, at *4 (S.D.N.Y. May 8, 2017) (*citing Sallustro v. Cannavest Corp.*, 93 F. Supp. 3d 265, 278 (S.D.N.Y. 2015)). Courts rely on counsel's past experience when determining whether the lead plaintiff's selection is appropriate. *In re Petrobras Sec. Litig.*, 104 F. Supp. 3d at 625 (relying on a declaration detailing counsel's extensive experience with complex class action litigations).

- 7 -

Movant has selected Hagens Berman to serve as Lead Counsel for the proposed Class. Hagens Berman has previously been appointed as lead counsel and has a demonstrated ability to work in an efficient fashion in the class's best interests. *See* Gilmore Decl., Ex. E. Hagens Berman is one of the country's leading securities litigation firms, advising clients in both individual and class action cases. *See* Ex. E at page 31. Hagens Berman is currently serving as Lead Counsel or Co-lead Counsel in several high-profile securities class actions, including in the Second Circuit. *See* Ex. E at page 32. *See also Moshell v. Sasol Ltd.*, No. 20-CV-1008-JSR, 2020 WL 2115410, at *3 (S.D.N.Y. May 4, 2020) ("Here, Hagens Berman's resume demonstrates that it possesses experience litigating securities class actions and has had success in these matters in the past. This demonstrates that the firm is experienced and competent such that approval is warranted.") (internal citation omitted). Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court: (1) appoint Movant as Lead Plaintiff pursuant to the PSLRA; (2) approve Movant's selection of Hagens Berman to serve as Lead Counsel for the putative/proposed Class; and (3) grant such other and further relief as the Court may deem just and proper.

DATED: February 9, 2021                    Respectfully submitted,

                                           HAGENS BERMAN SOBOL SHAPIRO LLP


                                           By   */s/ Nathaniel A. Tarnor*
                                                NATHANIEL A. TARNOR

                                           322 8th Avenue, Suite 802
                                           New York, NY  10001
                                           Telephone: (212) 752-5455
                                           Facsimile:  (917) 210-3980
                                           nathant@hbsslaw.com

- 8 -

010974-11/1430999 V1

Reed R. Kathrein
Lucas E. Gilmore
Danielle Smith
Wesley A. Wong
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com
danielles@hbsslaw.com
wesleyw@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Counsel for [Proposed] Lead Plaintiff*
*Mihai Adrian Caluseru*

- 9 -

010974-11/1430999 V1

## CERTIFICATE OF SERVICE

I hereby certify that I am the ECF User whose ID and password are being used to electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses registered, as denoted on the Electronic Mail Notice List, and I hereby certify that I have caused to be mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

*/s/ Nathaniel A. Tarnor*
NATHANIEL A. TARNOR

010974-11/1430999 V1