**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

LEONEL VALDÉS, Individually and on
behalf of all others similarly situated,

        Plaintiff,

            v.

KANDI TECHNOLOGIES GROUP, INC.,
HU XIAOMING, JEHN MING LIM, and
ZHU XIAOYING,

        Defendants.

Case No.: 2:20-cv-06042-LDH

Hon. LaShann DeArcy Hall

---

**[PROPOSED] ORDER GRANTING MOTION OF MANFRED SCHUMACHER,
MOHAMMAD FAKIR, AND KASSER AKIL FOR APPOINTMENT AS LEAD
<u>PLAINTIFFS AND APPROVAL OF SELECTION OF COUNSEL</u>**

Having considered the papers filed in support of the Motion of class member movants Manfred Schumacher, Mohammad Fakir, and Kasser Akil ("Movants") for Appointment as Lead Plaintiffs and Approval of Selection of Counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), and for good cause shown, the Court hereby enters the following Order:

**<u>APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL</u>**

1.      Movants have moved this Court to be appointed as Lead Plaintiffs in the Action and to approve the counsel they have retained to be Co-Lead Counsel.

2.      Having considered the provisions of the PSLRA, codified at §21D of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(3)(B), the Court hereby determines that Movants are the most adequate lead plaintiffs and satisfy the requirements of the PSLRA.  The Court hereby appoints Movants as Lead Plaintiffs to represent the interests of the Class.

3.      Pursuant to Sections 15 U.S.C. § 78u-4(a)(3)(B)(v), Movants have selected and retained the law firms Bernstein Liebhard LLP ("Bernstein Liebhard") and Levi & Korsinsky, LLP ("Levi & Korsinsky") to serve as Co-Lead Counsel.  The Court approves Movants' selection of Co-Lead Counsel for the Action.

4.      Co-Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Co-Lead Counsel shall designate:

   a.   to coordinate the briefing and argument of any and all motions;

   b.   to coordinate the conduct of any and all discovery proceedings;

   c.   to coordinate the examination of any and all witnesses in depositions;

   d.   to coordinate the selection of counsel to act as spokesperson(s) at all pretrial conferences;

e.  to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

f.  to coordinate all settlement negotiations with counsel for Defendants;

g.  to coordinate and direct pretrial discovery proceedings, preparation for trial, and trial of this matter and delegate work responsibilities to selected counsel as may be required;

h.  to coordinate the preparation and filings of all pleadings; and

i.  to supervise all other matters concerning the prosecution or resolution of the claims asserted in the Action.

5.      No motion, discovery request, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Co-Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs.  No settlement negotiations shall be conducted without the approval of Co-Lead Counsel.

6.      Service upon any plaintiff of all pleadings, motions, or other papers in the Action, except those specifically addressed to a plaintiff other than Lead Plaintiff, shall be completed upon service of Co-Lead Counsel.

7.      Co-Lead Counsel shall be the contact between plaintiffs and plaintiff's counsel and Defendants' counsel, as well as the spokespersons for all plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel. Lead Counsel shall be the contact between the Court and plaintiffs and their counsel.

## **NEWLY FILED OR TRANSFERRED ACTIONS**

8.      When a case that arises out of the subject matter of this Action is hereinafter filed in this Court or transferred to this Court from another court, the clerk of this Court shall:

a.  File a copy of this Order in the separate file for such action;

b.  Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed or transferred case; and

c.  Make the appropriate entry in the docket for this Action.

9.  Each new case arising out of the subject matter of this Action that is filed in this Court or transferred to this Court shall be consolidated with the Action and this Order shall apply thereto, unless a party objecting to this Order or any provision of this Order shall, within ten days after the date upon which a copy of this Order is served on counsel for such party, file an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

10.  During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody, or control, including computer-generated and stored information and materials such as computerized data and electronic mail, containing information that is relevant to or may lead to the discovery of information relevant to the subject matter of the pending litigation.

**IT IS SO ORDERED.**

Dated: _____, 2021    _____
                                       THE HONORABLE LASHANN DEARCY HALL
                                       UNITED STATES DISTRICT JUDGE

4