**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LEONEL VALDÉS, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> KANDI TECHNOLOGIES GROUP, INC., HU XIAOMING, JEHN MING LIM, and ZHU XIAOYING, <br><br> Defendants. | Case No.: 2:20-cv-06042-LDH <br><br> Hon. LaShann DeArcy Hall |

**MEMORANDUM OF LAW IN SUPPORT OF MANFRED SCHUMACHER, MOHAMMAD FAKIR, AND KASSER AKIL'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

**Page**

I.     FACTUAL BACKGROUND ................................................................................................ 2

II.    PROCEDURAL HISTORY ............................................................................................... 3

III.   ARGUMENT ..................................................................................................................... 3

    A.   Appointing Movants as Lead Plaintiffs Is Appropriate ................................................. 3

        1.   Movants Filed a Timely Motion. .................................................................... 5

        2.   Movants Have the Largest Financial Interest in the Relief Sought. ............................ 5

        3.   Movants Satisfy the Relevant Requirements of Rule 23. ........................................... 6

            a.   Movants' Claims Are Typical. ............................................................. 7

            b.   Movants Are Adequate Representatives. ................................................ 7

    B.   Approving Lead Plaintiffs' Choice of Counsel Is Appropriate. ..................................... 8

IV.    CONCLUSION ................................................................................................................. 9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brady v. Top Ships Inc.,*
   324 F. Supp. 3d 335 (E.D.N.Y. 2018) ................................................................. 5, 6

*In re Cendant Corp.*,
   264 F.3d 201 (3d Cir. 2001).................................................................................. 8

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,*
   269 F.R.D. 291 (S.D.N.Y. 2010) .......................................................................... 8

*Daniels Family 2001 v. Las Vegas Sands Corp.,*
    2021 U.S. Dist. LEXIS 974 (D. Nev. Jan. 5, 2021).............................................. 9

*Deinnocentis v. Dropbox, Inc.,*
   2020 U.S.  Dist. LEXIS 8680 (N.D. Cal. Jan. 16, 2020) ...................................... 9

*Ferreira v. Funko, Inc.*,
   220CV02319VAPPJWX, 2020 WL 3246328 (C.D. Cal. June 11, 2020) ............. 9

*Ford v. VOXX Int'l Corp.,*
   No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705 (E.D.N.Y. Apr. 13, 2015)........... 6, 7

*In re Gentiva Sec. Litig.,*
   281 F.R.D. 108 (E.D.N.Y. 2012) .......................................................................... 7

*In re Hebron Tech. Co. Sec. Litig.,*
   C.A. No. 1:20-cv-4450-PAE, 2020 US Dist LEXIS 169480 (S.D.N.Y. Sep. 16, 2020) .......... 5

*Kuriakose v. Fed. Home Loan Mortg. Co.,*
   No. 1:08-cv-7281-JFK, 2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008) ................. 7

*Nickerson v. American Electric Power Company, Inc., et al.,*
   Case No. 2:20-cv-04243-SDM-EPD (S.D. Ohio Nov. 24, 2020)............................ 9

*Stirling v. Ollie's Bargain Outlet Holdings, Inc.*,
   19-CV-8647 (JPO), 2019 WL 6619493 (S.D.N.Y. Dec. 5, 2019)........................... 9

*Vitiello v. Bed Bath & Beyond, Inc.,*
   2:20-CV-04240, 2020 WL 4783438 (D.N.J. Aug. 14, 2020) ................................. 9

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
   No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011)................... 7

*White Pine Invs. v. CVR Ref.,*
   2021 U.S. Dist. LEXIS 1199  (S.D.N.Y. Jan. 5, 2021)........................................... 9

**Statutes**

15 U.S.C. § 78u-4 ...................................................................................................... passim

**Rules**

FED. R. CIV. P. 23 ..................................................................................................... 1, 4, 6, 7

Manfred Schumacher, Mohammad Fakir, and Kasser Akil ("Movants") respectfully submit this memorandum of law in support of their motion ("Motion") to appoint them as lead plaintiffs and approve their selection of Bernstein Liebhard LLP ("Bernstein Liebhard") and Levi & Korsinsky, LLP ("Levi & Korsinsky") as Co-Lead Counsel in the above captioned action (the "Action") pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of all persons who purchased or otherwise acquired Kandi Technologies Group, Inc. ("Kandi" or the "Company") securities from March 15, 2019 through November 27, 2020, inclusive (the "Class" who purchased during the "Class Period"), concerning claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against Defendants Kandi, Hu Xiaoming ("Xiaoming"), Jehn Ming Lim ("Lim"), and Zhu Xiaoying ("Xiaoying") (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movants believe that they are the "most adequate" plaintiffs, as defined by the PSLRA, and should be appointed lead plaintiffs based on the substantial financial losses they suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movants satisfy the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as their claims are typical of other Class members' claims and they will fairly and adequately represent the interests of the Class. In addition, Movants' selection of Bernstein Liebhard and Levi & Korsinsky as Co-Lead

Counsel should be approved because the firms have substantial experience in securities class action litigation and the experience and resources to efficiently prosecute this Action.

