UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEONEL VALDÉS, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> KANDI TECHNOLOGIES GROUP, INC., HU XIAOMING, JEHN MING LIM, and ZHU XIAOYING, <br><br> Defendants. | Case No.  2:20-cv-06042-LDH-AYS |

MEMORANDUM OF LAW
IN SUPPORT OF MOTION OF THE KANDI INVESTOR GROUP
FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF FACTS .......................................................................................................2

ARGUMENT..........................................................................................................................3

    A.    THE KANDI INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF......................................................................................................................3

        1.    The Kandi Investor Group Is Willing to Serve as Class Representative.............................................................................................4

        2.    The Kandi Investor Group Has the "Largest Financial Interest".................4

        3.    The Kandi Investor Group Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure .........................................5

        4.    The Kandi Investor Group Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses ...............9

    B.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ........................................................................................................9

CONCLUSION.......................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barnet v. Elan Corp., PLC*,
  236 F.R.D. 158 (S.D.N.Y. 2005) ........................................................................................8

*Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*,
  141 F.R.D. 229 (S.D.N.Y. 1992) ........................................................................................7

*Chahal v. Credit Suisse Grp. AG*, 18-CV-2268 *et al.*,
  2018 U.S. Dist. LEXIS 104185 (S.D.N.Y. June 21, 2018)..................................................5

*Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS),
  2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018)......................................................................7

*Fischler v. AMSouth Bancorporation*, No. 96-1567-Civ-T-17A,
  1997 WL 118429 (M.D. Fla. Feb. 6, 1997) .........................................................................6

*Foley v. Transocean Ltd.*,
  272 F.R.D. 126 (S.D.N.Y. 2011) ........................................................................................7

*Gluck v. CellStar Corp.*,
  976 F. Supp. 542 (N.D. Tex. 1997) .....................................................................................6

*Greebel v. FTP Software*,
  939 F. Supp. 57 (D. Mass. 1996) ........................................................................................6

*In re Blue Apron Holdings, Inc. Sec. Litig.*,
  2017 WL 6403513 (E.D.N.Y. Dec. 15, 2017) .....................................................................8

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001)............................................................................................5, 8

*In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER),
  2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007)................................................5, 10

*In re Drexel Burnham Lambert Grp., Inc.*,
  960 F.2d 285 (2d Cir. 1992).................................................................................................6

*In re Molson Coors Brewing Co. Sec. Litig.*,
  233 F.R.D. 147 (D. Del. 2005) ..........................................................................................10

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp. 2d 286 (E.D.N.Y. 1998) .................................................................................5, 6

ii

*In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS),
    2008 WL 2811358 (S.D.N.Y. July 7, 2008) ...................................................................6

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) ...................................................................................6

*Janbay v. Canadian Solar, Inc.*,
    272 F.R.D. 113 (S.D.N.Y. 2010) .................................................................................6

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
    311 F.R.D. 373 (S.D.N.Y. 2015) .................................................................................9

*La. Mun. Police Emps.' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*,
    2012 U.S. Dist. LEXIS 89192 (D. Vt. Apr. 27, 2012)...................................................9

*Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715,
    1997 WL 461036 (N.D. Ill. Aug. 6, 1997) ...................................................................5

*Nurlybaev v. ZTO Express (Cayman) Inc.*, 17-CV-06130 (LTS)(SN),
    2017 U.S. Dist. LEXIS 187238 (S.D.N.Y. Nov. 13, 2017) ...........................................5

*Pirelli Armstrong Tire Corp. v. LaBranche & Co., Inc.*,
    229 F.R.D. 395 (S.D.N.Y. 2004) .................................................................................5

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388 (S.D.N.Y. 2008).........................................................................10

*Weltz v. Lee*,
    199 F.R.D. 129 (S.D.N.Y. 2001) .................................................................................8

*West Palm Beach Police Pension Fund v. DFC Global Corp.*,
    2014 U.S. Dist. LEXIS 49595 (E.D. Pa. Apr. 9, 2014) ................................................8

## Statutes

15 U.S.C. § 77z-1....................................................................................................................9

15 U.S.C. § 78u-4 ............................................................................................... *passim*

Private Securities Litigation Reform Act of 1995 ....................................................1, 8

## Rules

Federal Rules of Civil Procedure Rule 23 .............................................................. *passim*

Movants Sanjay Matneja, Hoang Tran, and Leonel Valdés (collectively, the "Kandi Investor Group") respectfully submit this Memorandum of Law in support of their motion pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for an Order: (1) appointing the Kandi Investor Group as Lead Plaintiff on behalf of a class consisting of all persons other than the above-captioned defendants who purchased or otherwise acquired Kandi Technologies Group, Inc. ("Kandi" or the "Company") securities between March 15, 2019 and November 27, 2020, both dates inclusive (the "Class Period"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## PRELIMINARY STATEMENT

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The Kandi Investor Group, with losses of approximately $192,354 in connection with its purchases of Kandi securities during the Class Period, believes that it has the largest financial interest in the relief sought in the above-captioned action ("Action"). *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Ex. A. The Kandi Investor Group further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as its members are adequate representatives with claims typical of the other Class members. Accordingly, the Kandi Investor Group respectfully submits that it should be appointed Lead Plaintiff.

