UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————— x
LEONEL VALDÉS, Individually and on
Behalf of All Others Similarly Situated,

                Plaintiff,

     vs.

KANDI TECHNOLOGIES GROUP, INC.,
HU XIAOMING, JEHN MING LIM and ZHU
XIAOYING,

                Defendants.

———————————————————— x

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No. 2:20-cv-06042-LDH-AYS

CLASS ACTION

MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF
LEAD PLAINTIFF'S SELECTION OF
LEAD COUNSEL

**DATE OF SERVICE**: February 9, 2021

4811-3445-4747.v1

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................................1

II.   STATEMENT OF FACTS .................................................................................................1

III.  ARGUMENT......................................................................................................................2

        A.     Mr. Tsoy Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff .............................................................................................................2

                1.     Mr. Tsoy's Motion Is Timely........................................................................3

                2.     Mr. Tsoy Has the Largest Financial Interest in the Relief Sought by the Class ......................................................................................................4

                3.     Mr. Tsoy Is Typical and Adequate of the Putative Class ............................4

        B.     The Court Should Approve Mr. Tsoy's Selection of Counsel...............................5

IV.  CONCLUSION..................................................................................................................7

4811-3445-4747.v1

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*HsingChing Hsu v. Puma Biotechnology, Inc.*,
   No. 8:15-cv-00865-AG (C.D. Cal.) ........................................................................6

*In re Am. Realty Capital Props., Inc. Litig.*,
   No. 1:15-mc-00040-AKH (S.D.N.Y. Jan. 21, 2020) .............................................6

*In re Cardinal Health, Inc. Sec. Litig.*,
   No. 2:04-cv-00575-ALM (S.D. Ohio) ....................................................................6

*In re Enron Corp. Sec. Litig.*,
   No. 4:01-cv-03624 (S.D. Tex.) ...............................................................................6

*In re HealthSouth Corp. Sec. Litig.*,
   No. 2:03-cv-01500-KOB-TMP (N.D. Ala.).............................................................7

*In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*,
   No. 1:01-cv-01451-REB-KLM (D. Colo.) ..............................................................7

*In re UnitedHealth Group Inc. Sec. Litig.*,
   No. 0:06-cv-01691-JMR-FLN (D. Minn.)...............................................................7

*In re Valeant Pharm. Int'l, Inc. Sec. Litig.*,
   No. 3:15-cv-07658-MAS-LHG (D.N.J.)..................................................................6

*Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*,
   No. 1:02-cv-05893 (N.D. Ill.) ................................................................................7

*NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*,
   No. 1:08-cv-10783, ECF No. 243 (S.D.N.Y. May 2, 2016) ....................................6

*Smilovits v. First Solar, Inc.*,
   No. 2:12-cv-00555-DGC (D. Ariz.).........................................................................6

*Teamsters Local Union No. 727 Pension Fund v. Vanda Pharm. Inc.*,
   2019 WL 7287202 (E.D.N.Y. May 24, 2019) .....................................................4, 5

4811-3445-4747.v1

**Page**

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
§78u-4(a)(1) ..................................................................................................2
§78u-4(a)(3)(A)..............................................................................................3
§78u-4(a)(3)(A)(i)..........................................................................................3
§78u-4(a)(3)(B)(i)......................................................................................1, 2
§78u-4(a)(3)(B)(iii)........................................................................................1
§78u-4(a)(3)(B)(iii)(I)....................................................................................3
§78u-4(a)(3)(B)(iii)(I)(cc)..............................................................................4
§78u-4(a)(3)(B)(v) .....................................................................................1, 5

Federal Rules of Civil Procedure
Rule 23 ..................................................................................................3, 4, 5

4811-3445-4747.v1

## I.    INTRODUCTION

This action is brought on behalf of purchasers and acquirers of Kandi Technologies Group, Inc. ("Kandi" or the "Company") securities between March 15, 2019 and November 27, 2020, both dates inclusive (the "Class Period"), against the Company and three senior executive officers for alleged violations of the Securities Exchange Act of 1934 (the "1934 Act").  In securities class actions, the Private Securities Litigation Reform Act of 1995 ("PSLRA") directs district courts to appoint as lead plaintiff the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).

