UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DALE H. OCHAKOFF, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>QIWI PLC, BORIS KIM, SERGEY SOLONIN, ALEXANDER KARAVAEV, and VARVARA KISELEVA,<br><br>Defendants. | Case No. 1:20-cv-06054-RPK-CLP<br><br>Honorable Rachel P. Kovner |
| NICHOLAS PETRUZZI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>QIWI PLC, BORIS KIM, SERGEY SOLONIN, ALEXANDER KARAVAEV, and VARVARA KISELEVA,<br><br>Defendants. | Case No. 2:21-cv-00021-RPK-CLP |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT OF MOSET
INTERNATONAL COMPANY LIMITED AS LEAD PLAINTIFF,
AND APPROVAL OF SELECTION OF LEAD COUNSEL**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ......................................................................................................... ii

I.   PRELIMINARY STATEMENT ....................................................................................... 1

II.  STATEMENT OF ISSUES TO BE DECIDED ................................................................ 2

III. FACTUAL BACKGROUND............................................................................................. 2

IV.  ARGUMENT...................................................................................................................... 4

     A.   The Related Actions should be consolidated. ......................................................... 4

     B.   The Court should appoint Movant as Lead Plaintiff................................................ 4

          i.   Movant filed a timely motion and is willing to serve as Lead Plaintiff................. 5

          ii.  Movant has the largest financial interest in the relief sought by the Class............ 6

          iii. Movant satisfies the Rule 23 requirements of typicality and adequacy................. 7

               (a)  Movant's claims are typical of the claims of the Class. ............................... 7

               (b)  Movant is an adequate representative for the Class..................................... 8

     C.   Movant's choice of counsel should be approved. ................................................... 9

V.   CONCLUSION................................................................................................................. 10

## TABLE OF AUTHORITIES

**Cases**

*Atwood v. Intercept Pharm., Inc.,*
    299 F.R.D. 414 (S.D.N.Y. 2014) ..................................................................... 9

*Cullinan v. Cemtrex, Inc.,*
    287 F. Supp. 3d 277 (E.D.N.Y. 2018) ............................................................. 8

*Elstein v. Net1 UEPS Techs., Inc.,*
    No. 13-cv-9100 (ER), 2014 WL 3687277 (S.D.N.Y. July 23, 2014) ........................ 6

*In re Gen. Elec. Sec. Litig.,*
    No. 09-cv- 1951-DC, 2009 WL 2259502 (S.D.N.Y. July 29, 2009) ......................... 4

*Jonathan Tan v. NIO Inc.,*
    No. 19-cv-1424-NGG-VMS, 2020 WL 1031489 (E.D.N.Y. Mar. 3, 2020) ............... 4

*Malcolm v. Nat'l Gypsum Co.,*
    995 F.2d 346 (2d Cir. 1993) ........................................................................ 4

*Silverberg v. DryShips Inc.,*
    No. 17-cv-4547-SJF-ARL, 2018 WL 10669653 (E.D.N.Y. Aug. 21, 2018) .............. 6, 7, 8, 9

**Other Authorities**

15 U.S.C. § 78u-4(a)(3)(A) ................................................................................ 4, 5, 6

15 U.S.C. § 78u-4(a)(3)(B) ................................................................................ passim

15 U.S.C. § 78u-4(e) ........................................................................................ 7

Federal Rules of Civil Procedure 23(a) ............................................................... 7, 8

Federal Rules of Civil Procedure 42(a) ............................................................... 1, 2, 4

Movant Moset International Company Limited ("Movant") respectfully submits this Memorandum of Law in support of its motion, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and Federal Rules of Civil Procedure ("Rule") 42(a) for an Order: (1) consolidating the above-captioned related securities class actions; (2) appointing Movant as Lead Plaintiff on behalf of a Class consisting of all persons and entities who purchased or otherwise acquired the securities of Qiwi plc ("Qiwi" or the "Company") from March 28, 2019 through December 9, 2020, inclusive (the "Class Period"); and (3) Approving Movant's selection of Roche Cyrulnik Freedman LLP ("RCF") as Lead Counsel for the Class.

