**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LEONEL VALDÉS, Individually and On Behalf of All Others Similarly Situated,<br><br>              Plaintiff,<br><br>      v.<br><br>KANDI TECHNOLOGIES GROUP, INC., HU XIAOMING, JEHN MIN GLIM, and ZHU XIAOYING,<br><br>              Defendants. | Case No. 2:20-cv-06042-LDH-AYS |

**MEMORANDUM OF LAW IN SUPPORT OF DR. RAMI E. GEFFNER'S**
**MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ....................................................................................................................ii

PRELIMINARY STATEMENT ...........................................................................................................1

STATEMENT OF FACTS ....................................................................................................................2

ARGUMENT ..........................................................................................................................................3

I.      DR. GEFFNER IS THE MOST ADEQUATE PLAINTIFF.................................................3

        A.  The Procedure Required By The PSLRA.................................................................3

               1.    Dr. Geffner Is Willing To Serve As Class Representative ..........................4

               2.   Dr. Geffner Has the Largest Financial Interest In The Relief Sought By
                    The Class ....................................................................................................4

        B.  Dr. Geffner Satisfies The Requirements of Rule 23(a) Of The Federal Rules Of   Civil
             Procedure. .............................................................................................................5

               1.   Dr. Geffner's Claims Are Typical ................................................................5

               2.   Dr. Geffner Satisfies The Adequacy Requirement .......................................6

II.     THE COURT SHOULD APPROVE DR. GEFFNER'S SELECTION OF LEAD
        COUNSEL ............................................................................................................................7

CONCLUSION........................................................................................................................... 8

## **TABLE OF AUTHORITIES**

**Cases**

*In re Adelphia Communs. Corp. Sec. & Derivative Litig.*,
   No. 03 MDL 1529 (LMM), 2008 U.S. Dist. LEXIS 67220 (S.D.N.Y. Sept. 3, 2008) ............... 7

*In re Blue Apron Holdings, Inc. Sec. Litig.*,
   17-CV-4846, 2017 U.S. Dist. LEXIS 207531 (E.D.N.Y. Dec. 15, 2017) ................................. 5

*In re Cavanaugh,*
   306 F.3d 726 (9th Cir. 2002) ....................................................................................... 7

*Cullinan v. Centrex*,
   287 F. Supp. 3d 277 (E.D.N.Y. 2018) ............................................................... *passim*

*In re Drexel Burnham Lambert Grp., Inc.*,
   960 F.2d 285 (2d Cir. 1992) ........................................................................................ 5

*In re Fuwei Films Sec. Litig.*,
   247 F.R.D. 432 (S.D.N.Y. 2008) ................................................................................. 6

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
   229 F.R.D. 395 (S.D.N.Y. 2004) ................................................................................. 5

*Varghese v, China Shenghuo Pharm. Hldgs.*,
   589 F. Supp. 2d 388 (S.D.N.Y. 2008) ......................................................................... 5

*Victor v. Argent Classic Convertible Arbitrage Fund L.P.,*
   623 F.3d 82 (2d Cir. 2010) ......................................................................................... 7

**Statutes**

15 U.S.C. § 78u-4(a) ............................................................................................ *passim*

**Rules**

Rule 23 of the Federal Rules of Civil Procedure ..................................................... *passim*

## PRELIMINARY STATEMENT

Movant Dr. Rami E. Geffner ("Dr. Geffner") respectfully submits this memorandum of law in support of his motion for appointment as Lead Plaintiff, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(i), and for appointment of his counsel Rigrodsky Law, P.A. ("Rigrodsky Law") as Lead Counsel, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v) in this action (the "Action").

Under the Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), the lead plaintiff must be a class member who: (i) has filed an action, or timely moved for appointment as lead plaintiff; (ii) has the largest financial interest in the relief sought by the class; and (iii) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Dr. Geffner, who has a substantial financial interest in Kandi Technologies Group, Inc. ("Kandi" or "the Company"), believes that he has the largest financial interest in the relief sought in the Action.

Because Dr. Geffner's claims are based upon the same nexus of operative fact and law as those of the putative class (the "Class"), his claims are typical of those of the other Class members.  Furthermore, Dr. Geffner's selection of Rigrodsky Law, which has extensive experience in securities litigation, to serve as Lead Counsel, demonstrates that he would be an adequate Class representative.  Therefore, Dr. Geffner will fairly and adequately represent the interests of the Class in satisfaction of the requirements of Fed. R. Civ. P. 23.

Accordingly, Dr. Geffner respectfully requests that he be appointed as Lead Plaintiff and that the Court approve his selection of Rigrodsky Law as Lead Counsel in the Action.

