**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LEONEL VALDÉS, Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>KANDI TECHNOLOGIES GROUP, INC., HU XIAOMING, JEHN MING LIM, and ZHU XIAOYING,<br><br>        Defendants. | **CASE No.: 2:20-cv-06042-LDH-AYS**<br><br>**OPPOSITION OF SHAWN KEATING TO COMPETING LEAD PLAINTIFF MOTIONS**<br><br><u>CLASS ACTION</u><br><br>February 23, 2021 |

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ................................................................................1

**ARGUMENT**.........................................................................................................2

    **I.**    **COMPETING MOVANTS ARE INADEQUATE** ......................................... 3

      **a.**    **The Kandi Group Is an Improper Group and Should Not be Split** .......................... 3

      **b.**    **Geffner Does Not Have the Greatest Financial Interest and Is Not an Adequate Lead Plaintiff Movant and Is Subject to Unique Defenses** ........................................ 5

    **II.**    **KEATING SHOULD BE APPOINTED LEAD PLAINTIFF** ....................................... 8

    **III.**    **KEATING'S SELECTION OF COUNSEL SHOULD BE APPROVED**................. 8

    **IV.**    **COMPETING MOTIONS SHOULD BE DENIED**.................................................... 9

**CONCLUSION** ...................................................................................................10

## TABLE OF AUTHORITIES

**Pages**

**Cases**

*Abouzied v. Applied Optoelectronics, Inc.*,
  2018 WL 539362 (S.D. Tex. Jan. 22, 2018) ........................................................................... 5

*Bensley v. FalconStor Software, Inc.*,
  277 F.R.D. 231 (E.D.N.Y. 2011) ........................................................................................... 2

*Camp v. Qualcomm Inc.*,
  2019 WL 277360 (S.D. Cal. Jan. 22, 2019) ........................................................................... 7

*Camp v. Qualcomm Inc.*,
  2019 WL 3554798 (S.D. Cal. Aug. 5, 2019) .......................................................................... 7

*Dean v. China Agritech, Inc.*,
  2011 WL 5148598 (C.D. Cal. Oct. 27, 2011) ....................................................................... 10

*Elstein v. Net1 UEPS Techs., Inc.*,
  2014 WL 3687277 (S.D.N.Y. July 23, 2014) ......................................................................... 3

*Henning v. Orient Paper, Inc.*,
  2011 WL 2909322 (C.D. Cal. July 20, 2011) ......................................................................... 9

*Hufnagle v. RINO International Corp.*,
  2013 WL 3976833 (C.D. Cal. Aug. 1, 2013) .......................................................................... 9

*In re Boeing Co. Aircraft Sec. Litig.*,
  2019 WL 6052399 (N.D. Ill. Nov. 15, 2019) .......................................................................... 7

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001) .................................................................................................... 2

*In re China Educ. Alliance, Inc. Sec. Litig.*,
  2011 WL 4978483 (C.D. Cal. Oct. 11, 2011) ......................................................................... 9

*In re Fuwei Films Sec. Litig.*,
  634 F. Supp. 2d 419 (S.D.N.Y. 2009) .................................................................................... 9

*In re Molson Coors Brewing Co. Sec. Litig.*,
  233 F.R.D. 147 (D. Del. 2005) ............................................................................................... 9

*In re Ply Gem Holdings, Inc., Securities Litigation*,
  2014 WL 12772081 (S.D.N.Y. Oct. 14, 2014) ...................................................................... 4

*In re Razorfish, Inc. Sec. Litig.*,
  143 F. Supp. 2d 304 (S.D.N.Y. 2001) ............................................................................... 3, 5

*Int'l Union of Operating Engineers Local No. 478 Pension Fund v. FXCM Inc.*,
2015 WL 7018024 (S.D.N.Y. Nov. 12, 2015) ................................................................... 3

*Irving Firemen's Relief & Ret. Fund v. Tesco PLC*,
2015 WL 1345931 (S.D.N.Y. Mar. 19, 2015) ................................................................... 7

