**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LEONEL VALDÉS, Individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br> KANDI TECHNOLOGIES GROUP, INC., HU XIAOMING, JEHN MING LIM, and ZHU XIAOYING,<br><br>  Defendants. | Case No.: 2:20-cv-06042-LDH<br><br> Hon. LaShann DeArcy Hall |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF MANFRED SCHUMACHER, MOHAMMAD FAKIR, AND KASSER AKIL'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF SELECTION OF COUNSEL AND IN <u>OPPOSITION TO THE COMPETING MOTIONS</u>**

## TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT ..................................................................................1

II.   ARGUMENT ..........................................................................................................4

    A.   The Kandi Movants are the Presumptive Lead Plaintiffs ................................4

        1.   The Kandi Movants have the Largest Financial Interest in the Relief Sought by the Class By a Wide Margin ................................................................4

        2.   The Kandi Movants Have Made the Requisite *Prima Facie* Showing of Their Typicality and Adequacy Under Rule 23 ........................................................6

    B.   No Movant can Rebut the Strong Presumption in Favor of Appointing the Kandi Movants as Lead Plaintiffs ................................................................................10

    C.   All Competing Lead Plaintiff Motions Should be Denied...........................................11

III.  CONCLUSION ....................................................................................................11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Atanasio v. Tenaris S.A.*,
331 F.R.D. 21 (E.D.N.Y. 2019) ...................................................................................4, 6

*Barnet v. Elan Corp.,*
236 F.R.D. 158 (S.D.N.Y. 2005) ...................................................................................8

*Bruce v. Suntech Power Holdings Co.,*
2012 WL 5927985 (N.D. Cal. Nov. 13, 2012) ..............................................................8

*Burnham v. Qutoutiao Inc.*,
20-CV-6707 (SHS), 2020 WL 6484490 (S.D.N.Y. Nov. 4, 2020)...........................................7

*Goldstein v. Puda Coal, Inc.*,
827 F. Supp. 2d 348 (S.D.N.Y. 2011) ...........................................................................3

*Hansen v. Ferrellgas Partners, L.P.*,
16-CV-, 2017 WL 281742 (S.D.N.Y. Jan. 19, 2017) ....................................................10

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) .........................................................................................6

*In re eSpeed, Inc. Securities Litig.,*
232 F.R.D. 95 (S.D.N.Y. 2005) .....................................................................................2

*In re Millennial Media, Inc. Securities Litig.*,
87 F. Supp. 3d 563 (S.D.N.Y. 2015)..............................................................................7

*In re Sequans Commun. S.A. Securities Litig.*,
289 F. Supp. 3d 416 (E.D.N.Y. 2018)........................................................................3, 8

*Kasilingam v. Tilray, Inc.*,
1:20-CV-03459-PAC, 2020 WL 4530357 (S.D.N.Y. Aug. 6, 2020)..................................2, 10

*Law Enf't Ret. Sys. v. Adeptus Health Inc.,*
C.A. No. 4:17-CV-00449, 2017 WL 3780164 (E.D. Tex. Aug. 31, 2017) ................................9

*Lee v. iQIYI, Inc.,*
20-CV-1830-LDH-JO, 2020 WL 6146862 (E.D.N.Y. Oct. 20, 2020)..................................8

*Omdahl v. Farfetch Ltd.*,
19-CV-8657 (AJN), 2020 WL 3072291 (S.D.N.Y. June 10, 2020) .......................................10

*Reitan v. China Mobile Games & Ent. Group, Ltd.*,
  68 F. Supp. 3d 390 (S.D.N.Y. 2014)......................................................................................8

*Robb v. Fitbit Inc.*,
  2016 WL 2654351 (N.D. Cal. May 10, 2016).......................................................................8

*Rosi v. Alcaris Therapeutics, Inc.*,
  19-CV-7118-LTS-JLC, 2019 WL 5778445 (S.D.N.Y. Nov. 6, 2019)..................................10

*Silverberg v. Dryships Inc.*,
  No. 17-CV-4547-SJF-ARL, 2018 WL 10669653 (E.D.N.Y. Aug. 21, 2018)..........................8

*Simco v. Aegean Marine Petroleum Network Inc.*,
  18-CV-4993-NRB, 2018 WL 11226076 (S.D.N.Y. Oct. 30, 2018) .........................................2

*Sofran v. LaBranche & Co., Inc.*,
  220 F.R.D. 398 (S.D.N.Y. 2004) .........................................................................................7

