**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEONEL VALDÉS, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>KANDI TECHNOLOGIES GROUP, INC., HU XIAOMING, JEHN MING LIM, and ZHU XIAOYING,<br><br>Defendants. | **CASE No.: 2:20-cv-06042-LDH-AYS**<br><br>**REPLY MEMORANDUM OF LAW OF SHAWN KEATING IN FURTHER SUPPORT OF HIS LEAD PLAINTIFF MOTION**<br><br>**CLASS ACTION**<br><br>March 2, 2021 |

## TABLE OF CONTENTS

**A. The Kandi Group Does Not Contest Keating's Adequacy or Typicality**......................... 1

**B. The Kandi Group is an Improper Group** ........................................................................ 1

**C. The Kandi Group Should Not and Cannot Be Split** ...................................................... 4

**CONCLUSION** ............................................................................................................................ 5

i

## TABLE OF AUTHORITIES

**Pages**

**Cases**

*Brady v. Top Ships Inc.*,
324 F. Supp. 3d 335 (E.D.N.Y. 2018) .................................................................................. 6

*Bruce v. Suntech Power Holdings Co.*,
No. CV 12-04061 RS, 2012 WL 5927985 (N.D. Cal. Nov. 13, 2012) ..................................... 9

*Chauhan v. Intercept Pharm.*,
No. 21-CV-00036 (LJL), 2021 WL 235890 (S.D.N.Y. Jan. 25, 2021) ................................ 8, 10

*Elstein v. Net1 UEPS Techs., Inc.*,
No. 13 CIV. 9100 ER, 2014 WL 3687277 (S.D.N.Y. July 23, 2014) ..................................... 7

*In re Cloudera, Inc. Sec. Litig.*,
No. 19-CV-03221-LHK, 2019 WL 6842021 (N.D. Cal. Dec. 16, 2019) .................................. 9

*In re Donnkenny Inc. Sec. Litig.*,
171 F.R.D. 156 (S.D.N.Y. 1987) ........................................................................................... 7

*In re Stitch Fix, Inc. Sec. Litig.*,
393 F. Supp. 3d 833 (N.D. Cal. 2019) .................................................................................. 9

*Jakobsen v. Aphria, Inc.*,
No. 18 CIV. 11376 (GBD), 2019 WL 1522598 (S.D.N.Y. Mar. 27, 2019) ..................... 7, 8, 10

*Jonathan Tan v. NIO Inc.*,
No. 19CV1424NGGVMS, 2020 WL 1031489 (E.D.N.Y. Mar. 3, 2020) ............................... 7, 8

*Khunt v. Alibaba Grp. Holding Ltd.*,
102 F. Supp. 3d 523 (S.D.N.Y. 2015) .................................................................................. 7

*Nakamura v. BRF S.A.*,
No. 18-CV-2213 (PKC), 2018 WL 3217412 (S.D.N.Y. July 2, 2018) .................................... 8

*Oklahoma Law Enf't Ret. Sys. v. Adeptus Health Inc.*,
*No.* 4:17-CV-00449, 2017 WL 3780164 (E.D. Tex. Aug. 31, 2017) ...................................... 9

*Robb v. Fitbit Inc.*,
No. 16-CV-00151-SI, 2016 WL 2654351 (N.D. Cal. May 10, 2016) ..................................... 9

*Silverberg v. DryShips Inc.*,
No. 17CV4547SJFARL, 2018 WL 10669653 (E.D.N.Y. Aug. 21, 2018) ................................ 6

*Takata v. Riot Blockchain, Inc.*,
No. CV182293FLWTJB, 2018 WL 5801379 (D.N.J. Nov. 6, 2018) ................................... 7, 10

ii

*Tsirekidze v. Syntax-Brillian Corp.*,
  No. CV-07-2204-PHX-FJM, 2008 WL 942273 (D. Ariz. Apr. 7, 2008) .................................... 9

*White Pine Investments v. CVR Ref., LP*,
  No. 20 CIV. 2863 (AT), 2021 WL 38155 (S.D.N.Y. Jan. 5, 2021) ........................................... 9

*Xiangdong Chen v. X Fin.*,
  No. 19-CV-6908-KAM-SJB, 2020 WL 2478643 (E.D.N.Y. May 13, 2020) ............................ 6

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) ....................................................................................... 10

Remaining before the Court are two competing motions for appointment lead plaintiff, Keating's and the Kandi Group's.  While the Kandi Group claims losses larger than Keating, it is a group of unrelated investors lacking a pre-existing relationship created by counsel to amass the largest financial interest.  The Kandi Group has submitted insufficient evidence in support of its grouping—namely the conclusory and vague joint declaration.  In contrast, Keating, a retired teacher with over 38 years of investing experience and two Masters' degrees, is a sophisticated investor who lost $169,000.  (Dkt. No. 8-3, at 2).  The Court should reject the Kandi Group and its members and appoint Keating Lead Plaintiff.

