**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LEONEL VALDÉS, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KANDI TECHNOLOGIES GROUP, INC., HU XIAOMING, JEHN MING LIM, and ZHU XIAOYING,<br><br>Defendants. | Case No.: 2:20-cv-06042-LDH<br><br>Hon. LaShann DeArcy Hall |

**THE KANDI MOVANTS' REPLY MEMORANDUM OF LAW IN RESPONSE TO COMPETING MOVANT SHAWN KEATING'S OPPOSITION**

# TABLE OF CONTENTS

**Page**

I.     PRELIMINARY STATEMENT ...................................................................................... 1

II.    ARGUMENT.................................................................................................................. 3

    A.     The Kandi Movants Are The Most Adequate Plaintiff Under The PSLRA And Should Be Appointed Lead Plaintiff For The Class ................................................................ 3

        1.    The Kandi Movants Are a Permissible Group ............................................................ 3

        2.    The Kandi Movants Possess the Largest Financial Interest and Otherwise Satisfy Rule 23 ........................................................................................................................... 8

    B.     Keating Has Not Provided Any Proof that the Kandi Movants Do Not Meet Rule 23 Requirements................................................................................................................ 9

III.   CONCLUSION................................................................................................................ 10

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Almendariz v. Onespan Inc., et al.,*
No. 1:20-cv-04906 (N.D. Ill. Oct. 19, 2020) ........................................................................... 2

*Barnet v. Elan Corp.,*
236 F.R.D. 158 (S.D.N.Y. 2005) ............................................................................................... 8

*In re Blue Apron Holdings, Inc. Sec. Litig.,*
*No.* 17-CV-4846-WFK-PK, 2017 WL 6403513 (E.D.N.Y. Dec. 15, 2017) .................. 4, 5, 6, 7

*Brady v. Top Ships, Inc.,*
324 F. Supp. 3d 335 (E.D.N.Y. 2018) ............................................................................... 4, 5, 6

*Brown v. Wirecard AG, et al.,*
No. 2:20-cv-03326-AB (E.D. Pa. Sept. 8, 2020) ....................................................................... 2

*Bruce v. Suntech Power Holdings Co.,*
2012 WL 5927985 (N.D. Cal. Nov. 13, 2012) ........................................................................... 9

*Burnham v. Qutoutiao Inc.,*
No. 20-CV-6707 (SHS), 2020 WL 6484490 (S.D.N.Y. Nov. 4, 2020) ...................................... 9

*In re Cardinal Health, Inc. Sec. Litig.,*
226 F.R.D. 298 (S.D. Ohio 2005) ............................................................................................. 10

*Chahal v. Credit Suisse Grp. AG,*
No. 18-CV-02268-AT-SN, 2018 U.S. Dist. LEXIS 104185 (S.D.N.Y. June 21, 2018) ........... 5

*In re Cheetah Mobile, Inc. Sec. Litig.,*
No. 20-cv-5696-MWF-AFMx, 2021 U.S. Dist. LEXIS 6266 (C.D. Cal. Jan. 12, 2021) .......... 2

*City of Riviera Beach General Employees Retirement System v. Royal Caribbean Cruises Ltd. et al.,*
No. 1:20-cv-24111-KMW  (S.D. Fla. Dec. 7, 2020) ................................................................. 2

*City of Sunrise Firefighter's Pension Fund v. Citigroup Inc. et al.,*
No. 1:20-cv-09132-AJN (S.D.N.Y. Dec. 29, 2020) ................................................................... 2

*Crumrine v. Vivint Solar, Inc.,*
No. 19-CV-5777-FB-JO, 2020 WL 1332111 (E.D.N.Y. Mar. 23, 2020) ................................... 7

*Cullinan v. Cemtrex, Inc.,*
287 F. Supp. 3d 277 (E.D.N.Y. 2018) ....................................................................................... 6

*Emerson v. Genocea Biosciences, Inc.*,
   No. 17-12137-PBS, 2018 WL 839382 (D. Mass. Feb. 12, 2018).............................................. 4

