UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------x
                                        20-CV-6042(LDH)
LEONEL VALDES, et al.,

                                        United States Courthouse
          Plaintiffs,                   Brooklyn, New York

          -versus-                      September 29, 2022
                                        1:30 p.m.
KANDI TECHNOLOGIES GROUP,
INC., ET AL,

          Defendants.

------------------------------x

          TRANSCRIPT OF CIVIL CAUSE FOR STATUS CONFERENCE
             BEFORE THE HONORABLE LASHANN DEARCY HALL
                          DISTRICT JUDGE


APPEARANCES


For the Plaintiff:          LEVI KORSINSKY, LLP
                            BY:  DANIEL TEPPER, ESQ.
                                 CORREY SUK, ESQ.
                                 STEPHANIE BEIGE, ESQ.


For the Defendant:          TARTER, KRINSKY & DROGIN LLP
                            BY:  RICHARD LOMUSCIO, ESQ.


Court Reporter:             Rivka Teich, CSR, RPR, RMR, FCRR
                            Phone:  718-613-2268
                            Email:  RivkaTeich@gmail.com

Proceedings recorded by mechanical stenography.  Transcript
produced by computer-aided transcription.

STATUS CONFERENCE

(Telephone conference.)

THE COURTROOM DEPUTY:  All Rise.  Civil cause for a status conference, docket 20-CV-6042, Valdez versus Kandi Technologies Group, Inc. et al.

Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings.  Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.

Please state your appearance.

MR. TEPPER:  Good afternoon.  Daniel Tepper, we are co-lead counsel for lead plaintiffs Akil, Schumacher and Fakir, with me is my colleague Correy Suk.

MS. BEIGE:  Good afternoon.  Stephanie Beige, co-lead for the plaintiff Schumacher.

MR. LOMUSCIO:  Good afternoon, your Honor.  Richard Lomuscio of behalf of the defendants, and with my colleague Juan Olivo (ph).

THE COURT:  Good afternoon to you all as well.  So, folks, as you know the Court has been entertaining a motion to dismiss this matter that was briefed by the parties.  I can't remember off the top of my head whether it was fully briefed.  But as you also know -- February that's correct.  Thank you --

*Rivka Teich CSR RPR RMR FCRR*
*Official Court Reporter*

STATUS CONFERENCE

the parties provided to the Court supplemental authority mid September.  The defendants responded September 21.

The defendants response I think suggests, one, I didn't ask grant leave for supplemental briefing there is a recognition of that.  But it also may suggest that the defendants do not believe that the supplemental authority raises for the Court the questions that it has.  I'd like to be able to sit with the authority here, the arguments that were made by my colleague in the Southern District, in making a determination that there was scienter, I think the scienter issue is the paramount issue.  I don't believe the plaintiff raised this scienter argument, or cast the scienter argument rather, in the same way in which it was cast before my colleague, though scienter was raised by the defendant as the basis for dismissal and argued by the plaintiff.

What I want here, folks, is a brief additional submission, no greater than five pages on each side on the scienter issue.

The defendants in their submission to this Court on the 21st indicated that one of the defendants was from the Southern District case, suggesting that even in the view of that Court, that with respect to I think it was defendant My (ph) scienter wasn't sufficiently pleaded.  I'd like for you all to set this out for me in a supplemental submission.  I think it's worthy of consideration.  I do not think that the

STATUS CONFERENCE

argument can be rejected outright as inapplicable to this case.

With that said, I have my own administrative constraints and the supplemental authority having been put before me creates an administrative challenge for me, as it had been the Court's intent to resolve this no later than the end of this month.  It's not feasible for me to do so.  What I'd like to do, so that I can address what I need to do and give the parties, particularly the defendants in this case, an opportunity to provide the Court more than it did, in effect, one-paragraph submission.