## I.   FACTUAL BACKGROUND[1]

Kandi, founded in 2002, is headquartered in Jinhua, the People's Republic of China ("China"). ¶ 2. Through its subsidiaries, the Company designs, develops, manufactures, and commercializes electric vehicle ("EV") products and parts and off-road vehicles in China and internationally. *Id.* The Company's stock trades on the NASDAQ under the ticker symbol "KNDI". ¶ 12.

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational, and compliance policies. ¶ 3. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Kandi artificially inflated its reported revenues through undisclosed related party transactions, or otherwise had relationships with key customers that indicated those customers did not have an arm's length relationship with Kandi; (ii) the majority of Kandi's sales in the past year had been to undisclosed related parties and/or parties with such a close relationship and history with Kandi that it cast doubt on the arms-length nature of their relationship; (iii) all the foregoing, once revealed, was foreseeably likely to cast doubt on the validity of Kandi's reported revenues and, in turn, have a foreseeable negative impact on the Company's reputation and valuation; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times. *Id.*

---

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "Complaint") filed in the Action entitled *Valdés v. Kandi Technologies Group, Inc., et al.,* Case No. 1:20-cv-06042-LDH (Dec. 11, 2020 E.D.NY.). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the Complaint. The facts set forth in the Complaint are incorporated herein by reference.

On November 30, 2020, Hindenburg Research ("Hindenburg") published a report entitled "Kandi: How This China-Based NASDAQ-Listed Company Used Fake Sales, EV Hype to Nab $160 Million From U.S. Investors". ¶ 4. The Hindenburg report asserted that almost 64% of Kandi's sales over the year have been to undisclosed related parties, citing "extensive on-the-ground inspection at Kandi's factories and customer locations in China, interviews with over a dozen former employees and business partners, and review of numerous litigation documents and international public records." *Id.* The report also alleged that "[Kandi] has consistently booked revenue it cannot collect, a classic hallmark of fake revenue[.]" *Id.*

In response to this news, Kandi's stock price plummeted $3.86 per share, or 28.34%, to close at $9.76 per share on November 30, 2020. ¶ 5.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages. ¶ 6.

## II.    PROCEDURAL HISTORY

Pending before this Court is the above-captioned  Action against the Defendants. Plaintiff Leonel Valdés ("Valdés") commenced the first-filed action on December 11, 2020. On that same day, counsel acting on Valdés' behalf published a notice on *PRNewswire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Shannon L. Hopkins in Support of Movants' Motion ("Hopkins Decl.").

## III.    ARGUMENT

### A.    Appointing Movants as Lead Plaintiffs Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as

3

lead plaintiff filed by class members in response to a published notice of class action by the later

of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the

Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B) The PSLRA

provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most

capable of adequately representing the interests of the Class — is the class member or group of

class members that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .

> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)

The presumption "may be rebutted only upon proof by a purported member of the

plaintiff class that the presumptively most adequate plaintiff—

> (aa) will not fairly and adequately protect the interest of the class; or

> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movants satisfy the forgoing criteria and have complied with all of

the PSLRA's requirements to be appointed lead plaintiffs. Movants have, to the best of their

knowledge, the largest financial interest in this litigation—having collectively lost $769,313.98

as a result of their transactions and meet the relevant requirements of Federal Rule of Civil

Procedure 23. *See* Loss Chart, Ex. B to Hopkins Decl. In addition, Movants are not aware of any

unique defenses that Defendants could raise against them that would render them inadequate to

represent the Class. Accordingly, Movants respectfully submit that they should be appointed as lead plaintiffs. *See Brady v. Top Ships Inc.,* 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

### 1.    Movants Filed a Timely Motion.

On December 11, 2020, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for *Valdés* published the Press Release on *PRNewswire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of Kandi securities that they had 60 days from the publication of the December 11, 2020 notice to file a motion to be appointed as lead plaintiff. *See* Press Release, Ex. C to Hopkins Decl.; *In re Hebron Tech. Co. Sec. Litig.,* C.A. No. 1:20-cv-4450-PAE, 2020 US Dist LEXIS 169480, at *6 (S.D.N.Y. Sep. 16, 2020) (finding that a notice published on *Business Wire* satisfied Rule 23).

Movants timely filed their motion within the 60-day period following publication of the December 11, 2020 Press Release and submitted herewith sworn certifications attaching their transactions in Kandi securities and attesting that they are willing to serve as representatives of the Class. *See* Hopkins Decl., Ex. A. By making a timely motion in response to a PSLRA notice, Movants satisfy the first PSLRA requirement to be appointed as lead plaintiffs. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

### 2.    Movants Have the Largest Financial Interest in the Relief Sought.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movants believe that they have the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, are presumed to be the "most

5

adequate plaintiff."

Movants acquired Kandi securities at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and were injured thereby. As a result of Defendants' false statements, Movants suffered an approximate loss of $769,313.98. *See* Hopkins, Ex. B. Movants are unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movants believe that they have the "largest financial interest in the relief sought by the Class." Thus, Movants satisfy the second PSLRA requirement—the largest financial interest—and should be appointed as lead plaintiffs for the Class. *See Top Ships,* 324 F. Supp. 3d at 350.