1

**STATEMENT OF FACTS**

As alleged in the Complaint in the Action (Dkt. No. 1 (the "Complaint")), Kandi was founded in 2002 and is headquartered in Jinhua, the People's Republic of China ("China"). The Company, through its subsidiaries, designs, develops, manufactures, and commercializes electric vehicle ("EV") products and parts and off-road vehicles in China and internationally. Complaint ¶ 2.

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational, and compliance policies. *Id.* ¶ 3. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Kandi artificially inflated its reported revenues through undisclosed related party transactions, or otherwise had relationships with key customers that indicated those customers did not have an arms length relationship with Kandi; (ii) the majority of Kandi's sales in the past year had been to undisclosed related parties and/or parties with such a close relationship and history with Kandi that it cast doubt on the arms-length nature of their relationship; (iii) all the foregoing, once revealed, was foreseeably likely to cast doubt on the validity of Kandi's reported revenues and, in turn, have a foreseeable negative impact on the Company's reputation and valuation; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times. *Id.*

On November 30, 2020, Hindenburg Research ("Hindenburg") published a report entitled "Kandi: How This China-Based NASDAQ-Listed Company Used Fake Sales, EV Hype to Nab $160 Million From U.S. Investors". *Id.* ¶ 4. Citing "extensive on-the-ground inspection at Kandi's factories and customer locations in China, interviews with over a dozen former employees and business partners, and review of numerous litigation documents and international public records", the Hindenburg report asserted that almost 64% of Kandi's sales over the year have been to

2

undisclosed related parties. *Id.* The report also alleged that "[Kandi] has consistently booked revenue it cannot collect, a classic hallmark of fake revenue[.]" *Id.*

Following publication of the Hindenburg report, Kandi's stock price fell $3.86 per share, or 28.34%, to close at $9.76 per share on November 30, 2020. *Id.* ¶ 5.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

### A.  THE KANDI INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

The Kandi Investor Group should be appointed Lead Plaintiff because it has the largest financial interest in the Action and otherwise meets the requirements of Rule 23. Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;

3

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, the Kandi Investor Group satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1.     The Kandi Investor Group Is Willing to Serve as Class Representative

On December 11, 2020, Pomerantz, counsel for plaintiff in the Action, caused a notice to be published over *PRNewswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA (the "Notice"), which announced the pendency of this Action and advised investors in Kandi securities that they had until February 9, 2021—*i.e.*, 60 days—to file a motion to be appointed as Lead Plaintiff. *See* Lieberman Decl., Ex. B.

The Kandi Investor Group has filed the instant motion pursuant to the Notice and its members have submitted sworn Certifications attesting that they are willing to serve as representatives for the Class and to provide testimony at deposition and trial, if necessary. *See* Lieberman Decl., Ex. C. Accordingly, the Kandi Investor Group satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2.     The Kandi Investor Group Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of its members' knowledge, the Kandi Investor Group has the largest financial interest of any Kandi investor or investor group seeking to serve as Lead Plaintiff. For claims arising under federal securities laws, courts frequently assess

4

financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997).  In accord with other courts nationwide,[1] these *Lax* factors have been adopted and routinely applied by courts in the Second Circuit.  *See, e.g.*, *Chahal v. Credit Suisse Grp. AG*, 18-CV-2268 *et al.*, 2018 U.S. Dist. LEXIS 104185, at *12 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, 17-CV-06130 (LTS)(SN), 2017 U.S. Dist. LEXIS 187238, at *3 (S.D.N.Y. Nov. 13, 2017); *Pirelli Armstrong Tire Corp. v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004).

During the Class Period, the Kandi Investor Group: (1) purchased 45,604 shares of Kandi stock; (2) expended $634,699 on its purchases of Kandi stock; (3) retained all of its shares of Kandi stock; and (4) as a result of the disclosure of the fraud, suffered a loss of $192,354 in connection with its Class Period purchases of Kandi securities.  *See* Lieberman Decl., Ex. A.  Because the Kandi Investor Group possesses the largest financial interest in the outcome of this litigation, it may be presumed to be the "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3.   The Kandi Investor Group Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule

---

[1] *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007).

23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23 (a).

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997); *Fischler v. AMSouth Bancorporation*, No. 96-1567-Civ-T-17A, 1997 WL 118429, at *2 (M.D. Fla. Feb. 6, 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "[T]he claims of the class representative need not be identical [to] those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v.*

6

*Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (S.D.N.Y. 1992)).