Kin Hang Tsoy should be appointed lead plaintiff because he filed a timely motion, has a substantial financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, Mr. Tsoy's selection of Robbins Geller Rudman & Dowd LLP as lead counsel for the putative class should be approved. 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.    STATEMENT OF FACTS

Founded in 2002 and headquartered in Jinhua, China, Kandi, through its subsidiaries, designs, develops, manufactures, and commercializes electric vehicle (EV) products and parts and off-road vehicles in China and internationally.  Kandi's common stock trades on the NASDAQ under the ticker KNDI.

The complaint alleges that during the Class Period, defendants made false and/or misleading statements and/or failed to disclose that: (i) Kandi artificially inflated its reported revenues through undisclosed related party transactions, or otherwise had relationships with key customers that indicated those customers did not have an arms-length relationship with Kandi; (ii) the majority of

- 1 -

4811-3445-4747.v1

Kandi's sales in the past year had been to undisclosed related parties and/or parties with such a close relationship and history with Kandi that it cast doubt on the arms-length nature of their relationship; (iii) all the foregoing, once revealed, was foreseeably likely to cast doubt on the validity of Kandi's reported revenues and, in turn, have a foreseeable negative impact on the Company's reputation and valuation; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times.

On November 30, 2020, Hindenburg Research published a report titled "Kandi: How This China-Based NASDAQ-Listed Company Used Fake Sales, EV Hype to Nab $160 Million From U.S. Investors." The report cited an "extensive on-the-ground inspection at Kandi's factories and customer locations in China, interviews with over a dozen former employees and business partners, and review of numerous litigation documents and international public records" to assert that almost 64% of Kandi's sales over the year had been to undisclosed related parties. ECF No. 1 at ¶34. The report also alleged that "[Kandi] has consistently booked revenue it cannot collect, a classic hallmark of fake revenue." *Id.* On this news, the price of Kandi stock fell over 28% to close at $9.76 per share.

As a result of defendants' wrongful acts and omissions, and the decline in the market value of the Company's securities, Mr. Tsoy and other class members have suffered significant losses and damages.

## III. ARGUMENT

### A. Mr. Tsoy Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First,

- 2 -

"[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice was published on December 11, 2020. *See* Declaration of Samuel H. Rudman in Support of Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel ("Rudman Decl."), Ex. A.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Mr. Tsoy meets these requirements and should be appointed Lead Plaintiff.

### 1. Mr. Tsoy's Motion Is Timely

On December 11, 2020, the statutory notice for this action was published on *PR Newswire,* which advised putative class members of the pendency of the action, the claims asserted, the relevant time period, and the right to move the Court for appointment as lead plaintiff by February 9, 2021. *See* Rudman Decl., Ex. A; 15 U.S.C. §78u-4(a)(3)(A). Because this motion is being timely filed by the statutory deadline, Mr. Tsoy is eligible for appointment as lead plaintiff.

4811-3445-4747.v1

### 2. Mr. Tsoy Has the Largest Financial Interest in the Relief Sought by the Class

As evidenced by his Certification and loss chart, Mr. Tsoy purchased 10,900 shares of Kandi common stock during the Class Period and suffered approximately $56,202 in losses as a result of defendants' alleged misconduct. *See* Rudman Decl., Exs. B, C. To the best of his counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, Mr. Tsoy meets the PSLRA's prerequisite of having the largest financial interest.

### 3. Mr. Tsoy Is Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Typicality and adequacy of representation are the only provisions of Rule 23 relevant to the determination of lead plaintiff under the PSLRA. *Teamsters Local Union No. 727 Pension Fund v. Vanda Pharm. Inc.*, 2019 WL 7287202, at *3 (E.D.N.Y. May 24, 2019). "The typicality requirement is satisfied 'where the claims arise from the same course of events and each class member makes similar legal arguments to prove defendant's liability.'" *Id.* at *4 (citation omitted). "The adequacy requirement is satisfied where 'class counsel is qualified, experienced, and generally able to conduct the litigation; . . . the proposed lead plaintiff has interests that are not antagonistic to other class members; and . . . the proposed lead plaintiff and the class possess sufficient interest to pursue vigorous prosecution of their claims.'" *Id.* (citation omitted).