## I.      PRELIMINARY STATEMENT

Currently pending before this Court are two securities class action lawsuits (the "Related Actions") alleging Qiwi, Boris Kim, Sergey Solonin, Alexander Karavaev, and Varvara Kiseleva (collectively, "Defendants") violated §§ 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder by the United States Securities Exchange Commission ("SEC").[1] Pursuant to the PSLRA, the Court must decide whether to consolidate the Related Action before selecting a movant to lead this litigation on behalf of the putative class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii).

---

[1] The Related Actions are: (1) *Ochakoff v. Qiwi plc, et al.*, No. 1:20-cv-06054, filed on December 11, 2020, on behalf of persons and entities who purchased the publicly traded securities of Qiwi between March 28, 2019 and December 9, 2020, both dates inclusive (the "Class Period"); and (2) *Petruzzi v. Qiwi plc, et al.*, No. 2:21-cv-00021, filed on January 4, 2021, on behalf of all persons and entities who purchased or otherwise acquired Qiwi securities between March 28, 2019 and December 9, 2020, both dates inclusive (the "Class Period"). For the purposes of this motion, references to ¶ are to the Class Action Complaint for Violations of the Federal Securities Laws filed in *Ochakoff v. Qiwi plc, et al.*, No. 1:20-cv-06054, ECF No. 1.

As discussed below, consolidation is appropriate under Rule 42 because the Related Actions involve common legal and factual questions.

After deciding consolidation, the Court must appoint as lead plaintiff the class member it "determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i)-(B)(iii). Guiding that determination, the PSLRA creates a presumption that the most adequate plaintiff is the person that "has the largest financial interest" and who "otherwise satisfies the requirements of Rule 23 . . ." *Id.*

Movant believes it has the largest financial interest in the outcome of this litigation because, during the Class Period, it lost approximately $78,359 due to the alleged fraud. *See* Declaration of Constantine P. Economides ("Economides Decl."), Exs. A-B. Moreover, Movant satisfies the Rule 23 requirements because its claims are typical of the Class's claims, and it will fairly and adequately represent the Class's interests. *See id.* at Ex. C. In addition, Movant's selection of RCF to serve as lead counsel should be approved because the Firm possesses extensive experience and expertise in securities fraud and other class actions. *See id.* at Ex. D. Accordingly, Movant respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint Movant as Lead Plaintiff; and (3) approve RCF as Lead Counsel.

## II.     STATEMENT OF ISSUES TO BE DECIDED

1.      Whether the Related Actions should be consolidated pursuant to Rule 42(a);

2.      Whether the Court should appoint Movant as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B); and

3.      Whether the Court should approve Movant's selection of RCF as Lead Counsel for the proposed Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

## III.    FACTUAL BACKGROUND

Qiwi, together with its subsidiaries, operate electronic online payment systems primarily in the

Russia, Kazakhstan, Moldova, Belarus, Romania, the United Arab Emirates, and internationally. ¶7.

During the Class Period, Qiwi filed Forms 20-F for the years ended December 31, 2018 ("2018 20F") and December 31, 2019 ("2019 20-F") (collectively, "Forms 20-F") with the SEC providing the Company's financial statements and position. ¶¶17, 19. The 2018 20-F, signed by Defendant Sergey Solonin, contained signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") by Defendants Solonin and Alexander Karavaev, attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud. ¶17. The 2018 20-F also stated that "management concluded that as of December 31, 2018, our internal control over financial reporting was effective." ¶18.

The 2019 20-F, signed by Defendant Boris Kim, contained signed SOX certifications by Defendants Kim and Varvara Kiseleva, making the same attestations and statement regarding the effectiveness of the Company's internal control over financial reporting. ¶¶19-20.

After markets closed on December 9, 2020, Qiwi filed a Form 6-F with the SEC announcing that the Central Bank of Russa had imposed a fine of RUB 11 million, or approximately $150,000, for deficient record-keeping and reporting, and suspended or limited most types of payments to foreign merchants and money transfers to pre-paid cards from corporate accounts. ¶22. On this news, Qiwi's ADS price fell $2.80 per share, or 20.6% to close at $10.79 per share on December 10, 2020, damaging investors. ¶23.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Class members have suffered significant losses and damages. ¶24.