**STATEMENT OF FACTS**

Kandi, headquartered in the Peoples Republic of China, designs, develops, manufactures and commercializes electrical vehicle ("EV") products and parts, as well as off-road vehicles, through its subsidiaries. ¶ 2.[1] Throughout the Class Period (March 15, 2019 through November 27, 2020), defendants made materially false and misleading statements, and/or failed to disclose material information, that: (i) reported revenues included revenues from undisclosed related party transactions and from key customers with whom Kandi did not have an arm's-length relationship; (ii) a majority of the Company's past-year sales that were made to undisclosed related parties or key customers with whom it did have an arm's-length relationship; and (iii) the nature of these sales and the source of the reported revenues were likely to, and did, cast doubt upon the validity Kandi's reported revenues, thereby negatively impacting the Company's reputation and valuation. ¶ 3.

On November 30, 2020, Hindenburg Research ("Hindenburg") issued a report, "Kandi: How This China-Based NASDAQ-Listed Company Used Fake Sales, EV Hype to Nab $160 Million From U.S. Investors," stating that almost 64% of Kandi's sales over the past year had been to undisclosed related parties and that the Company consistently booked revenues that it could not collect. ¶ 4. Following publication of the report, the price of Kandi's stock fell $3.86 per share, closing at $9.76 per share on November 30, 2020. ¶ 5.

---

[1] References to "¶__" are to the paragraphs of the complaint filed in the Action on December 11, 2020.

## ARGUMENT

## I.  DR. GEFFNER IS THE MOST ADEQUATE PLAINTIFF

### A.  The Procedure Required By The PSLRA

Under the PSLRA, the plaintiff who commences the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Within 60 days of the publication of such notice, any member of the putative class may move to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i). Within 90 days of publication of the notice, the court should appoint the "most adequate plaintiff" as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa)   has either filed the complaint or made a motion in response to a notice;
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Dr. Geffner satisfies the foregoing criteria and is not aware of any unique defenses that defendants could raise against him. Dr. Geffner and NJ Certified Dermatology PC, a professional services corporation owned and operated by Dr. Geffner,

3

purchased 40,000 shares of Kandi common stock during the Class Period and sustained losses of approximately $211,984.90 in connection with those purchases. Therefore, Dr. Geffner entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Action.

### 1.  Dr. Geffner Is Willing To Serve As Class Representative

On December 11, 2020, counsel for plaintiff in the Action caused a notice (the "Notice") to be published, which announced that a securities class action had been filed against Kandi and certain individual defendants, and advised members of the Class that they had until February 9, 2021, sixty (60) days from the date of the Notice, to file a motion to seek appointment as a lead plaintiff in the Action. Declaration of Timothy J. MacFall, dated February 9, 2021 ("MacFall Decl."), Ex. A.

Dr. Geffner has timely filed this motion pursuant to the Notice, demonstrating his willingness to serve as a representative party of the Class and to provide testimony at deposition and trial, if necessary. *See* MacFall Decl. Ex. B.[2]   Accordingly, Dr. Geffner satisfies the first requirement to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

### 2.  Dr. Geffner Has The Largest Financial Interest In The Relief Sought By The Class

During the Class Period, Dr. Geffner and NJ Certified Dermatology PC acquired Kandi shares in reliance upon the materially false and misleading statements issued by defendants, and were injured thereby. *See* MacFall Decl., Ex. B. Dr. Geffner and NJ Certified Dermatology PC purchased 40,000 Kandi shares on the open market during the Class Period. *Id.* After the end of

---

[2] A true and correct copy of the Certificate of Incorporation for NJ Certified Dermatology PC is annexed to the MacFall Declaration as Ex. C.

the Class Period, Dr. Geffner and NJ Certified Dermatology PC sold their Kandi stock, suffering

losses of approximately $211,984.90.  MacFall Decl., Ex. D.

Dr. Geffner is not aware of any other member of the Class who has sought, or is seeking,

appointment as lead plaintiff that has a larger financial interest in the relief sought in the Action.

Dr. Geffner thus satisfies the foremost PSLRA requirement – the largest financial interest – to be

appointed as lead plaintiff for the Class. *Cullinan v. Centrex*, 287 F. Supp. 3d 277, 287

(E.D.N.Y. 2018) (of the four *Lax/Olsten* factors the court must consider, "losses suffered during

the class period, is considered to be the most important.") (citing *In re Blue Apron Holdings, Inc.*

*Sec. Litig.*, 17-CV-4846, 2017 U.S. Dist. LEXIS 207531 *8 (E.D.N.Y. Dec. 15, 2017)).

**B.      Dr. Geffner Satisfies The Requirements of Rule 23(a) Of The Federal Rules Of Civil Procedure.**

The PSLRA further provides that the lead plaintiff must "satisf[y] the requirements of

Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  "At

this stage, movants seeking appointment as lead plaintiff need only make a 'preliminary, prima

facie showing' that the typicality and adequacy requirements would be met."  *Cullinan*, 287 F.