*Jakobsen v. Aphria, Inc.*,
2019 WL 1522598 (S.D.N.Y. Mar. 27, 2019) ................................................................ 4, 5

*Karp v. Diebold Nixdorf, Inc.*,
2019 WL 5587148 (S.D.N.Y. Oct. 30, 2019) ................................................................... 7

*Khunt v. Alibaba Grp. Holding Ltd.*,
102 F. Supp. 3d 523 (S.D.N.Y. 2015) ............................................................................. 3

*Kniffin v. Micron Tech., Inc.*,
379 F. Supp. 3d 259 (S.D.N.Y. 2019) .......................................................................... 3, 4

*Lewy v. SkyPeople Fruit Juice, Inc.*,
2012 WL 3957916 (S.D.N.Y. Sept. 10, 2012) ................................................................. 9

*Lomingkit v. Apollo Educ. Grp. Inc.*,
2016 WL 3345514 (D. Ariz. June 16, 2016) ................................................................... 8

*Marcus v. J.C. Penney Co., Inc.*,
2014 WL 11394911 (E.D. Tex. Feb. 28, 2014) ............................................................... 5

*Martinez v. Johnson, et al.*,
L-000061-20 (N.J. Sup. Ct. Law Div., Jan. 24, 2020) .................................................... 8

*Munoz v. China Expert Technology, Inc.*,
2011 WL 5346323 (S.D.N.Y. Nov. 7, 2011) ................................................................... 9

*Nager v. Websecure, Inc.*,
1997 WL 773717 n.1 (D. Mass. Nov. 26, 1997) .............................................................. 7

*Perez v. HEXO Corp.*,
2020 WL 905753 (S.D.N.Y. Feb. 25, 2020) ................................................................... 7

*Perry v. Duoyuan Printing, Inc.*,
2013 WL 4505199 (S.D.N.Y. Aug. 22, 2013) ................................................................. 9

*Rose v. Deer Consumer Products, Inc.*,
2011 WL 6951969 (C.D. Cal. Dec. 29, 2011) ................................................................ 9

*Snellink v. Gulf Res., Inc.*,
870 F. Supp. 2d 930 (C.D. Cal. 2012) ............................................................................. 9

*Solley v. Geffner*,
L-001900-19 (N.J. Sup. Ct. Law Div., Sep. 6, 2019) ...................................................... 8

*Steamfitters Local 449 Pension Fund v. Central European Distribution Corp.*,
   2012 WL 3638629 (D.N.J. Aug. 22, 2012)................................................................. 6

*Stires v. Eco Science Solutions, Inc.*,
   2018 WL 5784817 (D.N.J. Feb. 14, 2018).................................................................. 4

*Stream SICAV v. Wang*,
   989 F. Supp. 2d 264 (S.D.N.Y. 2013)........................................................................ 9

*Takata v. Riot Blockchain, Inc.*,
   2018 WL 5801379 (D.N.J. Nov. 6, 2018)............................................................... 3, 4

*Tomaszewski v. Trevena, Inc.*,
   383 F. Supp. 3d 409 (E.D. Pa. 2019) ......................................................................... 7

*Tsirekidze v. Syntax-Brillian Corp.*,
   2008 WL 942273 (D.Az. Apr. 7, 2008) ...................................................................... 5

*Vanleeuwen v. Keyuan Petrochemicals, Inc.*,
   2013 WL 2247394 (C.D. Cal May 9, 2013)................................................................ 9

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
   589 F. Supp. 2d 388 (S.D.N.Y. 2008)........................................................................ 4

*Walsh v. NJ Certified Dermatology, LLC, et al.*,
   L-002780-20 (N.J. Super. Ct. Law Div., Aug. 24, 2020)........................................... 7

## Statutes

15 U.S.C. § 78u-4(a)(3)(B) ............................................................................................... 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)................................................................................... 8

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ............................................................................ 9

15 U.S.C. § 78u-4(a)(3)(B)(v) ......................................................................................... 8

## Rules

Fed. R. Civ. P. .................................................................................................................. 2