*Teamsters Loc. Union No. 727 Pension Fund*,
  19 CV 1108 (FB)(LB), 2019 WL 7287202 (E.D.N.Y. May 24, 2019)...................................4

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
  589 F. Supp. 2d 388 (S.D.N.Y. 2008)...................................................................................8

*White Pine Investments v. CVR Refining, LP*,
  20 CIV. 2863 (AT), 2021 WL 38155 (S.D.N.Y. Jan. 5, 2021) ..............................................9

*Xiangdong Chen v. X Fin.*,
  No. 19-CV-6908-KAM-SJB, 2020 WL 2478643 (E.D.N.Y. May 13, 2020) ..........................8

**Statutes**

15 U.S.C. § 78u-4 ...................................................................................................passim

1

Lead Plaintiff movants Manfred Schumacher, Mohammad Fakir, and Kasser Akil (the "Kandi Movants") respectfully submit this memorandum of law in opposition to all other competing lead plaintiff motions and in further support of their motion for: (i) appointment as Lead Plaintiffs in the above captioned action (the "Action"); and (ii) approval of their selection of Bernstein Liebhard LLP ("Bernstein Liebhard") and Levi & Korsinsky, LLP ("Levi & Korsinsky") as Co-Lead Counsel for the proposed Class (the "Motion").[1]

## I.   PRELIMINARY STATEMENT

On February 9, 2021, eight movants or movant groups timely filed motions for appointment as Lead Plaintiff in the Action.[2]  A review of these motions makes it abundantly clear that the Kandi Movants have the largest financial interest of any competing movant by **more than three times the closest movant, or over $550,000.**  Moreover, Schumacher and Fakir, two of the three individual Kandi Movants, respectively have the largest and second largest financial interests of any movant in this Action.  The Kandi Movants also handily satisfy the adequacy and typicality requirements of Rule 23, and therefore are the "most adequate" plaintiffs as defined by the PSLRA.  Accordingly, and because there is no proof to rebut the strong presumption in their favor, the Kandi Movants should be appointed Lead Plaintiffs here and all other competing motions should be denied.

---

[1] Unless otherwise defined herein, capitalized terms shall have the same meanings as set forth in Schumacher, Fakir, and Akil's opening memorandum.  *See* ECF No. 16. Unless otherwise indicated, all citations have internal quotations and citations omitted.

[2] Lead Plaintiff motions were filed by: (i) the Kandi Movants; (ii) Dr. Rami E. Geffner; (iii) Hoang Tran, Leonel Valdes, and Sanjay Matneja; (iv) Shawn Keating; (v) Mazen Altubuh; (vi) Mihai Adrian Caluseru; (vii) Kin Hang Tsoy; and (viii) Barry Challis, Christopher Brown, Joseph Yenovkian, and Kenneth Gardner. Movants Sanjay Matneja, Hoang Tran, Leonel Valdes, Joseph Yenovkian, Kenneth Gardner, Christopher Brown, Barry Challis, Kin Hang Tsoy, Rami E. Geffner, Mihai Adrian Caluseru, and Mazen Altubuh submitted notices of non-opposition or withdrawal conceding they do not have the largest financial interest.  *See* ECF No. 32, 34, 35, 36, 37, and 38.

In securities class actions, the PSLRA directs courts to appoint as lead plaintiff the movant or **group of movants** with the "largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Accordingly, in assessing the competing movants here, the Court must first look to each movant's financial interest.   The predominant method for calculating financial interest in this Circuit is to calculate each movant's approximate losses under the "last-in-first-out" ("LIFO") method.  *In re eSpeed, Inc. Securities Litig.,* 232 F.R.D. 95, 101 (S.D.N.Y. 2005) ("more recently, courts have preferred LIFO"); *Simco v. Aegean Marine Petroleum Network Inc.*, 18-CV-4993-NRB, 2018 WL 11226076, at *2 (S.D.N.Y. Oct. 30, 2018) ("[i]n calculating losses, courts in this district have a very strong preference for the last-in, first-out ("LIFO") method").  Under this method, as well as under other Court-approved methods, it is beyond dispute that the Kandi Movants have the largest financial interest of any movant in the Action by a wide margin.