## A.  The Kandi Group Does Not Contest Keating's Adequacy or Typicality

The Kandi Group does not challenge Keating's adequacy or typicality. Therefore, if the Court rejects the Kandi Group and its members, then Keating should be appointed Lead Plaintiff and his selection of The Rosen Law Firm, P.A. as Lead Counsel approved.

## B.  The Kandi Group is an Improper Group

The Kandi Group's opposition cites a number of cases where courts in this Circuit have allowed unrelated investor groups to serve as Lead Plaintiff.  (Dkt. No. 40, at 8 n.4).[1]  While courts in the Second Circuit have allowed unrelated investors to aggregate their losses, they do so only on a case-by-case basis depending on whether such a group best serves the class.  *Brady v. Top Ships Inc.*, 324 F. Supp. 3d 335, 345 (E.D.N.Y. 2018).  ("Where the PSLRA allows for unrelated investors to join together, courts will review these groups " 'on a case-by-case basis,' 'if such a grouping would best serve the class.' """).  As Judge Garaufis recently explained, "it is

---

[1] The Kandi Group cites *Xiangdong Chen v. X Fin.*, No. 19-CV-6908-KAM-SJB, 2020 WL 2478643 (E.D.N.Y. May 13, 2020), but the movant group was uncontested. In another case, *Silverberg v. DryShips Inc.*, No. 17CV4547SJFARL, 2018 WL 10669653 (E.D.N.Y. Aug. 21, 2018), the appointed group was "presumptively cohesive." Here, the Kandi Group is not presumptively cohesive – every member of the Kandi Group expressed their willingness to be appointed as sole lead plaintiff.

1

a long-standing rule in this and other circuits that 'pastiche plaintiffs whose grouping appears to be solely the product of the litigation' are generally not suitable to serve as lead plaintiff." *Jonathan Tan v. NIO Inc.*, No. 19CV1424NGGVMS, 2020 WL 1031489, at *3 (E.D.N.Y. Mar. 3, 2020) (quoting *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 532 (S.D.N.Y. 2015)). "This is because '[o]ne of the principal legislative purposes of the PSLRA was to prevent lawyer-driven litigation … [and, as such,] [t]o allow lawyers to designate unrelated plaintiffs as a 'group' … would allow and encourage lawyers to direct the litigation." *Nio*, 2020 WL 1031489, at * 3 (quoting *In re Donnkenny Inc. Sec. Litig.*, 171 F.R.D. 156, 157-58 (S.D.N.Y. 1987)).

Where, as here, a proposed group does not have a "pre-litigation relationship," "'courts have typically required that plaintiffs lacking such a relationship present a more compelling showing' that they will be able to work cohesively for the benefit of the class." *Nio*, 2020 WL 1031489, at *4 (quoting *Jakobsen v. Aphria, Inc.*, No. 18 CIV. 11376 (GBD), 2019 WL 1522598, at *3 (S.D.N.Y. Mar. 27, 2019)); *Elstein v. Net1 UEPS Techs., Inc.*, No. 13 CIV. 9100 ER, 2014 WL 3687277, at *5 (S.D.N.Y. July 23, 2014)). The Kandi Group has failed to make the "compelling showing" to justify its appointment.

First, the Kandi Group was created by their counsel to amass the largest financial interest. The Kandi Group's opposition, like its opening papers, provides no specific client-driven reason for their grouping. No explanation is provided as to how three unrelated investors from Germany, Texas and New York came together. *See Nio,* 2020 WL 1031489, at *4 (rejecting group of geographically dispersed plaintiffs that did not state how they were joined together); *Takata v. Riot Blockchain, Inc.*, No. CV182293FLWTJB, 2018 WL 5801379, at *5 (D.N.J. Nov. 6, 2018) (rejecting group of geographically dispersed plaintiffs that did not state how they were joined together). Nor is any client-driven explanation provided as to why two law firms are required to

2

represent them.  The PSLRA certification of Schumacher is based on a different format template than that of Fakir and Akil. (Dkt. No. 17-1).  Those differences suggest that Schumacher had originally been represented by a separate law firm than Fakir and Akil, and that those firms then banded together to form the group.

Additionally, that individual members of the Kandi Group may have larger financial interests than Keating does not alter the fact that the Kandi Group is an improper group.  In *Chauhan v. Intercept Pharm.*, No. 21-CV-00036 (LJL), 2021 WL 235890, at *5 (S.D.N.Y. Jan. 25, 2021), the court explained:

> "[A]t the time [the movant group] decided to form the group and submit their application [. . .], they had no idea who the other movants would be or the size of their losses. [. . .] The facts thus contradict their contention that they were not "cobbled together" by counsel simply to win the position of lead plaintiff and lead counsel, and not because they believed as a group they could best serve the class."