*In re Facebook, Inc.*,
   288 F.R.D. 26 (S.D.N.Y. 2012) ............................................................................................. 10

*Frias v. Dendreon Corp.*,
   835 F. Supp. 2d 1067 (W.D. Wash. 2011) ............................................................................... 9

*Gelt Trading, Ltd. v. Co-Diagnostics, Inc. et al.*,
   No. 2:20-cv-368-CMR (D. Utah Aug. 17, 2020) ...................................................................... 2

*In re Gentiva Sec. Litig.*,
   281 F.R.D. 108 (E.D.N.Y. 2012) ............................................................................................. 4

*Hansen v. Ferrellgas Partners, L.P.*,
    No. 16-CV-7840-RJS, 2017 WL 281742 (S.D.N.Y. Jan. 19, 2017)......................................... 9

*Jiehua Huang v. Airmedia Grp., Inc.*,
   No. 1:15-CV-4966-ALC, 2015 WL 10846763 (S.D.N.Y. Nov. 10, 2015)............................... 2

*Kakkar v. Bellicum Pharm., Inc.*,
   No. 4:18-CV-00338, 2019 WL 1367653 (S.D. Tex. Mar. 26, 2019)........................................ 8

*Kaplan v. Gelfond*,
   240 F.R.D. 88 (S.D.N.Y. 2007) ............................................................................................. 10

*Lawless v. Aurora Cannabis Inc. et al.*,
   1:20-cv-13819-RMB-KMW  (D.N.J. Dec. 1, 2020) ................................................................. 2

*Lee v. iQIYI, Inc.*,
   No. 20-CV-1830-LDH-JO, 2020 WL 6146862 (E.D.N.Y. Oct. 20, 2020)........................... 2, 7

*Lentz v. Citadel Sec. Software, Inc.*,
   C.A. No. 3:05-CV-0100-D, 2005 WL 1249441 (N.D. Tex. May 25, 2005)............................. 9

*Martingano v. Am. Intern. Group, Inc.*,
   No. 06-cv-1625, 2006 WL 1912724 (E.D.N.Y. July 11, 2006)................................................ 4

*Murphy v. JBS S.A.*,
   No. 17-CV-3084, 2017 WL 4480751 (E.D.N.Y. Oct. 6, 2017)............................................ 1, 9

*Okla. Law Enf't Ret. Sys. v. Adeptus Health Inc.*,
   C.A. No. 4:17-CV-00449, 2017 WL 3780164 (E.D. Tex. Aug. 31, 2017)............................... 8

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) ........................................................................................ 2

*Peters v. Jinkosolar Holding Co.*,
2012 WL 946875 (S.D.N.Y. Mar. 19, 2012) ................................................................. 8

*Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*,
275 F.R.D. 187 (S.D.N.Y. June 20, 2011) ................................................................. 10

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*,
229 F.R.D. 395 (S.D.N.Y. 2004) ................................................................. 10

*In re Razorfish, Inc. Sec. Litig.*,
143 F. Supp. 2d 304 (S.D.N.Y. 2001) ................................................................. 10

*Reitan v. China Mobile Games & Ent. Group, Ltd.*,
68 F. Supp. 3d 390 (S.D.N.Y. 2014) ................................................................. 9

*Robb v. Fitbit Inc.*,
2016 WL 2654351 (N.D. Cal. May 10, 2016) ................................................................. 8

*Silverberg v. Dryships Inc.*,
No. 17-CV-4547-SJF-ARL, 2018 WL 10669653 (E.D.N.Y. Aug. 21, 2018) ................................. 4

*Simmons v. Spencer*,
No. 13-cv-8216-RWS, 2014 WL 1678987 (S.D.N.Y. Apr. 24, 2014) ................................. 3, 6

*In re Snap Inc. Sec. Litig*,
2019 WL 2223800 (C.D. Cal. Apr. 1, 2019) ................................................................. 5

*Solis v. Lexinfintech Holdings Ltd, et al.*,
No. 3:20-cv-01562-SI (D. Or. Nov. 9, 2020) ................................................................. 2