So what I want to do is terminate this motion, allow you all to refile it as it, but only with an inclusion of an additional five-page supplement consistent with the Court's direction here today.  And then the Court will be able to consider that and make a determination on the motion to dismiss.  Are you following?

MR. TEPPER:  Yes, your Honor.

MR. LOMUSCIO:  Yes, your Honor.

THE COURT:  I'm going to terminate the motion.  You all will refile the motion again without change to the motion as it was filed, only with an additional five pages of supplemental briefing with respect to the scienter issue, particularly motive and opportunity.

Defendant, tell me how much time do you need and

*Rivka Teich CSR RPR RMR FCRR*
*Official Court Reporter*

want?

MR. LOMUSCIO:  Your Honor, we would be fine with two weeks, your Honor, if that is amenable to the Court.

THE COURT:  It's amenable to the Court.  That puts us at October 13, am I right?

MR. LOMUSCIO:  I believe so, your Honor, yes.

THE COURT:  All right.  Then plaintiff, you get two weeks thereafter, that is October 27.

It is my intention to render a determination soon thereafter.  Again, the Court was poised to issue a decision in this case, but I think I would be remiss if I didn't seriously consider all of the arguments that are attended to the motive and opportunity issue, particular as it was raised by my colleague in the Southern District.  Of course, the authority is not binding on this Court, it is merely persuasive, but it is worth a look-see and I'd like to hear from the defendants.  All right?

MR. LOMUSCIO:  That's fine, your Honor.  We'll resubmit everything on the 13th with the additional five-page supplemental.

Defendant.

THE COURT:  I appreciate that I am looking forward to your submissions.  I would like to drill down on this motive and opportunity issue, if I could.

MR. TEPPER:  Administratively, is it the Court's

6

STATUS CONFERENCE

intention for a new set of courtesy copies to be submitted all at once?

THE COURT:  No, no, no, please no.  You don't have to do any courtesy coping of anything.  We can handle the five pages; but I do appreciate the question.

MR. TEPPER:  Very good.  Defendants will E-file their submission, and two weeks later we'll E-file our five-page letter.

THE COURT:  Yes.  And I'll rely on the prior submissions from the last time it was filed.  But the Court will render an opinion that views the submissions collectively; meaning, those that were previously filed and those that were recently filed.

But I do need a new notice of motion to send that.

MR. LOMUSCIO:  No problem, your Honor.  Just so I don't screw up the electronic filing, on the 13th you need a new notice of motion, five-page supplement, but you do not need us to refile the underlying the prior papers.

THE COURT:  Yes.  I don't need them again.  I have them, we looked at them.  I just need made it clear that the Court's decision here will be a decision rendered based on collectively on the submissions that were made previously as well as the supplement.  And maybe out of an abundance of caution, so the record is clear, in a footnote in your five-page supplement you can say the Court directed the

*Rivka Teich CSR RPR RMR FCRR*
*Official Court Reporter*

7

STATUS CONFERENCE

parties only file this... so the record is clear.  I don't think I'm going anywhere but --

MR. LOMUSCIO:  I appreciate that, your Honor.  I wanted to make sure that we made your life easier and not more administratively complicated.

MR. TEPPER:  We'll file our answer thereafter.

THE COURT:  I appreciate it.  This certainly will allow for me to address my own administrative concerns if you're a clerk you know what the CJAR list is.

I do assure you, gentlemen and ladies, I think there at least one woman who noted her appearance, we will render a decision shortly thereafter.  I don't want you to believe that this will cause significant delay in resolving the motion. All right?

MR. LOMUSCIO:  Thank you, your Honor.

MR. TEPPER:  Thank you.

MS. BEIGE:  Thank you.

(Whereupon, the matter was concluded.)

                    *    *    *    *    *

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.


*/s/ Rivka Teich*
Rivka Teich, CSR RPR RMR FCRR
Official Court Reporter
Eastern District of New York


*Rivka Teich CSR RPR RMR FCRR*
*Official Court Reporter*