### 3.   Movants Satisfy the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.,* No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705, at *6 (E.D.N.Y. Apr. 13, 2015) (citing *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y.

2012)). At the lead plaintiff stage of the litigation, Movants need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id*. at *6.

### a.      Movants' Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg. Co.,* No. 1:08-cv-7281-JFK, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008); Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Movants' claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movants allege that Defendants' material misstatements and omissions concerning Kandi's business, operational, and compliance policies violated the federal securities laws. Movants, like all members of the Class, purchased or otherwise acquired Kandi securities during the Class Period. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at *12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movants' interests and claims are "typical" of the interests and claims of the Class.

### b.      Movants Are Adequate Representatives.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v.*

*Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Movants have demonstrated their adequacy by retaining competent and experienced counsel, Bernstein Liebhard and Levi & Korsinsky, with the resources and expertise to efficiently prosecute the Action, and Movants' financial losses ensure that they have sufficient incentive to ensure the vigorous advocacy of the Action. *See* Hopkins Decl., Ex. B. Movants are not aware that any conflict exists between their claims and those asserted on behalf of the Class.

Moreover, Movants have submitted a Joint Declaration, attesting to, *inter alia*, their education history, occupation, and investment experience, as well as to their understanding of the strength of this case, the responsibilities and duties of serving as a lead plaintiffs, their shared desire to obtain the best result for the Class, and the steps that they will take to supervise this litigation. *See* Hopkins Decl., Ex. D. Therefore, Movants will prosecute the Action vigorously on behalf of the Class.

### B.      Approving Lead Plaintiffs' Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movants have selected Bernstein Liebhard and Levi & Korsinsky to pursue this litigation on their behalf and has retained the firm as the Class' Co-Lead Counsel in the event they are appointed as lead plaintiffs. Bernstein Liebhard and Levi & Korsinsky possess adequate experience in securities litigation and have successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumés attached to the Hopkins Decl. as Ex. E.

Bernstein Liebhard has frequently been appointed as Lead Counsel or Co-Lead Counsel in securities class action lawsuits since the passage of the PSLRA, and has appeared in major actions in numerous courts throughout the country. *See Stirling v. Ollie's Bargain Outlet Holdings, Inc.*, 19-CV-8647 (JPO), 2019 WL 6619493, at *2 (S.D.N.Y. Dec. 5, 2019) (appointing Bernstein Liebhard as co-lead counsel); *Ferreira v. Funko, Inc.*, 220CV02319VAPPJWX, 2020 WL 3246328, at *9 (C.D. Cal. June 11, 2020) (same); *Vitiello v. Bed Bath & Beyond, Inc.*, 2:20-CV-04240, 2020 WL 4783438, at *1 (D.N.J. Aug. 14, 2020) (appointing Bernstein Liebhard lead counsel).

Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. *See e.g., Daniels Family 2001 v. Las Vegas Sands Corp.,* 2021 U.S. Dist. LEXIS 974, at *8 (D. Nev. Jan. 5, 2021) (appointing Levi & Korsinsky as lead counsel noting the firm's "extensive experience in complex securities class actions"); *White Pine Invs. v. CVR Ref.,* 2021 U.S. Dist. LEXIS 1199, at *10 (S.D.N.Y. Jan. 5, 2021) appointing Levi & Korsinsky noting "the firm has 'extensive experience' in this area of law and is sufficiently qualified to conduct this litigation"; *Nickerson v. American Electric Power Company, Inc., et al.,* Case No. 2:20-cv-04243-SDM-EPD, Dkt. No. 16 (S.D. Ohio Nov. 24, 2020); *Deinnocentis v. Dropbox, Inc.,* 2020 U.S. Dist. LEXIS 8680, at *13 (N.D. Cal. Jan. 16, 2020). Thus, the Court may rest assured that by granting Movants' motion, the Class will receive the highest caliber of legal representation possible.

## IV.    CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court grant their Motion and enter an Order: (1) appointing Movants as Lead Plaintiffs, (2) approving their selection of

9

Bernstein Liebhard and Levi & Korsinsky as Co-Lead Counsel for the Class, and (3) granting

such other relief as the Court may deem just and proper.


Dated: February 9, 2021                                     Respectfully Submitted,


                                                   **LEVI & KORSINSKY, LLP**

                                                   */s/ Shannon L. Hopkins*
                                                   Shannon L. Hopkins (SH-1887)
                                                   55 Broadway, 10th Floor
                                                   New York, NY 10006
                                                   Tel: (212) 363-7500
                                                   Fax: (212) 363-7171
                                                   Email: shopkins@zlk.com

                                                   **BERNSTEIN LIEBHARD LLP**
                                                   Laurence J. Hasson
                                                   Matthew E. Guarnero
                                                   10 East 40th Street
                                                   New York, NY 10016
                                                   Tel: (212) 779-1414
                                                   Fax: (212) 779-3218
                                                   Email: lhasson@bernlieb.com
                                                        mguarnero@bernlieb.com

                                                   *Co-Lead Counsel for Movants and*
                                                   *[Proposed] Lead Counsel for the Class*

10