The claims of the Kandi Investor Group are typical of those of the Class. The Kandi Investor Group alleges, as do all class members, that Defendants violated federal securities laws by making what they knew or should have known were false or misleading statements of material facts concerning the Company, or omitted to state material facts necessary to make the statements they did make not misleading. The Kandi Investor Group, as did all members of the Class, purchased Kandi securities during the Class Period at prices artificially inflated by Defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at *2 (S.D.N.Y. Apr. 12, 2018) (same).

The Kandi Investor Group is an adequate representative for the Class. There is no antagonism between the interests of the Kandi Investor Group and those of the Class, and its losses demonstrate that it has a sufficient interest in the outcome of this litigation. Finally, the Kandi Investor Group has retained counsel highly experienced in vigorously and efficiently prosecuting

securities class actions such as this action, and submits its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

Moreover, the Kandi Investor Group constitutes an appropriate group of the type routinely appointed to serve as Lead Plaintiffs.  *See, e.g.*, *In re Blue Apron Holdings, Inc. Sec. Litig.,*, 2017 WL 6403513, at *4 (E.D.N.Y. Dec. 15, 2017); *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) ("recogniz[ing] that appointing a group of people as co-lead plaintiffs is allowable under the PSLRA" and finding that a group of seven shareholders with the greatest loss was "presumptively the most adequate plaintiff"); *Barnet v. Elan Corp., PLC*, 236 F.R.D. 158, 162 (S.D.N.Y. 2005) (holding that "there can be no doubt" that the PSLRA permits appointment of groups and appointing group consisting of six members with the largest financial interest as lead plaintiff); *In re Cendant Corp. Litig.*, 264 F.3d 201, 266 (3d. Cir. 2001) ("The PSLRA explicitly permits a 'group of persons' to serve as lead plaintiff") (citation omitted).

The Kandi Investor Group likewise has demonstrated its adequacy because it is a small and cohesive group of four investors, who have submitted a Joint Declaration attesting to, *inter alia*, their backgrounds, their investing experience, their understanding of the responsibilities of a lead plaintiff pursuant to the PSLRA, their decision to seek appointment jointly as co-lead plaintiffs, and the steps that each of them are prepared to take to cooperatively prosecute this litigation on behalf of the Class.  *See* Lieberman Decl., Ex. D.  Courts routinely appoint investor groups as lead plaintiff under such circumstances.  *See, e.g.*, *Blue Apron*, 2017 WL 6403513, at *4 (appointing group of four unrelated investors that submitted declaration attesting "it is prepared to work cooperatively to serve the best interests of the class," and finding that the group is not "so large as to be unwieldy and impracticable"); *West Palm Beach Police Pension Fund v. DFC Global Corp.*, 2014 U.S. Dist. LEXIS 49595, at *7 (E.D. Pa. Apr. 9, 2014) (appointing group and noting

8

"declaration lay[ing] out the duties and obligations of" the group's members); *La. Mun. Police Emps.' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*, 2012 U.S. Dist. LEXIS 89192, at *11 (D. Vt. Apr. 27, 2012) (finding a joint declaration "sufficient to assure the Court that the [lead] plaintiffs will effectively manage the litigation").

### 4.  The Kandi Investor Group Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing the Kandi Investor Group as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

> (aa)  will not fairly and adequately protect the interests of the class; or
>
> (bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

The ability and desire of the Kandi Investor Group to fairly and adequately represent the Class has been discussed above. The Kandi Investor Group is not aware of any unique defenses Defendants could raise that would render it inadequate to represent the Class. Accordingly, the Kandi Investor Group should be appointed Lead Plaintiff for the Class.

### B.  LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with lead plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'") (quoting

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008));

*In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Here, the Kandi Investor Group has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. *See* Lieberman Decl., Ex. E.  Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer.  Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *Id.*  Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat investors that it has reached a $110 million settlement with the company. *Id.*  As a result of Pomerantz's extensive experience in securities litigation and class actions involving issues similar to those raised in the Action, Pomerantz has the skill and knowledge necessary to enable the effective and expeditious prosecution of the Action.  Thus, the Court may be assured that by approving the selection of Lead Counsel by the Kandi Investor Group, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, the Kandi Investor Group respectfully requests that the Court issue an Order: (1) appointing the Kandi Investor Group as Lead Plaintiff for the Class; and (2) approving Pomerantz as Lead Counsel.

Dated:  February 9, 2021

Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*

Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
jalieberman@pomlaw.com
ahood@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com

*Counsel for Lead Plaintiff Movant Kandi
Investor Group and Proposed Lead Counsel
for the Class*

BRONSTEIN, GEWIRTZ
& GROSSMAN, LLC
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Lead Plaintiff Movant
the Kandi Investor Group*

11