As his Certification and loss chart evidence, Mr. Tsoy purchased Kandi securities and suffered harm when defendants' alleged misconduct was revealed. *See* Rudman Decl., Exs. B, C. In addition, Mr. Tsoy is an adequate representative of the class because his interests are aligned with the interests of the putative class and there is no evidence of any antagonism between Mr. Tsoy's interests and the class's interests. Mr. Tsoy's substantial stake in the outcome of the case indicates

- 4 -

4811-3445-4747.v1

that he has the requisite incentive to vigorously represent the class's claims.  Mr. Tsoy has amply demonstrated his adequacy by submitting a declaration affirming his ability and willingness to serve as, and to assume the responsibilities of, lead plaintiff.  *See* Rudman Decl., Ex. D.  Finally, as discussed below, Mr. Tsoy has selected experienced and qualified counsel, further evidencing his ability to fairly and competently represent the interests of the putative class.  Thus, Mr. Tsoy's common interests shared with the class, substantial financial interest in the litigation, and selection of qualified counsel confirm his satisfaction of the Rule 23 requirements.

**B.**     **The Court Should Approve Mr. Tsoy's Selection of Counsel**

The PSLRA provides that the most adequate plaintiff "'shall, subject to the approval of the court, select and retain counsel to represent the class.'"  *Vanda*, 2019 WL 7287202, at *5 (quoting 15 U.S.C. §78u-4(a)(3)(B)(v)).  "'The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'"  *Id.* (citation omitted).  Here, Mr. Tsoy has selected Robbins Geller to serve as lead counsel for the proposed class.

Robbins Geller, a 200-attorney nationwide law firm with offices in New York, regularly practices complex securities litigation.  The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.[1]  Courts throughout the country, including within this District, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases.  *See, e.g.*, *Vanda*, 2019 WL 7287202, at *4 (appointing Robbins Geller as

---

[1]     For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com/.  A hard copy of the Firm's resume is available upon the Court's request, if preferred.

4811-3445-4747.v1

lead counsel in securities case); *see also In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, ECF No. 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (concerning Robbins Geller's role as lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller].  At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous."); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 1:08-cv-10783, ECF No. 243 at 10-11 (S.D.N.Y. May 2, 2016) (concerning Robbins Geller's role as lead counsel in recovering $272 million for the class of MBS purchasers, stating: "Counsel, thank you for your papers.  They were, by the way, extraordinary papers in support of the settlement," and acknowledging "plaintiffs' counsel's success in the Second Circuit essentially changing the law.  I will also note what counsel have said, and that is that this case illustrates the proper functioning of the statute . . . .  Counsel, you can all be proud of what you've done for your clients.  You've done an extraordinarily good job.").

Notably, in 2021, Robbins Geller has already recovered $1.21 billion in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.), and in 2020, the Firm recovered $1.02 billion in *Am. Realty* and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.).  Robbins Geller attorneys have also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[2]

---

[2]   *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest

4811-3445-4747.v1

Thus, the Court can be assured that by approving Mr. Tsoy's choice of Robbins Geller as lead counsel the putative class will receive the highest caliber of representation.

## IV.   CONCLUSION

Mr. Tsoy has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. Accordingly, Mr. Tsoy respectfully requests that the Court appoint him as Lead Plaintiff and approve his selection of Lead Counsel.

DATED:  February 9, 2021                                    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD


*s/ Samuel H. Rudman*
SAMUEL H. RUDMAN

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

---

securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

- 7 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JENNIFER N. CARINGAL
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

- 8 -

4811-3445-4747.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on February 9, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Samuel H. Rudman
SAMUEL H. RUDMAN

ROBBINS GELLER RUDMAN
    & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  srudman@rgrdlaw.com

4811-3445-4747.v1

# Mailing Information for a Case 2:20-cv-06042-LDH-AYS Valdes v. Kandi Technologies Group, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Melissa Ann Fortunato**
  fortunato@bespc.com,ecf@bespc.com

- **J. Alexander Hood**
  ahood@pomlaw.com,tcrockett@pomlaw.com,abarbosa@pomlaw.com

- **Shannon Lee Hopkins**
  shopkins@zlk.com,files@zlk.com,shalliday@zlk.com

- **Phillip Kim**
  pkim@rosenlegal.com,pkrosenlaw@ecf.courtdrive.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,tcrockett@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com

- **Nathaniel A. Tarnor**
  NathanT@hbsslaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)