IV.   **ARGUMENT**

A.  **The Related Actions should be consolidated.**

Consolidation of related cases is proper where, as here, the actions "involve a common question of law or fact," such that consolidation would avoid unnecessary cost, delay and overlap in adjudication. Fed. R. Civ. P. 42(a). The PSLRA contemplates consolidation where "more than on action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. § 78u-4(a)(3)(A)(ii). Therefore, the PSLRA does not displace the traditional legal standards for consolidation under Rule 42(a).

Consolidation is appropriate when the action before the court involve common questions of law *or* fact. *See* Fed. R. Civ. P. 42(a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)). Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation. *See In re Gen. Elec. Sec. Litig.,* No. 09-cv-1951-DC, 2009 WL 2259502, at *2 (S.D.N.Y. July 29, 2009); *see also Jonathan Tan v. NIO Inc.,* No. 19-cv-1424-NGG-VMS, 2020 WL 1031489, at *2 (E.D.N.Y. Mar. 3, 2020).

The Related Actions at issue here present nearly identical factual and legal issues, allege identical claims in an identical class period, and name identical defendants. *See generally Ochakoff*, ECF. No. 1 and *Petruzzi*, ECF. No. 1. Accordingly, the Related Actions should be consolidated.

B.  **The Court should appoint Movant as Lead Plaintiff.**

Within the first 20 days of filing suit, the PSLRA requires the plaintiff in the first filed class action to publish a notice in a widely circulated national business publication or wire service

4

that advises potential class members the action is pending and that they have a right to move for lead plaintiff in 60 days. 15 U.S.C. § 78u-4(a)(3)(A).

The Court must consider any motion seeking appointment as lead plaintiff within 90 days of that notice and must appoint the movant that the court determines to be "most capable of adequately representing the interests of class members." *See* 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa)   has either filed the complaint or made a motion in response to a notice;
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a Class member that the presumptive most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant has complied with the procedural prerequisites of the PSLRA and possesses, to the best of its knowledge, the largest financial interest in the litigation of any other class member seeking appointment as lead plaintiff. Movant is also unaware of any unique defenses that Defendants could raise against it. Thus, Movant is entitled to the presumption that it is the most adequate plaintiff to represent the Class. It also satisfies the typicality and adequacy requirements of Rule 23, and, as a result, should be appointed lead plaintiff in the Action.

### i.   Movant filed a timely motion and is willing to serve as Lead Plaintiff.

Within 20 days of the first-filed *Ochakoff* complaint (*i.e.* on December 11, 2020), Plaintiff

5

Dale H. Ochakoff published the required notice through *Globe Newswire*, a widely circulated national business-oriented wire service. 15 U.S.C. § 78u-4(a)(3)(A)(i). *See* Economides Decl., Ex. E. Movant timely filed its motion within the next 60 days, *i.e.,* by February 9, 2021. 15 U.S.C. § 78u-4(a)(3)(A)(i). Movant has filed herewith a PSLRA certification and declaration attesting that it is willing to serve as Lead Plaintiff of the Class and remains willing to provide testimony at deposition and trial, if necessary. *See* Economides Decl. Exs. A, C. Accordingly, Movant has satisfied the first requirement to serve as Lead Plaintiff of the Class.

### ii. Movant has the largest financial interest in the relief sought by the Class.

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff…is the person or group of persons that…has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). As demonstrated herein, Movant has the largest financial interest in the relief sought by the Class and should therefore be presumed the most adequate plaintiff to serve as Lead Plaintiff. *See* Economides Decl., Exs. A-B.