Supp. 3d at 288 (citing *Varghese v, China Shenghuo Pharm. Hldgs.*, 589 F. Supp. 2d 388, 397

(S.D.N.Y. 2008)).

**1.      Dr. Geffner's Claims Are Typical**

The typicality requirement is met where "each class member's claim arises from the same

course of events, and each class member makes similar legal arguments to prove the defendant's

liability."  *Cullinan*, 287 F. Supp. 3d at 288 (quoting *In re Drexel Burnham Lambert Grp., Inc.*,

960 F.2d 285, 291 (2d Cir. 1992)).  Courts in this Circuit have made clear, however, that a lead a

lead plaintiff's claims "need not be identical" to that of the claims of the class, and that

"similarity of legal theory may control even in the face of differences of fact."  *Pirelli Armstrong*

5

*Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 412 (S.D.N.Y. 2004). The typicality requirement of Rule 23 is satisfied when "claims arise from the same course of events - the purchase of . . . securities in reliance on defendants' alleged misstatements - and are based on similar legal arguments surrounding defendants' violation of the federal securities laws and the resulting harms." *Cullinan*, 287 F. Supp. 3d at 289.

Dr. Geffner satisfies the typicality requirement of Rule 23. Like all Class members, Dr. Geffner and NJ Certified Dermatology PC purchased Kandi shares during the Class Period at prices artificially inflated by defendants' materially false and misleading statements, and were damaged thereby. MacFall Decl., Exs. B, D. Dr. Geffner seeks to recover for such losses by asserting the same legal claims as all other members of the Class under the Exchange Act.

### 2.     Dr. Geffner Satisfies The Adequacy Requirement

Dr. Geffner is also an adequate representative of the Class. "In order for a lead plaintiff to satisfy the Rule 23 adequacy requirement, '(1) there should be no conflict between the interests of the class and the named plaintiff nor should there be collusion among the litigants; and (2) the parties' attorney must be qualified, experienced, and generally able to conduct the proposed litigation.'" *Cullinan*, 287 F. Supp. 3d at 289 (quoting *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 436 (S.D.N.Y. 2008)).

There is no antagonism between the interests of Dr. Geffner and those of the Class. Dr. Geffner's substantial financial losses motivate him to aggressively pursue his claims, aligning his interests with that of the Class members who also suffered losses due to defendants' material misrepresentations and omissions, and other unlawful conduct. Dr. Geffner has also retained counsel highly experienced in prosecuting securities class actions, ensuring that he is able to prosecute the Action vigorously on behalf of the Class. MacFall Decl., Ex. E.

6

Accordingly, at this stage of the proceedings, Dr. Geffner has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Fed. R. Civ. P. 23 and, therefore, he satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).

## II.   THE COURT SHOULD APPROVE DR. GEFFNER'S SELECTION OF LEAD COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). "Courts have correctly found that the PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.' *Cullinan*, 287 F. Supp. 3d at 289 (quoting *In re Adelphia Communs. Corp. Sec. & Derivative Litig.*, No. 03 MDL 1529 (LMM), 2008 U.S. Dist. LEXIS 67220, *14 (S.D.N.Y. Sept. 3, 2008), *aff'd sub nom. Victor v. Argent Classic Convertible Arbitrage Fund L.P.,* 623 F.3d 82 (2d Cir. 2010)). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cavanaugh,* 306 F.3d 726, 734 (9th Cir. 2002) ("Selecting a lawyer in whom a litigant has confidence is an important client prerogative and we will not lightly infer that Congress meant to take away this prerogative from securities plaintiffs. And, indeed, it did not. While the appointment of counsel is made subject to the approval of the court, the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff.").

Dr. Geffner has selected Rigrodsky Law to act as Lead Counsel. The Firm Resume of Rigrodsky Law shows that its attorneys have extensive experience in successfully prosecuting complex class actions involving violations of the federal securities laws, such as this one, and is well-qualified to represent the Class. *See* MacFall Decl. Ex. E. If approved, the counsel selected by Dr. Geffner will provide the Class with the highest quality legal representation.

7

## CONCLUSION

For the foregoing reasons, Dr. Geffner respectfully requests that this Court appoint him as Lead Plaintiff in the Action and all subsequently-filed, related actions, and approve Rigrodsky Law as Lead Counsel.

Dated:  February 9, 2021                                  Respectfully submitted,

**RIGRODSKY LAW, P.A.**

*/s/ Timothy J. MacFall*
Seth D. Rigrodsky
Timothy J. MacFall
Gina M. Serra
Vincent A. Licata
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Tel. No. (516) 683-3516
Fax:     (302) 654-7530
Email:   sdr@rl-legal.com
         tjm@rl-legal.com
         gms@rl-legal.com
         vl@rl-legal.com

*Attorneys for Movant*
*Dr. Rami E. Geffner*

8