## PRELIMINARY STATEMENT

Before the Court are two competing lead plaintiff motions.[1] Of the movants, only two movants – Manfred Schumacher, Mohammad Fakir, and Kasser Akil (the "Kandi Group") and Rami Geffner ("Geffner") – claim to have suffered larger losses than Shawn Keating ("Keating"). However, none of these competing movants qualify as the presumptive lead plaintiff as they cannot meet Rule 23's typicality and adequacy requirements.

| Movant | Loss |
|---|---|
| 1. Kandi Group | $769,313.98 |
| 1a. Manfred Schumacher | $383,600.00 |
| 1b. Mohammad Fakir | $257,813.98 |
| 1c. Kasser Akil | $127,900.00 |
| 2. Rami E. Geffner[2] | $211,984.90 |
| 2a. Rami E. Geffner | $44,756.72 |
| 2b. NJ Certified Dermatology PC | $167,228.18 |
| 3. Shawn Keating | $169,000.00 |

Of the remaining movants, Keating has the greatest losses and satisfies the adequacy and typicality requirements of Rule 23. As such, the PSLRA provides that Keating is presumed to be the "most adequate plaintiff" and, therefore, should be appointed lead plaintiff on behalf of the putative class. *See* 15 U.S.C. § 78u4(a)(3)(B)(iii)(I).

---

[1] On February 22, 2021, movants Sanjay Matneja, Hoang Tran, and Leonel Valdés (collectively, the "Kandi Investor Group") withdrew their lead plaintiff motion. (Dkt. No. 32). On February 23, 2021, movants Joseph Yenovkian, Kenneth Gardner, Christopher Brown, and Barry Challis (collectively, the "Investor Group") filed a notice of non-opposition to competing motions. (Dkt. No. 34). On February 23, 2021, movant Kin Hang Tsoy filed a notice of non-opposition to competing motions. (Dkt. No. 35). On February 23, 2021, movant Rami E. Geffner filed a notice of non-opposition to competing motions. (Dkt. No. 36). On February 23, 2021, movant Miahi Adrian Caluseru filed a notice of non-opposition to competing motions. (Dkt. No. 37). On February 23, 2021, movant Mazen Altubuh filed a notice of non-opposition to competing motions. (Dkt. No. 38).

[2] Although Gaffner only presents himself to the Court in his papers, he is claiming the losses for both himself and his business. And although Gaffner filed a notice of non-opposition, Keating raises arguments regarding Gaffner's motion in case the Court will still consider Gaffner's motion.

## ARGUMENT

Under the PSLRA's analysis, Keating should be appointed Lead Plaintiff as "[i]n appointing a lead plaintiff, the court's first duty is to identify the movant that is presumptively entitled to that status." *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001). "Under the PSLRA, the Court must start with the rebuttable presumption that the most adequate plaintiff is the person or entity with the largest financial interest in the relief sought." *Bensley v. FalconStor Software, Inc.*, 277 F.R.D. 231, 234 (E.D.N.Y. 2011) "The [next] criteria required by the PSLRA in evaluating the appropriateness of a proposed class representative requires that the moving plaintiff establish "a prima facie case of typicality and adequacy" under the traditional requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.*

Importantly, "[i]n determining adequacy of representation, the court considers whether "(1) class counsel is qualified, experienced, and generally able to conduct the litigation" and whether "(2) class members do not have interests that are antagonistic to one another."" *Id.* at 235. In addition, "[i]n determining whether the lead plaintiff's claims are typical of those of the class, the court must first determine if "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."" *Id.*

"If (for any reason) the court determines that the movant with the largest losses cannot make a threshold showing of typicality or adequacy, then the court should . . . disqualify that movant from serving as lead plaintiff" and "then identify the movant with the next largest loss, consider whether that movant satisfies Rule 23's requirements, and repeat this process until a presumptive lead plaintiff is identified." *In re Cendant Corp. Litig.*, 264 F.3d at 267.