The Kandi Movants sustained over $769,000 in LIFO losses, which vastly exceeds the claimed losses of the two next largest movants – Geffner and Kandi Investor Group 1 – by over $550,000 and $570,000, respectively.  *See* Fig. 1 *infra*.   In fact, two of the Kandi Movants – Schumacher and Fakir – each individually sustained the largest losses of any movant in the Action.  Schumacher and Fakir's individual losses each exceed the movant with the next largest losses (Geffner) by more than $170,000 and $40,000, respectively.   *See* Fig. 2 *infra*. Accordingly, the Kandi Movants undeniably have the largest financial interest in the Action.

Once the movant with the largest financial interest has been established – here, the Kandi Movants – the Court must next look to whether that movant, and that movant alone, satisfies *prima facie* adequacy and typicality under Rule 23.  *Kasilingam v. Tilray, Inc.*, 1:20-CV-03459-

2

PAC, 2020 WL 4530357, at *2 (S.D.N.Y. Aug. 6, 2020) ("[o]nce ... the court identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements."). The Kandi Movants here have easily demonstrated their *prima facie* typicality and adequacy under Rule 23. Their claims are typical of those of other class members because, *inter alia*, they are based on the same legal theory and arise from the same event and course of conduct as those of the Class. *See* ECF No. 16 at 6.

The Kandi Movants are further adequate because they are a small, cohesive group of like-minded, sophisticated investors whose interests are perfectly aligned with the interests of the proposed Class to maximize a recovery for the alleged fraud. The PSLRA expressly allows small, cohesive groups of this very kind to serve as lead plaintiffs. *Goldstein v. Puda Coal, Inc.*, 827 F. Supp. 2d 348, 356 (S.D.N.Y. 2011) (holding that the PSLRA expressly permits a group of persons to be appointed lead plaintiff "so long as the group is relatively small and therefore presumptively cohesive."). The Kandi Movants submitted a sworn declaration accompanying the Motion which demonstrates the level of sophistication of each of its three members, and each member's understanding and commitment to work together to undertake the responsibilities of Lead Plaintiff, which includes managing and overseeing counsel to ensure the efficient and effective prosecution of this Action. ECF No. 17-4 at ¶¶ 4-8.

The Kandi Movants further demonstrated their adequacy because their substantial financial interest will ensure their vigorous prosecution of the proposed Class's claims; they have no conflicts with other Class members; and they have selected experienced counsel, Bernstein Liebhard and Levi & Korsinsky, as Co-Lead Counsel for the Class. *In re Sequans Commun. S.A. Securities Litig.*, 289 F. Supp. 3d 416, 423 (E.D.N.Y. 2018).

3

For these reasons, the Kandi Movants are entitled to the PSLRA's "strong presumption" of being the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Teamsters Loc. Union No. 727 Pension Fund*, 19 CV 1108 (FB)(LB), 2019 WL 7287202, at *4 (E.D.N.Y. May 24, 2019). This strong presumption can only be rebutted with "proof" that the Kandi Movants are somehow inadequate or atypical. No such proof exists here. Accordingly, the Court should grant the Kandi Movants' motion in its entirety and deny all other competing lead plaintiff motions.

## II.  ARGUMENT

### A.  The Kandi Movants are the Presumptive Lead Plaintiffs

#### 1.  The Kandi Movants have the Largest Financial Interest in the Relief Sought by the Class By a Wide Margin

The Kandi Movants have the largest financial interest of any competing movant by **over $550,000, or more than three times the closest competing movant**. In determining the movant or group of movants with the largest financial interest, the most important factor is approximate losses, which courts in this Circuit prefer to calculate using the LIFO methodology. *See* 15 U.S.C. § 78u-4; *Atanasio v. Tenaris S.A.*, 331 F.R.D. 21, 27 (E.D.N.Y. 2019). Under this methodology, there is no contest – the Kandi Movants' losses are much larger than the losses asserted by any other movant:

**Figure 1**

| Movant | LIFO Loss |
| --- | --- |
| Manfred Schumacher | $383,600 |
| Mohammad Fakir | $257,813.98 |
| Kasser Akil | $127,900 |
| **Kandi Movants Total Losses** | **$769,313.98** |