Second, the Kandi Group's joint declaration (Dkt. No. 17-4)  fails to make the requisite compelling showing of cohesion.  As explained in Keating's opposition (Dkt. No. 39, at 4), the Kandi Group's boilerplate joint declaration is the type that numerous courts have held as "insufficient proof that a group of unrelated investors will be able to effectively manage the litigation."" *Jakobsen*, 2019 WL 1522598, at *2; *Nio,* 2020 WL 1031489 at * 4-5 (same, rejecting similarly worded joint declaration submitted by one of Kandi Group's counsel); *Nakamura v. BRF S.A.*, No. 18-CV-2213 (PKC), 2018 WL 3217412, at *3 (S.D.N.Y. July 2, 2018) ("The joint declaration states that they will *"oversee their counsel," "exercise joint decision-making," "actively monitor the activities of their counsel,"* and that they *"have established procedures for overseeing the progress of the litigation and communicating regularly between ourselves and our counsel."* [. . .] They state that they will *review and discuss "significant case filings with our counsel through joint conference calls"* and take "other measures" to advance the best interests

of the class. [. . .] *Courts have generally rejected such vague assurances as "insufficient proof that a group of unrelated investors will be able to effectively manage the litigation."*) (Emphasis added.).[2]

Third, the Kandi Group's suggestion that the Court should disaggregate the Group in the event the Court rejects it further highlights that the Group is lawyer-driven and not cohesive. "The willingness to abandon the group only suggests how loosely it was put together." *Tsirekidze v. Syntax-Brillian Corp.*, No. CV-07-2204-PHX-FJM, 2008 WL 942273, at *4 (D. Ariz. Apr. 7, 2008). Additionally, if there was a client-driven reason for the grouping (there is no evidence of such in the record), then what is the client-driven reason for the members to abandon one another? The logical explanation is that the law firms, not the clients, are hedging their bets to try to maintain control of the litigation. This is not a proper purpose of a group under the PSLRA.

## C. The Kandi Group Should Not and Cannot Be Split

Each member of the Kandi Group requests in their joint declaration that the group be split

---

[2] The Kandi Group cites to *White Pine Investments v. CVR Ref., LP*, No. 20 CIV. 2863 (AT), 2021 WL 38155 (S.D.N.Y. Jan. 5, 2021) to argue the joint declaration is sufficient. However, *White Pine* involved an uncontested movant group. The Kandi Group also cites to several out-of-circuit cases that are off the mark. Both *Robb v. Fitbit Inc.*, No. 16-CV-00151-SI, 2016 WL 2654351 (N.D. Cal. May 10, 2016) and *Bruce v. Suntech Power Holdings Co.*, No. CV 12-04061 RS, 2012 WL 5927985 (N.D. Cal. Nov. 13, 2012) are older cases from the Northern District of California that received subsequent negative treatment. The recent trend in the Northern District of California is to reject groups of unrelated investors. In *In re Cloudera, Inc. Sec. Litig.*, No. 19-CV-03221-LHK, 2019 WL 6842021, at *7 (N.D. Cal. Dec. 16, 2019), the court denied the movant group with the largest loss because the group was "comprised of 'unrelated individuals' that have failed to provide more than a conclusory declaration with 'little or no substance.' " In *In re Stitch Fix, Inc. Sec. Litig.*, 393 F. Supp. 3d 833, 835–36 (N.D. Cal. 2019), the court similarly rejected the movant group with the largest loss because its joint declarations were "conclusory and cursory" and failed to demonstrate "the group members, and not the lawyers [were] driving their lead plaintiff application." The movant group appointed in *Oklahoma Law Enf't Ret. Sys. v. Adeptus Health Inc.*, No. 4:17-CV-00449, 2017 WL 3780164 (E.D. Tex. Aug. 31, 2017) demonstrated their cohesion by jointly participating in the related bankruptcy case. The Kandi Group has made no such demonstration.

apart if needed (Dkt. No. 17-4, at 3-4). As discussed earlier, such requests demonstrate lack of cohesion and further demonstrate a lawyer-driven enterprise.

Courts regularly refuse to consider individuals where there are no separate motions for such individual consideration. *Chauhan*, 2021 WL 235890, at *6 ("The PSLRA requires a purported class member who wishes to be considered for the position of lead plaintiff to make a motion, and to make it within the sixty-day window. Neither [individuals] moved to be considered individually as an alternative if their group was rejected, which they should have done if they wished to be considered individually and which would have permitted orderly consideration of their applications viewed individually."); *Jakobsen*, 2019 WL 1522598, at *4 (declining to consider individual members where there were no separate motions); *Takata*, 2018 WL 5801379, at *5 n.5 (rejecting "belated offer to break apart the group" in reply). The PSLRA's text reinforces those requirements.  Under the statute, a court appointing lead plaintiff considers only parties that "ha[ve] either filed the complaint or made a motion."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Requiring district courts to *sua sponte* disaggregate groups competing for lead plaintiff status encourages gamesmanship: It invites law firms to pool their client resources to increase their chance of selection because there is no adverse consequence if the Court concludes that the grouping is improper. The Court should not endorse this strategy.

**CONCLUSION**

For the foregoing reasons, Keating's motion should be granted in its entirety and the competing motion should be denied.

Dated: March 2, 2021                              Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)

5

Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 2, 2021, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


<u>/s/Phillip Kim</u>