*Stein v. Match Grp., Inc.*,
No. 3:16-cv-549-L, 2016 WL 3194334 (N.D. Tex. June 9, 2016) ................................. 8

*Weltz v. Lee*,
199 F.R.D. 129 (S.D.N.Y. 2001) ................................................................. 4

*White Pine Investments v. CVR Refining, LP*,
20-cv-2863-AT, 2021 WL 38155 (S.D.N.Y. Jan. 5, 2021) ................................................................. 5, 8

*Woburn Ret. Sys. V. Omnivision Techs., Inc.*,
2012 U.S. Dist. LEXIS 21590 (N.D. Cal. Feb. 21, 2012) ................................................................. 9

## Statutes

15 U.S.C. §78u-4 ................................................................................................... 1, 3, 9

## Rules

Fed. R. Civ. P. 23 ................................................................................................... passim

Lead Plaintiff movants Manfred Schumacher, Mohammad Fakir, and Kasser Akil (the "Kandi Movants") respectfully submit this memorandum of law in further support of their motion for appointment as Lead Plaintiff and in reply to the opposition filed by the only other remaining lead plaintiff movant, Shawn Keating ("Keating").  ECF No. 39 (the "Keating Opp").  For the reasons below, and in their prior briefing, the Kandi Movants' motion should be granted and Keating's motion should be denied.

## I.      PRELIMINARY STATEMENT

The Kandi Movants' losses are over ***four and a half times greater*** than Keating's losses.  Keating does not dispute that the Kandi Movants suffered the largest losses of any movant, nor does he dispute that Schumacher and Fakir each individually have larger losses than he does.  Thus, the Kandi Movants have demonstrated they have the largest financial interest in this action by a wide margin.  The Kandi Movants have also demonstrated their *prima facie* adequacy and typicality under Rule 23.  All of the other movants except Keating, including two other movants with larger losses than Keating, have withdrawn their motions in apparent recognition that the Kandi Movants are the "most adequate" plaintiffs to lead the proposed Class.

Keating alone opportunistically opposes the Kandi Movants' motion by conclusory rank speculation that the Kandi Movants are somehow inadequate because they are a purported lawyer driven group.  But Keating's opposition falls far short of the actual "proof" required under the PSLRA to rebut the "strong presumption" in favor of appointing the Kandi Movants as Lead Plaintiff.  The law is well established that speculation and conclusory arguments cannot rebut the strong presumption in the Kandi Movants' favor.  15 U.S.C. §78u-4(a)(3)(B)(iii)(II); *Murphy v. JBS S.A.,* No. 17-CV-3084, 2017 WL 4480751, at *5 (E.D.N.Y. Oct. 6, 2017) ("Exacting proof is needed to rebut the [lead plaintiff] presumption. Conclusory assertions and

mere speculation will not suffice."); *Jiehua Huang v. Airmedia Grp., Inc.,* No. 1:15-CV-4966 (ALC), 2015 WL 10846763, at *2-3 (S.D.N.Y. Nov. 10, 2015) ("'speculative and hypothetical' allegations should not prevent the appointment of a lead plaintiff") (quoting *In re Olsten Corp. Sec. Litig.,* 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998)).  Further, as Keating's counsel regularly makes lead plaintiff motions for small group movants, including in this District, Keating's opposition must be viewed as disingenuous at best.  *See e.g. In re Cheetah Mobile, Inc. Sec. Litig.,* No. 20-cv-5696-MWF-AFMx, 2021 U.S. Dist. LEXIS 6266, at *12 (C.D. Cal. Jan. 12, 2021); *Lee v. iQIYI, Inc.,* No. 20-CV-1830-LDH-JO, 2020 WL 6146862, at *3 (E.D.N.Y. Oct. 20, 2020).[1]