In assessing the largest financial interest, the Court generally considers: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) total net funds expended during the class period; and (4) the approximate losses suffered during the class period." *Silverberg v. DryShips Inc.,* No. 17-cv-4547-SJF-ARL, 2018 WL 10669653 (E.D.N.Y. Aug. 21, 2018).[2] The approximate losses suffered is considered the most

---

[2] "The PSLRA does not specify a method for calculating which plaintiff has the 'largest financial interest,' and neither the Supreme Court nor the Second Circuit has provided instruction on the appropriate method." *Elstein v. Net1 UEPS Techs., Inc.,* No. 13-cv-9100 (ER), 2014 WL 3687277, at *6 (S.D.N.Y. July 23, 2014). Damages are calculated based on (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90-day period beginning on the date the information correcting the misstatement was disseminated, *or* (ii) the difference between the purchase price paid for the shares and the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff

important factor. *Id.*

During the Class Period, Movant: (1) purchased 8,060 Qiwi shares; (2) retained 8,060 net shares; (3) expended $162,570.20 net funds; and (4) as a result of Defendants' materially false and misleading statements, suffered substantial losses of approximately $78,359. Movant, therefore, has a significant financial interest in the outcome of this case. To Movant's knowledge, moreover, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and that also satisfy Rule 23.

### iii.   Movant satisfies the Rule 23 requirements of typicality and adequacy.

In addition to demonstrating the largest loss, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii). Rule 23(a) requires the following four requirements be satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative party are typical of the claims or defenses of the class; and (4) the representative party will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). In a PSLRA case, at this stage of the litigation, "movants seeking appointment as lead plaintiff need only make a preliminary, prima facie showing that the typicality and adequacy requirements of Fed. R. Civ. P. 23(a) would be met." *Silverberg,* No. 17-cv-4547-SJF-ARL, 2018 WL 10669653 at *8. As detailed below, Movant satisfies both the typicality and adequacy requirements.

### (a) Movant's claims are typical of the claims of the Class.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of

---

sold their shares, if they sold their shares before the end of the 90-day period. 15 U.S.C. § 78u-4(e).

those of the class. "The typicality requirement is met where each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Cullinan v. Cemtrex, Inc.,* 287 F. Supp. 3d 277, 288 (E.D.N.Y. 2018).

Movant's claims are typical of, if not identical to, the claims of other members of the putative Class. *See id*. Movant, like the other members of the Class, acquired Qiwi securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements and was damaged thereby when the truth was revealed. Movant suffered losses similar to those of other Class members, and its losses resulted from Defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement.

### (b) Movant is an adequate representative for the Class.

Under Rule 23(a)(4), representative parties must "fairly and adequately protect the interests of the class." In order for a movant to satisfy the adequacy requirement, "(1) there should be no conflict between the interests of the class and the named plaintiff nor should there be collusion among the litigants; (2) the parties' attorney must be qualified, experienced, and generally able to conduct the proposed litigation; and (3) the lead plaintiff should have a sufficient interest in the outcome to ensure vigorous advocacy." *Silverberg,* No. 17-cv-4547-SJF-ARL, 2018 WL 10669653 at *8.

Movant has met the requirements under Rule 23(a)(4) to fairly and adequately protect the interest of the putative class. *See* Economides Decl., Exs. A-D. Specifically, Movant has retained counsel who, as shown below, is experienced in litigating lawsuits such as this Action; has demonstrated, *supra*, its significant interest in the outcome of the case; and has no reason to believe that its interests are adverse to those of the Class. Therefore, Movant is an adequate representative of the putative Class.

Accordingly, at this stage of the proceedings, Movant has met all requirements for appointment as lead plaintiff. Movant has timely filed its motion, has sustained the largest amount of losses from Defendants' alleged wrongdoing, and has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23. Thus, Movant is entitled to a presumption that it is the most adequate plaintiff and, as such, should be appointed to lead this Action. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)-(II).

### C. Movant's choice of counsel should be approved.

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. "Although the Court maintains discretion in appointing lead counsel to protect the interests of the class, the statute evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." *Atwood v. Intercept Pharm., Inc.,* 299 F.R.D. 414, 417 (S.D.N.Y. 2014)); *see also Silverberg,* No. 17-cv-4547-SJF-ARL, 2018 WL 10669653 at *11 ("there is a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection.").

The record confirms that Movant's selection of counsel should be approved; RCF is qualified, experienced, and capable of effectively prosecuting this Action on behalf of Movant and the Class. *See* Economides Decl., Exs. C-D.