## I.   COMPETING MOVANTS ARE INADEQUATE

### a.  The Kandi Group Is an Improper Group and Should Not be Split

The Kandi Group, claiming larger losses than Keating, is an improper group of unrelated investors created by counsel. While courts are divided on the issue of whether unrelated investors are permitted to aggregate their losses, the recent trend is to reject unrelated groups. *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 533 (S.D.N.Y. 2015) (rejecting lead plaintiff group with that was "plainly a creation of counsel" and appointing largest individual loss); *Takata v. Riot Blockchain, Inc.*, 2018 WL 5801379, at *5 (D.N.J. Nov. 6, 2018) (refusing to aggregate losses of lead plaintiff groups because each group failed to satisfy the adequacy requirement); *see also Int'l Union of Operating Engineers Local No. 478 Pension Fund v. FXCM Inc.,* 2015 WL 7018024, at *2–3 (S.D.N.Y. Nov. 12, 2015) (rejecting group that failed to provide evidence that their grouping was not the product of lawyer-driven litigation); *Elstein v. Net1 UEPS Techs., Inc.*, 2014 WL 3687277, at *5 (S.D.N.Y. July 23, 2014) (rejecting group as it was "cobbled together" for the purpose of achieving lead plaintiff designation and appointing individual with largest loss); *In re Razorfish, Inc. Sec. Litig.*, 143 F. Supp. 2d 304, 308 (S.D.N.Y. 2001) (rejecting proposed group because it was "simply an artifice cobbled together by cooperating counsel for the obvious purpose of creating a large enough grouping of investors to qualify as lead plaintiff").

Courts require members of a group to make "an evidentiary showing that unrelated members of a group will be able to function cohesively and to effectively manage the litigation apart from their lawyers before its members will be designated as presumptive lead plaintiffs." *Kniffin v. Micron Tech., Inc.*, 379 F. Supp. 3d 259, 262 (S.D.N.Y. 2019). Courts evaluate evidence of:

> (1) the existence of a pre-litigation relationship between group members; (2) involvement of the group members in the litigation thus far; (3) plans for cooperation; (4) the sophistication of its members; and (5) whether the members chose outside counsel, and not vice versa.

3

*See id.*; *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 391 (S.D.N.Y. 2008).

While the Kandi Group submitted a joint declaration in an effort to meet this burden, its boilerplate declarations are insufficient. While the Group asserts that its members spoke with each other prior to the lead plaintiff motion being filed, "what is conspicuously absent [. . .] is any information regarding how these [. . .] apparent strangers [. . .] found each other." *Stires v. Eco Science Solutions, Inc.*, 2018 WL 5784817, at *5 (D.N.J. Feb. 14, 2018) (denying lead plaintiff status to an investor group despite their larger losses due, in part, to the group apparently being "precisely the type of lawyer-created group the Third Circuit cautioned about in *In re Cendant Corp.*" whose members "span[] the country's geography"); *Jakobsen v. Aphria, Inc.*, 2019 WL 1522598, at *2 (S.D.N.Y. Mar. 27, 2019) (vague plans for cooperation and "boilerplate assurances" are insufficient to show that unrelated investors will be able to manage the litigation efficiently); *Kniffin*, 379 F. Supp. 3d at 263  (court not persuaded by declaration that the group would function cohesively); *In re Ply Gem Holdings, Inc., Securities Litigation*, 2014 WL 12772081, at *2 (S.D.N.Y. Oct. 14, 2014) (denying appointment of joint lead plaintiffs even though the group filed a joint declaration because "joint lead plaintiffs run counter to the purposes of the PSLRA, which seeks to avoid lawyer-driven litigation" (internal quotation marks omitted) and "[a]llowing lawyers to combine otherwise unrelated entities as joint lead plaintiffs would encourage the lawyers to drive the litigation"); *Takata*, 2018 WL 5801379 (denying lead plaintiff status to a group of investors because the "joint declaration [did] not allay the [] court's concerns about appointing a loose, attorney-driven group of investors as lead plaintiff.")