4

| | |
|---|---|
| ~~Dr. Rami E. Geffner~~ | ~~$211,984.90~~ |
| | |
| ~~Sanjay Matneja~~ | ~~$97,466~~ |
| ~~Hoang Tran~~ | ~~$56,730~~ |
| ~~Leonel Valdes~~ | ~~$38,159~~ |
| ~~Kandi Investor Group 1 Total Losses~~ | ~~$192,354~~ |
| | |
| **Shawn Keating** | **$169,000** |
| | |
| ~~Mazen Altubuh~~ | ~~$134,690~~ |
| | |
| ~~Mihai Adrian Caluseru~~ | ~~$87,494.64~~ |
| | |
| ~~Kin Hang Tsoy~~ | ~~$56,201.72~~ |
| | |
| ~~Joseph Yenovkian~~ | ~~$18,966.67~~ |
| ~~Kenneth Gardner~~ | ~~$10,660~~ |
| ~~Christopher Brown~~ | ~~$10,543.70~~ |
| ~~Barry Challis~~ | ~~$9,360.36~~ |
| ~~Kandi Investor Group 2 Total Losses~~ | ~~$49,530.731~~ |

Moreover, two of the three individual Kandi Movants have the largest and second largest financial interest of any movant in the Action. As shown in Figure 2 below, Schumacher's losses alone exceed the next largest movant's losses (Geffner) by over $170,000. Likewise, Fakir's losses alone exceed Geffner's losses by over $40,000:

**Figure 2**

5

| Movant | LIFO Loss |
|---|---|
| Manfred Schumacher | $383,600 |
| Mohammad Fakir | $257,813.98 |
| ~~Dr. Rami E. Geffner~~ | ~~$211,984.90~~ |
| Shawn Keating | $169,000 |
| ~~Mazen Altubuh~~ | ~~$134,690~~ |
| Kasser Akil | $127,900 |
| ~~Sanjay Matneja~~ | ~~$97,466~~ |
| ~~Mihai Adrian Caluseru~~ | ~~$87,495~~ |
| ~~Hoang Tran~~ | ~~$56,730~~ |
| ~~Kin Hang Tsoy~~ | ~~$56,202~~ |
| ~~Leonel Valdes~~ | ~~$38,159~~ |
| ~~Joseph Yenovkian~~ | ~~$18,967~~ |
| ~~Kenneth Gardner~~ | ~~$10,660~~ |
| ~~Christopher Brown~~ | ~~$10,544~~ |
| ~~Barry Challis~~ | ~~$9,360~~ |

The Kandi Movants submit that the foregoing conclusively resolves the financial interest inquiry.[3]

**2.      The Kandi Movants Have Made the Requisite *Prima Facie* Showing of Their Typicality and Adequacy Under Rule 23**

Once the movant with the largest financial interest has been established – here, the Kandi Movants – the Court must next assess whether that movant, and that movant alone, has satisfied *prima facie* Rule 23 typicality and adequacy. *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir.

---

[3] The Kandi Movants have the largest financial interest when calculated under any court-approved methodology, including the *Olsten-Lax* factor method. *See Atanasio*, 331 F.R.D. at 27 (in assessing the financial interests of the parties competing for lead plaintiff status, the court will generally consider the following: (1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period; (3) the net funds expended during the class periods; and (4) the approximate losses suffered). The Kandi Movants purchased the most total shares (136,781) and net shares (135,481) of Kandi during the Class Period, had the greatest net expenditures on Kandi securities ($1,927,001), and had the greatest financial loss of any competing movant ($769,314.98).

6

2002) ("[s]o long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job."). Here, the Kandi Movants handily satisfy the typicality and adequacy requirements of Rule 23. Moreover, it is well established that the Court's consideration of adequacy and typicality is not a "beauty contest" among the movants. *See Sofran v. LaBranche & Co., Inc.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("Once the court identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements.")

The Kandi Movants easily satisfy the typicality requirement of Rule 23. Their claims are typical of those of other Class members because, like other Class members, the Kandi Movants purchased Kandi securities during the Class Period at prices artificially inflated by Defendants' misrepresentations and/or omissions. The Kandi Movants suffered substantial losses as a result of the alleged fraud in the Action. Moreover, the Kandi Movants' claims are based on the same legal theory and arise from the same events and course of conduct as the claims of the proposed Class as a whole. *In re Millennial Media, Inc. Securities Litig.*, 87 F. Supp. 3d 563, 571 (S.D.N.Y. 2015) ("Lead plaintiffs' claims are typical where each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.").