The Kandi Movants are a small, cohesive group of three similarly-situated sophisticated investors who have handily demonstrated Rule 23's *prima facie* adequacy requirement by: (i) having the largest financial interest at stake, indicating that they will litigate vigorously to recover the Class' losses; (ii) having no interests that are antagonistic to the Class; (iii) retaining experienced counsel for the Class; (iv) timely filing a motion seeking to represent the Class; and (v) executing and submitting a detailed Joint Declaration explaining their reasons for coming together and plans for prosecuting the Action efficiently and effectively (ECF No. 17-4). Through their Joint Declaration, the Kandi Movants have further demonstrated that they have communicated and coordinated with one another prior to filing their motion and will continue to do so regularly to prosecute this Action; that they understand and are willing to undertake the responsibilities of Lead Plaintiff under the PSLRA to act as fiduciaries for the Class, and that

---

[1] See also *City of Sunrise Firefighter's Pension Fund v. Citigroup Inc. et al.,* No. 1:20-cv-09132-AJN, Dkt. 18 (S.D.N.Y. Dec. 29, 2020); *City of Riviera Beach General Employees Retirement System v. Royal Caribbean Cruises Ltd. et al.,* No. 1:20-cv-24111-KMW, Dkt. 12 (S.D. Fla. Dec. 7, 2020); *Lawless v. Aurora Cannabis Inc. et al.,* 1:20-cv-13819-RMB-KMW, Dkt. 16 (D.N.J. Dec. 1, 2020); *Solis v. Lexinfintech Holdings Ltd, et al.,* No. 3:20-cv-01562-SI, Dkt. 16 (D. Or. Nov. 9, 2020); *Almendariz v. Onespan Inc., et al.,* No. 1:20-cv-04906, Dkt. 18 (N.D. Ill. Oct. 19, 2020); *Brown v. Wirecard AG, et al.,* No. 2:20-cv-03326-AB, Dkt. 10 (E.D. Pa. Sept. 8, 2020); *Gelt Trading, Ltd. v. Co-Diagnostics, Inc. et al.,* No. 2:20-cv-368-CMR, Dkt. 31 (D. Utah Aug. 17, 2020).

they are prepared to prosecute this Action diligently on behalf of the Class. Accordingly, the Kandi Movants have more than sufficiently demonstrated their *prima facie* Rule 23 adequacy, which is a relatively low burden at this stage, and there simply is no proof to rebut the strong presumption in favor of appointing the Kandi Movants as Lead Plaintiff.

Thus, the Kandi Movants' motion should be granted and Keating's motion should be denied.

## II. ARGUMENT

### A. The Kandi Movants Are The Most Adequate Plaintiff Under The PSLRA And Should Be Appointed Lead Plaintiff For The Class

#### 1. The Kandi Movants Are a Permissible Group

The Kandi Movants are a small, cohesive group of three similarly-situated and sophisticated investors with substantial losses, which is a perfectly permissible group under the PSLRA, and the very type of group that courts in this and other Circuits routinely entrust to lead securities class actions of this kind. Under the PSLRA, there is a strong presumption that the "person or **group of persons** that . . . has the largest financial interest in the relief sought by the class" is the "most adequate plaintiff." 15 U.S.C. §78u-4(a)(3)(B)(iii) (emphasis added). Moreover, District Courts in this Circuit routinely appoint groups to serve as lead plaintiff where, like here, the group is small, therefore presumably cohesive, and where there has been a showing of a willingness and ability to manage the litigation. *See Simmons v. Spencer*, No. 13-cv-8216-RWS, 2014 WL 1678987, at *5 (S.D.N.Y. Apr. 24, 2014) ("[a] group consisting of persons that have no pre-litigation relationship may be acceptable as a lead plaintiff candidate so long as the group is relatively small, such as here with only five members, and therefore presumptively

3

cohesive."); *Silverberg v. Dryships Inc.,* No. 17-CV-4547-SJF-ARL, 2018 WL 10669653, at *7 (E.D.N.Y. Aug. 21, 2018) (appointing lead plaintiff group).[2]

Keating opposes the Kandi Movants' motion by arguing in pure conclusory fashion that the Kandi Movants are a lawyer-driven group, and that their Joint Declaration is "boilerplate" and thus insufficient.  Keating's arguments, which are opportunistic and disingenuous at best, utterly fail to rebut the strong presumption in favor of appointing the Kandi Movants as Lead Plaintiff.  *Brady v. Top Ships, Inc.,* 324 F. Supp. 3d 335, 346 (E.D.N.Y. 2018).