Most recently, RCF was appointed, and is serving as, Lead Counsel in the following securities fraud class actions: *Burnham v. Qutoutiao Inc. et al.,* No. 1:20-cv-06707 (S.D.N.Y.); *Chapman v. Fennec Pharma Inc. et al.,* No. 1:20-cv-812 (M.D.N.C.); and *Garcia v. J2 Global, Inc. et al.,* No. 2:20-cv-06096 (C.D. Cal.). RCF has also been appointed, and is serving, as Co-Lead Counsel in the following securities fraud class action cases: *Clifford et al. v. Tron Found. et*

9

*al.,* No. 1:20-cv-02804 (S.D.N.Y.); *Clifford v. Bibox et al.,* No. 1:20-cv-02807 (S.D.N.Y.); *Zhang v. Civic Techs., Inc. et al.,* No. 1:20-cv-02811 (S.D.N.Y.); *Clifford v. Status Research and Development GmbH et al.,* No. 1:20-cv-02815 (S.D.N.Y.); *Williams et al. v. HDR Global Trading Ltd et al.,* No. 1:20-cv-02805 (S.D.N.Y.); *Clifford v. KayDex Pte. Ltd. et al.* No. 1:20-cv-02812 (S.D.N.Y.); *Zhang v. BProtocol Found., et al.,* No. 1:20-cv-02810 (S.D.N.Y.); *Lee et al. v. Binance et al.,* No. 1:20-cv-02803 (S.D.N.Y.); *Williams v. Quantstamp, Inc. et al.,* No. 1:20-cv-02813 (S.D.N.Y.); *Williams v. KuCoin et al.,* No. 1:20-cv-02806 (S.D.N.Y.); *Lowry v. RTI Surgical Holdings, Inc. et al.,* No. 1:20-cv-01939 (N.D. Ill.); and *Hartel v. Geo Group, Inc. et al.,* No. 9:20-cv-81063 (S.D. Fla.). Additionally, RCF has been appointed, and is serving, as Co-Lead Counsel in *Leibowitz v. iFinex Inc.*, No. 1:19-cv-09236-KPF (S.D.N.Y.), an antitrust, market manipulation, and RICO class action.

Moreover, RCF's attorneys have decades of experience in complex litigation, including securities litigation and class actions on behalf of plaintiffs and defendants. *See* Economides Decl., Ex. D. The firm's attorneys have previously been appointed as co-lead counsel in securities class actions and/or have clerked for federal judges sitting in the Southern District of New York, Eastern District of New York, Northern District of California, Eastern District of Pennsylvania, Eastern District of Louisiana, Southern District of Florida, District of Connecticut, Second Circuit, Fourth Circuit, Fifth Circuit, Ninth Circuit, and United State Supreme Court. *See id.* Movant respectfully submits that this wealth of experience and qualifications demonstrates RCF's ability to provide the highest caliber of representation to the Class.

## V.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint Movant as Lead Plaintiff; (3) approve Movant's selection of RCF as

Lead Counsel for the putative Class; and (4) grant such other relief as the Court may deem just and proper.

DATED: February 9, 2021                    Respectfully Submitted,

                                           **ROCHE CYRULNIK FREEDMAN LLP**

                                           */s/ Constantine P. Economides*
                                           Constantine P. Economides
                                           Velvel (Devin) Freedman (*pro hac forthcoming*)
                                           Ivy T. Ngo (*pro hac forthcoming*)
                                           200 South Biscayne Boulevard
                                           Miami, Florida 33131
                                           Telephone: (305) 971-5943
                                           Email: ceconomides@rcfllp.com
                                           Email: vel@rcfllp.com
                                           Email: ingo@rcfllp.com

                                           *Counsel for Lead Plaintiff Movant Moset*
                                           *International Company Limited and Proposed Lead*
                                           *Counsel for the Class*

                                           **THE SCHALL LAW FIRM**
                                           Brian Schall (*pro hac forthcoming*)
                                           1880 Century Park East, Suite 404
                                           Los Angeles, CA 90067
                                           Telephone: (424) 303-1964
                                           Email: brian@schallfirm.com

                                           *Additional Counsel for Lead Plaintiff Movant Moset*
                                           *International Company Limited*

11

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on February 9, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

/s/ Constantine P. Economides

Constantine P. Economides

12