Additionally, Schumacher, the Kandi Group member with the greatest loss, has a differently-styled certification than the other two group members. This suggests that Schumacher is represented originally by one of his proposed lead counsel and the other members of the group are represented by the other proposed lead counsel. These facts further demonstrate that the Kandi

4

Group was "cobbled together by cooperating counsel for the obvious purpose of creating a large enough grouping of investors to qualify as 'lead plaintiff,'" and as such should not be appointed. *In re Razorfish, Inc. Securities Litigation*, 143 F. Supp. 2d at 308

Moreover, the Kandi Group's request to be considered individually in its Joint Declaration (Dkt. No. 17-4, at 3) should be rejected. Courts regularly decline to break up movant groups, refusing to break apart groups where there are no separate motions to appoint an individual group member. *Jakobsen*, 2019 WL 1522598, at \*4 ("There are *no separate motions to appoint any member of the Wan Group as lead plaintiff on an individual basis*. As such, this Court does not consider whether each individual member of the Wan Group could be appointed as lead plaintiff.") (Emphasis added); *see also*, *Marcus v. J.C. Penney Co., Inc.*, 2014 WL 11394911, at \*6 (E.D. Tex. Feb. 28, 2014) ("Because [a group member] *did not individually submit a motion for lead plaintiff*, his consideration for appointment as lead plaintiff rises and falls with the group.") (Emphasis added); *Tsirekidze v. Syntax-Brillian Corp.*, 2008 WL 942273, at \*4 (D.Az. Apr. 7, 2008) ("The [movant group] moved for lead plaintiff as a group and will be evaluated as such. The willingness to abandon the group only suggests how loosely it was put together."); *Abouzied v. Applied Optoelectronics, Inc.*, 2018 WL 539362, at \*5 (S.D. Tex. Jan. 22, 2018) ("[W]ithin the Fifth Circuit, courts view with suspicion the hand-picking of group members to serve as sole-lead plaintiff. [. . .] [T]he Court will not consider the suggestion that it select one member of the group. The Court will consider the motion of the collective group.")

### b. Geffner Does Not Have the Greatest Financial Interest and Is Not an Adequate Lead Plaintiff Movant and Is Subject to Unique Defenses

Geffner does not have the greatest financial interest. Geffner's motion papers name only Geffner as a movant.[3] Geffner's company, NJ Certified Dermatology PC ("NJ Dermatology") is

---

[3] "[. . .] Dr. Rami E. Geffner ("Dr. Geffner") [. . .] will move for entry of an Order [. . .] appointing Dr. Geffner as Lead Plaintiff in the above-captioned action [. . .]." (Dkt. No. 24 at 1). "Class

5

not named as a movant in the motion (Dkt. No. 24) or the proposed order (Dkt. No. 24-1), and the memorandum of law (Dkt. No. 27) only mentions the business in passing. *Id.* at 3-6. And although Geffner's PSLRA Certification (Dkt. No. 29-2) says Geffner is declaring and signing "individually and on behalf of NJ Certified Dermatology PC", none of the actual motion papers properly present NJ Dermatology as a movant party. NJ Dermatology, although owned by Geffner, is a legally distinct entity that did not timely move to be considered as lead plaintiff. As such, considering NJ Dermatology's losses without proper presentment would expose Geffner and NJ Dermatology to unique defenses. *Steamfitters Local 449 Pension Fund v. Central European Distribution Corp.*, 2012 WL 3638629, at \*12 (D.N.J. Aug. 22, 2012) (Finding potential unique defenses disqualified a movant, because: 1) the movant was a parent company suing on behalf of a subsidiary; 2) the subsidiary held the legal interest in the securities at issue, and therefore should have been the actual movant; 3) the subsidiary failed to timely file a lead plaintiff motion; and 4) therefore, the subsidiary movant would be subject to unique defenses.) Without properly presenting NJ Dermatology, only Geffner's individual losses can be considered. As set forth above, Geffner individually only lost \$44,756.72, far less than Keating's loss of \$169,000.00.