The Kandi Movants have demonstrated their adequacy to serve as Lead Plaintiffs. First, the Kandi Movants have the largest financial interest in this Action. This will ensure their vigorous and adequate prosecution of the Class's claims. *Burnham v. Qutoutiao Inc.*, 20-CV-6707 (SHS), 2020 WL 6484490, at *3 (S.D.N.Y. Nov. 4, 2020). Second, the Kandi Movants

7

have no conflicts with other Class Members. Indeed, their interests are perfectly aligned with the interests of the Class to maximize a recovery for the alleged fraud in this Action. *Reitan v. China Mobile Games & Ent. Group, Ltd.*, 68 F. Supp. 3d 390, 400 (S.D.N.Y. 2014).

Second, the Kandi Movants are a permissible group of shareholders who will adequately represent the Class. "The majority of courts permit unrelated investors to join together as a group, and evaluate a motion to do so on a case-by-case basis, evaluating whether the grouping best serves the interest of the class." *Sequans*, 289 F. Supp. 3d at 423, citing *Varghese v. China Shenghuo Pharm. Holdings, Inc.,* 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008).[4]  When making this determination, courts have examined: "(i) the size of the [group]; (ii) any evidence that the group was formed in bad faith; and (iii) the relationship between the parties." *Sequans*, 289 F. Supp. 3d at 423, citing *Barnet v. Elan Corp.,* 236 F.R.D. 158, 162 (S.D.N.Y. 2005).

The Kandi Movants, a small cohesive group of just three investors, was not formed in bad faith because two of its members, Schumacher and Fakir, possess the two largest individual losses out of all the movants. "[T]his is simply not a case where a group of unrelated investors has been cobbled together as a 'group' to displace a single competing [] investor, or a smaller, closely-related group of investors." *Barnet,* 236 F.R.D. at 163 (appointing unrelated group of six investors where there was no evidence of bad faith and "even were the Court to deconstruct the Group, two of its individual members would still have the largest financial interest").[5]

---

[4] Examples of group appointments abound. *See, e.g., Lee v. iQIYI, Inc.,* 20-CV-1830-LDH-JO, 2020 WL 6146862, at *3 (E.D.N.Y. Oct. 20, 2020) (appointing a two person group to serve as lead plaintiff); *Xiangdong Chen v. X Fin*., No. 19-CV-6908-KAM-SJB, 2020 WL 2478643, at *5 (E.D.N.Y. May 13, 2020) (same); *Silverberg v. Dryships Inc.,* No. 17-CV-4547-SJF-ARL, 2018 WL 10669653, at *11 (E.D.N.Y. Aug. 21, 2018) (appointing a five person unrelated group to serve as lead plaintiff upon reconsideration).

[5] *See also, e.g., Robb v. Fitbit Inc.,* 2016 WL 2654351, at *5 (N.D. Cal. May 10, 2016) (courts are more willing to appoint a group of unrelated investors if the group contains an individual investor that would otherwise be entitled to the status as presumptive lead plaintiff); *Bruce v.*

8

Third, the Kandi Movants have demonstrated their adequacy by submitting a Joint Declaration (ECF No. 17-4) attesting that each movant is a sophisticated investor, knowledgeable about the litigation, and committed to working together as Lead Plaintiffs to protect the interests of the Class. *See White Pine Investments v. CVR Refining, LP*, 20 CIV. 2863 (AT), 2021 WL 38155, at *2 (S.D.N.Y. Jan. 5, 2021). As set forth in the Joint Declaration, the Kandi Movants acknowledge that each movant understands the obligations of a lead plaintiff under the PSLRA and plans to prosecute this action efficiently. *See* ECF No. 17-4 ¶¶ 9-11. The Joint Declaration makes clear that Schumacher, Fakir, and Akil are all sophisticated investors with collective investing experience of more than 40 years. *Id*. at ¶¶ 4-6; 9. The Joint Declaration also informs the Court that this is the first time that any of the Kandi Movants has pursued a lead plaintiff position and as such they wanted to collaborate with other Kandi investors who suffered large losses in pursuing the claims alleged in the Action. *Id*. at ¶ 7.