The Kandi Movants have handily satisfied their *prima facie* adequacy requirement, which is a relatively low burden at the lead plaintiff stage.  *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y. 2012) ("At this stage of the litigation, the moving party 'need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23.'") (citing *In re Olsten Corp. Sec. Litig.,* 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998)); *Martingano v. Am. Intern. Group, Inc.,* No. 06-cv-1625, 2006 WL 1912724 at *4 (E.D.N.Y. July 11, 2006) ("wide-ranging analysis under Rule 23 is not appropriate at this initial stage of the litigation and should be left for consideration of a motion for class certification"). In addition to asserting the largest financial interest, having no conflicts with the Class, and retaining experienced counsel for the Class, the Kandi Movants have submitted a detailed Joint Declaration with their motion that further demonstrates their adequacy, and refutes the conclusory "lawyer-driven" arguments made by Keating.[3]  *See, e.g.*, *White Pine Investments v. CVR Refining, LP,* 20-cv-2863-AT, 2021

---

[2] *See also In re Blue Apron Holdings, Inc. Sec. Litig.,* 17-CV-4846-WFK-PK, 2017 WL 6403513, at *4 (E.D.N.Y. Dec. 15, 2017) (appointing group as lead plaintiff where not so "large as to be unwieldly and impracticable, and [] avers it is prepared to work cooperatively to serve the best interests of the class."); *Emerson v. Genocea Biosciences, Inc.,* No. 17-12137-PBS, 2018 WL 839382, at *2 (D. Mass. Feb. 12, 2018) (courts generally permit the "aggregation of unrelated plaintiffs"); *Weltz v. Lee,* 199 F.R.D. 129, 133 (S.D.N.Y. 2001) (appointing a group and recognizing that "appointing a group of people as co-lead plaintiffs is allowable under the PSLRA").

[3] Not only is the evidence of cohesion submitted thus far by the Kandi Movants sufficient proof of their adequacy, but much lesser showings have been found sufficient to justify the appointment of a lead plaintiff group (including

WL 38155, at *3-5 (S.D.N.Y. Jan. 5, 2021) (appointing group of two movants who submitted a detailed joint declaration and finding "[t]hese sort of concrete commitments and plans for cooperation have been found to be positive indications that a group will act cohesively." (collecting cases)); *Brady,* 324 F. Supp. 3d at 346 (relying on joint declaration to find proposed group "is not the type of lawyer-driven group that other courts have cautioned against approving"); *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-02268-AT-SN, 2018 WL 3093965, at *6 (S.D.N.Y. June 21, 2018) (relying on initial and supplement declaration that prove "the group is sufficiently involved to allay any concerns that it will not exercise control over its counsel" and noting that "courts have appointed similar groups as lead plaintiffs upon submission of sworn declarations").

The Joint Declaration submitted by the Kandi Movants explains that they are three sophisticated investors with a combined 44 years of investing experience, how the Kandi Movants came together, and their plans for efficiently and effectively managing the Action. *See* ECF No. 17-4. Moreover, the Joint Declaration demonstrates, *inter alia*, the Kandi Movants' decision to join together prior to moving for Lead Plaintiff, that the members have communicated with one another and with their counsel, a mechanism for resolving potential disputes, and the members' dedication to staying informed and driving the litigation. *Sequans,* 289 F. Supp. 3d at 424 (submission of joint declaration with moving papers "provides sufficient assurances that the [] investors are capable of working together if chosen as Lead Plaintiffs");