Geffner is also not an adequate lead plaintiff. Geffner provided little background information on himself. This makes it impossible for the Court to make a determination on Geffner's adequacy and typicality.  Courts have held that movants who provide such sparse information are inadequate to represent the class. *See, e.g., Camp v. Qualcomm Inc.*, 2019 WL 277360 (S.D. Cal. Jan. 22, 2019); *Perez v. HEXO Corp.*, 2020 WL 905753, at \*2-3 (S.D.N.Y. Feb. 25, 2020), *reconsideration denied sub nom. In re HEXO Corp. Sec. Litig.*, 2020 WL 5503634

---

member Dr. Rami E. Geffner is hereby appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B)[.]" (Dkt. No. 24-1 at 2). "Movant Dr. Rami E. Geffner ("Dr. Geffner") respectfully submits this memorandum of law in support of his motion for appointment as Lead Plaintiff[.]" (Dkt. No. 27 at 4).

(S.D.N.Y. Sept. 11, 2020); *In re Boeing Co. Aircraft Sec. Litig.*, 2019 WL 6052399, at \*5 (N.D. Ill. Nov. 15, 2019), *reconsideration denied*, 2020 WL 476658 (N.D. Ill. Jan. 28, 2020).

Moreover, errors riddle Geffner's motion papers. Geffner's Loss Chart (Dkt. No. 29-3) misspells his name as "Rami S. Geffner," whereas the other motion papers name "Rami E. Geffner." *Compare*, Dkt. No. 29-3 at 2; 24 at 1; 24-1 at 2; 27 at 1 and 4; 29 at 1; and 29-2 at 2-3. The trades listed in Geffner's PSLRA Certification (Dkt. No. 29-2) do not comport with those in Geffner's Loss Chart. Courts have readily denied lead plaintiff motions in the past where errors in a movant's filings caused the court to question the movant's reliability to serve as a class representative. *See, e.g., Irving Firemen's Relief & Ret. Fund v. Tesco PLC*, 2015 WL 1345931, at \*2-3 (S.D.N.Y. Mar. 19, 2015) (finding that discrepancies in movant's financial data precluded the court from verifying movant's claimed losses, which undermined movant's adequacy as lead plaintiff); *Karp v. Diebold Nixdorf, Inc.*, 2019 WL 5587148, at \*6 (S.D.N.Y. Oct. 30, 2019), *adhered to on reconsideration*, 2019 WL 6619351 (S.D.N.Y. Dec. 5, 2019) (same); *Tomaszewski v. Trevena, Inc.*, 383 F. Supp. 3d 409, 414-15 (E.D. Pa. 2019) (same); *see also Camp v. Qualcomm Inc.*, 2019 WL 3554798, at \*2 (S.D. Cal. Aug. 5, 2019) (*citing Nager v. Websecure, Inc.*, 1997 WL 773717, at \*2 n.1 (D. Mass. Nov. 26, 1997)).

Furthermore, Geffner is involved in numerous lawsuits involving himself or his business, NJ Certified Dermatology. *See, Walsh v. NJ Certified Dermatology, LLC, et al.*, L-002780-20 (N.J. Super. Ct. Law Div., Aug. 24, 2020); *Martinez v. Johnson, et al.*, L-000061-20 (N.J. Sup. Ct. Law Div., Jan. 24, 2020); *Solley v. Geffner*, L-001900-19 (N.J. Sup. Ct. Law Div., Sep. 6, 2019). The Court should consider whether a movant so mired in lawsuits is capable of adequately representing the Class.

## II.      KEATING SHOULD BE APPOINTED LEAD PLAINTIFF

Keating, with a loss of $169,000, is the presumptive Lead Plaintiff as he has the remaining largest financial interest and satisfies the typicality and adequacy requirements of Rule 23. Keating should be appointed Lead Plaintiff, and his selection of Lead Counsel should be approved.