Fourth, the Kandi Movants communicated with one another prior to the filing of their Motion regarding the (i) facts and the merits of the claims alleged in this Action; (ii) the strategy for the prosecution of this Action; (iii) mechanisms to efficiently and effectively oversee counsel and manage this Action; (iv) the losses each movant suffered as a result of the alleged fraud; (v) their different backgrounds; (vi) their commitment to and interest in serving as Lead Plaintiffs; and (iv) strategies to stay in communication with one another throughout the litigation. *Id.* at ¶ 8. The Kandi Movants also established methods to communicate with one another and a robust

---

*Suntech Power Holdings Co.,* 2012 WL 5927985, at *2 (N.D. Cal. Nov. 13, 2012) (same); *Okla. Law Enf't Ret. Sys. v. Adeptus Health Inc.,* C.A. No. 4:17-CV-00449, 2017 WL 3780164, at *6 (E.D. Tex. Aug. 31, 2017) ("The individual losses of both [members] surpass those of any other putative lead plaintiff here" which "removes any real concern that this group of two class members was formed only to manufacture the greatest financial interest in order to be appointed lead plaintiff, and each individual plaintiff will remain invested in the outcome of the litigation.").

decision-making procedure. *Id.* at ¶¶ 11, 13. The Kandi Movants submit this further demonstrates their adequacy.

Finally, the Kandi Movants have demonstrated their adequacy by selecting qualified counsel with substantial experience litigating securities class actions. *See* ECF No. 17-5; *Rosi v. Alcaris Therapeutics, Inc.,* 19-CV-7118-LTS-JLC, 2019 WL 5778445, at *4 (S.D.N.Y. Nov. 6, 2019) (the adequacy requirement is satisfied where "class counsel is qualified, experienced, and generally able to conduct the litigation.").

For these reasons, the Kandi Movants satisfy the typicality and adequacy requirements of Rule 23 and are entitled to the PSLRA's "strong presumption" for being appointed Lead Plaintiff. *Hansen v. Ferrellgas Partners, L.P.*, 16-CV-7840 (RJS), 2017 WL 281742, at *5 (S.D.N.Y. Jan. 19, 2017) ("[a]ccordingly, because the Batai Group was a timely movant, holds the largest financial interest, and satisfies Rule 23's requirements, the group is presumptively the most adequate plaintiff.").

**B.      No Movant can Rebut the Strong Presumption in Favor of Appointing the Kandi Movants as Lead Plaintiffs**

Courts in this Circuit and all over the nation have repeatedly held that once the presumption of being the most adequate plaintiff is triggered, the Court must focus on the presumptive plaintiff alone. *Kasilingam*, 2020 WL 4530357, at *2.

The "strong presumption" in favor of appointing the Kandi Movants as Lead Plaintiffs can only be rebutted with "proof" that the Kandi Movants are somehow atypical or inadequate. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II); *see also Omdahl v. Farfetch Ltd.*, 19-CV-8657 (AJN), 2020 WL 3072291, at *2 (S.D.N.Y. June 10, 2020) ("[t]his presumption may only be rebutted by proof that the purportedly most adequate plaintiff will not fairly and adequately protect the interests of the class or is subject to unique defenses that render such plaintiff incapable of

adequately representing the class."). No such proof exists here. Accordingly, the Kandi Movants' motion should be granted.

### C.    All Competing Lead Plaintiff Motions Should be Denied

The Kandi Movants have the largest financial interest in this Action by a wide margin, have made a *prima facie* showing of their typicality and adequacy, and there is no proof to rebut the strong presumption in favor of appointing them as Lead Plaintiff. This alone is sufficient for the Court to grant the Kandi Movants' motion and to deny all other competing motions for appointment as Lead Plaintiff. Nevertheless, there are other compelling and independent reasons to deny the motions of the other competing movants.

### III.    CONCLUSION

For the foregoing reasons, the Kandi Movants respectfully request that the Court grant their Motion and enter an Order: (1) appointing Schumacher, Fakir, and Akil, as Lead Plaintiffs, (2) approving their selection of Bernstein Liebhard and Levi & Korsinsky as Co-Lead Counsel for the Class, (3) denying all other competing motions for appointment as Lead Plaintiff, and (4) granting such other and further relief as the Court deems just and proper.

Dated: February 23, 2021

Respectfully Submitted,

**BERNSTEIN LIEBHARD LLP**

*/s/ Laurence J. Hasson*
Laurence J. Hasson
Matthew E. Guarnero
10 East 40th Street
New York, NY 10016
Tel: (212) 779-1414
Fax: (212) 779-3218
Email: lhasson@bernlieb.com
       mguarnero@bernlieb.com

**LEVI & KORSINSKY, LLP**
Shannon L. Hopkins (SH-1887)
55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: shopkins@zlk.com

*Co-Lead Counsel for Schumacher, Fakir,
and Akil and [Proposed] Lead Counsel for
the Class*

12