showings made by Keating's counsel here).  *See, e.g*., *Brady*, 324 F. Supp. 3d at 346 (appointing an investor group that submitted a joint declaration which failed to identify any members by name except in individual signature pages attached at the end); *Sequans*, 289 F. Supp. 3d at 416 (appointing Pomerantz LLP and **The Rosen Law Firm ("Rosen")**, Keating's counsel here, as co-lead counsel even where one group member's certification only authorized one firm (Rosen) to file a complaint and the other group member's certification failed to reference any law firm); *Blue Apron,* 2017 WL 6403513, at *4 (appointing an investor group, represented by co-lead counsel, including **Rosen**, that filed a joint declaration only in the response papers); *In re Snap Inc. Sec. Litig,* 2019 WL 2223800, at *4 (C.D. Cal. Apr. 1, 2019) (appointing lead plaintiff based on "joint declaration, which establishe[d] the members' commitment to vigorously pursue the litigation, to oversee counsel to ensure the case is efficiently litigated in the class's best interests, to work collaboratively, and to proceed quickly").

*Blue Apron,* 2017 WL 6403513, at \*4 (finding group which submitted a declaration "aver[ring] it is prepared to work cooperatively" to be "qualified to serve as lead plaintiffs on the basis of their representations to the Court"); *Simmons*, 2014 WL 1678987, at \*5 ("A group consisting of persons that have no pre-litigation relationship may be acceptable as a lead plaintiff candidate so long as the group is relatively small, such as here with only five members, and therefore presumptively cohesive.") (citations omitted).

Beyond their sophistication and ability to serve as Lead Plaintiff, the Joint Declaration also details the Kandi Movants' communication thus far and plans for coordination in the future including: (i) the decision to join together and serve as Lead Plaintiff as a group; (ii) a strategy for prosecuting the Action; (iii) the importance of joint-decision making and remaining in communication to discuss and make timely decisions; (iv) a tie-breaking mechanism in the unlikely event there is a disagreement among the group's members; and (v) the overall driving directive that the litigation be conducted in an efficient and effective manner by counsel. Joint Decl. at ¶¶9-13. *See Cullinan v. Cemtrex, Inc.*, 287 F. Supp. 3d 277, 286 (E.D.N.Y. 2018) (appointing a group as lead plaintiff where filings indicate the "group members' plans for cooperation and involvement in the litigation."); *Brady,* 324 F. Supp. at 346 (relying on joint declaration detailing "plans for cooperation and coordination" to find proposed group "is not the type of lawyer-driven group that other courts have cautioned against approving."); *Sequans,* 289 F. Supp. 3d at 424 (submission of joint declaration with moving papers "provides sufficient assurances that the [] investors are capable of working together if chosen as Lead Plaintiffs."). The Kandi Movants' Joint Declaration is thus far from "boilerplate" or insufficient as Keating claims. It is the type of Joint Declaration that courts in this and other Circuits routinely accept in approving group movants like the Kandi Movants.

6

Moreover, the Kandi Movants have been entirely candid with the Court that they are a small group of unrelated investors.  Keating baldly argues that the Movants did not provide "any information regarding how these […] apparent strangers […] found each other". Keating Opp. at 4. That is false.  The Kandi Movants clearly stated in their Joint Declaration that "counsel informed [the movants] about one another….[and] each expressed a desire to speak to one another," and  "each [movant] independently contacted and retained our respective law firms to represent us in the Action." ECF No. 17-4 at ¶ 7.  This is the first time that each of the Kandi Movants is seeking appointment as lead plaintiff in a securities class action, and each of them independently expressed a desire to collaborate with other similarly-situated and sophisticated investors with similarly-sized losses. After learning more about one another, and communicating, the members of the Kandi Movants felt confident that by moving together their diverse, but sophisticated backgrounds could only benefit the Class in this Action.

Although Keating would lead the Court to believe that there is a "recent trend… to reject unrelated groups", he fails to cite even one case in this District to support his claim. *See* Keating Opp. at p. 3.[4] *See contra Crumrine v. Vivint Solar, Inc.,* No. 19-CV-5777-FB-JO, 2020 WL 1332111, at *1 (E.D.N.Y. Mar. 23, 2020) (appointing group of unrelated investors as lead plaintiff); *Blue Apron,* 2017 WL 6403513, at *4. Further, Keating's counsel, Rosen, is acutely aware of unrelated investors recently being appointed in this jurisdiction as Rosen was appointed co-lead counsel, representing a group of unrelated investors less than six months ago in this District.  *See Lee*, 2020 WL 6146862, at *3.