To overcome the strong presumption entitling Keating to be appointed Lead Plaintiff, the PSLRA requires "proof" that the presumptive lead plaintiff is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such proof exists in this case, and any arguments to the contrary should be flatly rejected. Competing movants may attempt to conjure up speculative arguments to rebut the presumption in favor of Keating. Any such speculative challenge does not satisfy the PSLRA's requirement that the presumptively most adequate plaintiff may only be rejected if a rival movant presents "proof" that the presumptive Lead Plaintiff, here Keating, will not adequately protect the interests of the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Lomingkit v. Apollo Educ. Grp. Inc.*, 2016 WL 3345514, at *2 (D. Ariz. June 16, 2016).

As Keating has made a demonstration of his typicality and adequacy and has the largest remaining financial interest, and no movant has rebutted the presumption with proof, Keating must be appointed Lead Plaintiff.

## III.      KEATING'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) (the Lead Plaintiff "is primarily responsible for selecting lead counsel.").

Keating has selected The Rosen Law Firm, P.A. as Lead Counsel. The Firm has the resources and expertise to litigate this action efficiently and aggressively. As the Firm's resume

8

reflects, it is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors (Dkt. No. 13-4).

Additionally, Rosen Law has extensive experience litigating numerous securities class actions against Chinese insurers as well as Chinese-centric issues that arise in cases such as this. Rosen Law employs Chinese trained and speaking counsel as well as other professionals on staff. Rosen Law's recent notable achievements include securing a $250 settlement for Alibaba Group Holding Ltd. investors, the largest U.S. securities class action settlement against a Chinese issuer. Other cases involving Chinese-based companies in which Rosen Law was able to achieve recovery for investors include, *Munoz v. China Expert Technology, Inc.,* 2011 WL 5346323 (S.D.N.Y. Nov. 7, 2011) (issues concerning Chinese State Secrecy laws and discovery in China); *Rose v. Deer Consumer Products, Inc.*, 2011 WL 6951969 (C.D. Cal. Dec. 29, 2011) (service of process issues relating to PRC defendants). Rosen Law has also successfully prosecuted claims against Chinese issuers by defeating numerous dismissal motions in such actions.[4]

Thus, the Court may be assured that by approving Keating's selection of counsel, the members of the class will receive excellent legal representation.

## IV.    **COMPETING MOTIONS SHOULD BE DENIED**

The competing motions should be denied as Keating has the greatest financial interest in

---

[4] Reported cases include: *In re Fuwei Films Sec. Litig.*, 634 F. Supp. 2d 419 (S.D.N.Y. 2009) (dismissal denial); *Lewy v. SkyPeople Fruit Juice, Inc.*, 2012 WL 3957916 (S.D.N.Y. Sept. 10, 2012); *Stream SICAV v. Wang*, 989 F. Supp. 2d 264 (S.D.N.Y. 2013); *Perry v. Duoyuan Printing, Inc.*, 2013 WL 4505199 (S.D.N.Y. Aug. 22, 2013); *In re China Educ. Alliance, Inc. Sec. Litig.*, 2011 WL 4978483 (C.D. Cal. Oct. 11, 2011); *Hufnagle v. RINO International Corp.*, 2013 WL 3976833 (C.D. Cal. Aug. 1, 2013) (denial of motion filed by auditor of PRC company); *Henning v. Orient Paper, Inc.*, 2011 WL 2909322 (C.D. Cal. July 20, 2011); *Snellink v. Gulf Res., Inc.*, 870 F. Supp. 2d 930 (C.D. Cal. 2012); *Vanleeuwen v. Keyuan Petrochemicals, Inc.*, 2013 WL 2247394 (C.D. Cal May 9, 2013); *Dean v. China Agritech, Inc.*, 2011 WL 5148598 (C.D. Cal. Oct. 27, 2011).

the litigation and should therefore be appointed lead plaintiff without further analyses. In no way is Keating conceding or acknowledging that the competing movants are adequate or that their claims are typical. Keating reserves the right to address the competing movants' adequacy or typicality, should the Court reach those motions.

## CONCLUSION

For the foregoing reasons, Keating respectfully requests the Court issue an Order: (1) appointing Keating as Lead Plaintiff of the Class; (2) approving Keating's selection of The Rosen Law Firm, P.A. as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: February 23, 2021                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

10

**CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2021, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Phillip Kim

11