---

[4] In fact, Keating managed to cite only one opinion from the Eastern District of New York in his entire opposition brief.

7

### 2. The Kandi Movants Possess the Largest Financial Interest and Otherwise Satisfy Rule 23

The record is clear that the Kandi Movants have the largest financial interest and Keating concedes to this fact. *See* Keating Opp. at p. 1. Not only do the Kandi Movants collectively have the largest losses, movants Schumacher and Fakir, each possess the first and second largest losses out of all the lead plaintiff movants.

Contrary to Keating's claims, the Kandi Movants were not "cobbled together" to create a large enough grouping to qualify as Lead Plaintiff because aggregation of the Kandi Movants was unnecessary to determine the presumptive Lead Plaintiff. Schumacher and Fakir each alone has losses sufficient to trigger the Lead Plaintiff presumption over Keating. Many courts routinely appoint groups of investors if the group contains the largest individual loss. *See White Pine Inves.,* 2021 U.S. Dist. 1199, at * 5 ("[E]ach Movant individually has a larger financial interest than the other proposed lead plaintiffs. This gives some indication that they were not aggregated simply to create the largest claim.") (citing *Peters v. Jinkosolar Holding Co.*, 2012 WL 946875, at *8-9 (S.D.N.Y. Mar. 19, 2012) ("[W]here the group comprises the class members with, far and away, the largest financial interest of any individual or group that has otherwise come forward, then the policy is not disserved by allowing those individuals to join together.")); *Barnet v. Elan Corp.,* 236 F.R.D. 158, 163 (S.D.N.Y. 2005) (appointing unrelated group where there was no evidence of bad faith and "even were the Court to deconstruct the Group, two of its individual members would still have the largest financial interest").[5]

---

[5] *See also Kakkar v. Bellicum Pharm., Inc.,* No. 4:18-CV-00338, 2019 WL 1367653, at *4 (S.D. Tex. Mar. 26, 2019) (appointed unrelated group of four investors as lead plaintiff when one member had the largest loss of all movants); *Okla. Law Enf't Ret. Sys. v. Adeptus Health Inc.,* C.A. No. 4:17-CV-00449, 2017 WL 3780164, at *6 (E.D. Tex. Aug. 31, 2017) (appointing a group of investors as lead plaintiff when two of the group members had the largest individual losses); *Stein v. Match Grp., Inc.,* No. 3:16-cv-549-L, 2016 WL 3194334, at *4 (N.D. Tex. June 9, 2016); *Robb v. Fitbit Inc.,* 2016 WL 2654351, at *5 (N.D. Cal. May 10, 2016) (courts are more willing to appoint a group of unrelated investors if the group contains an individual investor that would otherwise be entitled to the status as presumptive lead plaintiff) (citing *Bruce v. Suntech Power Holdings Co.,* 2012 WL 5927985, at *2 (N.D.

As demonstrated in their opening motion and opposition brief, the Kandi Movants have satisfied the typicality and adequacy requirements of Rule 23. *See* ECF Nos. 16, 40. The Kandi Movants relied on Kandi's misrepresentations, lost money as a result, and now seek to recover it. Further, the Kandi Movants have no conflicts with other Class Members, and their interests are aligned with the Class's interests of maximizing a recovery for the Class. *Reitan v. China Mobile Games & Ent. Group, Ltd.*, 68 F. Supp. 3d 390, 400 (S.D.N.Y. 2014). As discussed *supra*, the Kandi Movants likewise submitted a detailed Joint Declaration further demonstrating their adequacy to lead the Class here. The Movants indisputably have both the largest collective, and two largest individual financial interests of all movants so their "vigorous advocacy" is therefore duly ensured. *Burnham v. Qutoutiao Inc.*, No. 20-CV-6707-SHS, 2020 WL 6484490, at *3 (S.D.N.Y. Nov. 4, 2020).

For these reasons, the Kandi Movants are entitled to the PSLRA's "strong presumption" of being the most adequate plaintiff. *See Hansen v. Ferrellgas Partners, L.P.*, 16-CV-7840 (RJS), 2017 WL 281742, at *5 (S.D.N.Y. Jan. 19, 2017) ("[a]ccordingly, because the Batai Group was a timely movant, holds the largest financial interest, and satisfies Rule 23's requirements, the group is presumptively the "most adequate plaintiff.").

### B.     Keating Has Not Provided Any Proof that the Kandi Movants Do Not Meet Rule 23 Requirements.

Keating can only rebut the strong "most adequate plaintiff" presumption with ***actual proof*** that the Kandi Movants are atypical or inadequate. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II); *Murphy,* 2017 WL 4480751, at *5-6 ("Exacting proof" necessary to rebut the presumption as "[c]onclusory assertions and mere speculation will not suffice."); *In re Facebook, Inc.,* 288

Cal. Nov. 13, 2012)); *Woburn Ret. Sys. V. Omnivision Techs., Inc.,* 2012 U.S. Dist. LEXIS 21590, at *13 (N.D. Cal. Feb. 21, 2012); *Frias v. Dendreon Corp.,* 835 F. Supp. 2d 1067, 1074 (W.D. Wash. 2011); *Lentz v. Citadel Sec. Software, Inc.,* C.A. No. 3:05-CV-0100-D, 2005 WL 1249441, at *2 (N.D. Tex. May 25, 2005).

F.R.D. 26, 40 (S.D.N.Y. 2012) ("[E]xacting proof" needs be put forward to rebut the presumption in favor of the lead plaintiff); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.,* 229 F.R.D. 395, 412 (S.D.N.Y. 2004); *Kaplan v. Gelfond,* 240 F.R.D. 88, 92, 94-95 (S.D.N.Y. 2007).

Keating has failed to provide any exacting proof to rebut this strong presumption. Accordingly, the Kandi Movants should be appointed Lead Plaintiff, and Keating's motion should be denied.[6]

### III.    CONCLUSION

For the foregoing reasons, the Kandi Movants respectfully request that the Court grant their Motion and enter an Order: (1) appointing Schumacher, Fakir, and Akil, as Lead Plaintiffs, (2) approving their selection of Bernstein Liebhard and Levi & Korsinsky as Co-Lead Counsel for the Class, (3) denying all other competing motions.; and (4) granting such other relief as the Court may deem just and proper.

Dated: March 2, 2021                                Respectfully Submitted,

                                                   **LEVI & KORSINSKY, LLP**

                                                   */s/ Shannon L. Hopkins*
                                                   Shannon L. Hopkins (SH-1887)
                                                   55 Broadway, 10th Floor
                                                   New York, NY 10006
                                                   Tel: (212) 363-7500

---

[6] The Kandi Movants reiterate that it is a perfectly appropriate group under the PSLRA that this Court can and should appoint as Lead Plaintiff here. Nevertheless, in the event this Court prefers not to appoint a group, the Court can appoint the Kandi Movants individually. *In re Razorfish, Inc. Sec. Litig.,* 143 F. Supp. 2d 304, 306 (S.D.N.Y. 2001) (selecting single member of proposed group to serve as lead plaintiff). The Court should reject Keating's argument that the Court does not have the authority to break up the Kandi Movants if the Court so wishes. *See Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.,* 275 F.R.D. 187, 192 (S.D.N.Y. June 20, 2011) (quoting *In re Cardinal Health, Inc. Sec. Litig.,* 226 F.R.D. 298, 308 (S.D. Ohio 2005) ("A group vying for lead plaintiff status does not necessarily rise and fall as a group.").

Fax: (212) 363-7171
Email: shopkins@zlk.com

**BERNSTEIN LIEBHARD LLP**
Laurence J. Hasson
Matthew E. Guarnero
10 East 40th Street
New York, NY 10016
Tel: (212) 779-1414
Fax: (212) 779-3218
Email: lhasson@bernlieb.com
      mguarnero@bernlieb.com

*Co-Lead Counsel for Schumacher, Fakir,
and Akil and [Proposed] Lead Counsel for
the Class*

11